ALISON K. BEANUM, State Bar No. 221968
*alison.beanum@clydeco.us*
DOUGLAS J. COLLODEL, State Bar No. 112797
*douglas.collodel @clydeco.us*
CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:   (213) 358-7600
Facsimile:   (213) 358-7650

LATISHA V. THOMPSON, admitted *pro hac vice*
lthompson@morrisoncohen.com
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Telephone: (212) 735-8600

Attorneys for Defendants
GOLI NUTRITION, INC. a
CANADIAN CORPORATION, GOLI
NUTRITION INC., a DELAWARE
CORPORATION, DEEPAK AGARWAL,
RANDY BITENSKY, and MICHAEL BITENSKY

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODELYA HOFFMAN; RGL MANAGEMENT LLC, A LIMITED LIABILITY COMPANY; RGL HOLDINGS LLC, A LIMITED LIABILITY COMPANY; AND VITAMIN FRIENDS LLC, A LIMITED LIABILITY COMPANY,<br><br>          Plaintiffs,<br><br>     v.<br><br>GOLI NUTRITION, INC., (A CANADIAN CORPORATION); GOLI NUTRITION INC, (A DELAWARE CORPORATION); 12416913 CANADA INC.; DEEPAK AGARWAL; MICHAEL BITENSKY; RANDY BITENSKY; VMG PARTNERS; VMG PARTNERS IV, LP; VMG PARTNERS MENTORS CIRCLE IV L.P.; WAYNE WU; JONATHAN MARSHALL; MERICAL INC.; AND ROGER TYRE,<br><br>          Defendants. | Case No. 2:23-cv-06597<br>[Assigned to U.S.D.J. Christina A. Snyder and U.S.M.J. Maria A. Audero]<br><br>**DEFENDANTS DEEPAK AGARWAL, RANDY BITENSKY, AND MICHAEL BITENSKY'S MOTION FOR RULE 11 SANCTIONS, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      July 8, 2024<br>Time:     10:00 A.M.<br>Ctrm:     8D<br>Judge:   Hon. Christina A. Snyder<br><br>Initial Complaint filed: August 11, 2023 |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

I.   INTRODUCTION ...............................................................................1

II.  BACKGROUND ..................................................................................4

   A.   History of the Pleadings.................................................4

   B.   The Amended Complaint's Allegations Aimed At Randy Are WhollyImproper and Brought for Harassment Purposes ..................................................................6

   C.   Counsel for the Goli Defendants Notifies Plaintiff's Counsel of His Rule 11 Violations .................................7

III. LEGAL STANDARD.........................................................................8

IV.  ARGUMENT .....................................................................................10

   A.   Plaintiffs' Counsel Knows or Should Know that Plaintiffs Lack Standing to Bring the RICO, Fraudulent Misrepresentation, and Breach of Fiduciary Duty Claims .........10

   B.   Counsel Knows, or Should Have Known That Naming Goli's In-House Counsel As A Defendant Is Frivolous. ............14

   C.   Plaintiffs Added Randy as a Defendant in the Amended Complaint to Harass Her and the Other Goli Defendants .........15

   D.   Plaintiffs' Counsel Knows, or Should Have Known, That Other Claims in the Amended Complaint Have No Basis in Law or Fact ................................................................16

      1.   Fraudulent Misrepresentation...........................................16

      2.   Breach of fiduciary duty.................................................17

      3.   Intentional Infliction of Emotional Distress.....................18

   E.   The Court Should Impose Sanctions and Order Plaintiffs' Counsel to Pay the Goli Defendants' Reasonable Attorneys' Fees and Costs .........................................20

V.   CONCLUSION...................................................................................21

37236550

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alcorn v. Anbro Eng'g, Inc.*,
   2 Cal.3d 493 (1970) ............................................................................... 18

5

6

*Alta Devices, Inc. v. LG Elecs., Inc.*,
   343 F. Supp. 3d 868 (N.D. Cal. 2018) ..................................................... 14

7

8

*Buster v. Greisen*,
   104 F.3d 1186 (9th Cir.1997) .................................................................. 16

9

10

*Cabrera v. Countrywide Fin.*,
   No. C 11-4869 SI, 2012 WL 5372116
   (N.D. Cal. Oct. 30, 2012) ................................................................. 11, 12

11

12

*Carroll Shelby Wheel Co., Inc. v. Carroll Shelby Tr.*,
   No. 15-cv-03859 (JAK) (JPR),
   2017 WL 3485760 (C.D. Cal. Feb. 21, 2017) ........................................... 4

13

14

*Carson Cheng v. AIM Sports, Inc.*,
   No. CV10-3814 PSG (PLA),
   2012 WL 12953239 (C.D. Cal. May 11, 2012) ....................................... 17

15

16

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ................................................................. 9

17

18

*Collins v. Daniels*,
   916 F.3d 1302 (10th Cir. 2019) .............................................................. 14

19

20

*Corrigan v. Dale*,
   401 F. App'x 233 (9th Cir. 2010) ............................................................ 16

21

22

*Daroya v. Daroya-Lushina*,
   No. CV 22-02695-RSWL-JC,
   2022 WL 17670414 (C.D. Cal. Dec. 12, 2022) ...................................... 20

23

24

25

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) .................................................................. 16

26

27

*Est. of Blue v. Cnty. of L.A.*,
   120 F.3d 982 (9th Cir. 1997) .................................................................... 9

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

THE GOLI DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

*Gerard v. Wells Fargo Bank, N.A.*,
  No. CV14-03935 ................................................................................................ 20

*Grant v. State Farm Life Ins. Co.*,
  No. CIV.S-05-2389 (FCD) (KJM)
  2007 WL 3119738 (E.D. Cal. Oct. 23, 2007) ..................................................... 11

*Griffin v. Allstate Ins. Co.*,
  920 F.Supp. 127 (C.D. Cal. 1996) ...................................................................... 13

*Hensley v. Caietti*,
  13 Cal.App.4th 1165 (3d Cal. 1993) ..................................................................... 7

*Hilliard v. Harbour*,
  12 Cal.App.5th 1006 (1st D. Cal. 2017) .............................................................. 10

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) ................................................................................. 9

*Inter-Cnty. Res., Inc. v. Med. Res., Inc.*,
  49 F.Supp.2d 682 (S.D.N.Y. 1999) ..................................................................... 14

*Kamal v. Eden Creamery*,
  LLC, No. 18-cv-01298-BAS-AGS
  2019 WL 2617041 (S.D. Cal. June 26, 2019) ..................................................... 14

*In re KRSM Properties*,
  LLC, 318 B.R. 712 (B.A.P. 9th Cir. 2004) ........................................................... 3

*Kunimoto v. Fidell*,
  26 F. App'x 630 (9th Cir. 2001) ................................................................... 11, 13

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) .............................................................................. 16

*Mewawalla v. Middleman*,
  601 F. Supp. 3d 574 (N.D. Cal. 2022) ................................................................ 15

*MH Pillars Ltd. V. Realini*,
  277 F. Supp. 3d 1077 (N.D. Cal. 2017) .............................................................. 18

*Neilson v. Union Bank of Cal., N.A.*,
  290 F.Supp.2d 1101 (C.D. Cal. 2003) ................................................................ 17

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

iii

*O'Rourke v. Dominion Voting Sys. Inc.*,
    552 F. Supp. 3d 1168 (D. Colo. 2021) .................................................... 14

*Pro Water Sol., Inc. v. Angie's List, Inc.*,
    457 F.Supp.3d 845 (C.D. Cal. 2020) ...................................................... 16

*Saldate v. Wilshire Credit Corp.*,
    686 F. Supp. 2d 1051 (E.D. Cal. 2010) .................................................. 17

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) ............................................................................ 19

*Vann v. Spak*,
    19 F. App'x 668 (9th Cir. 2001) ............................................................ 11

*Vasquez v. Franklin Mgmt. Real Est. Fund, Inc.*,
    222 Cal.App.4th 819 (2d Cal. 2013) ...................................................... 18

**Statutes**

Cal. Code Civ. Proc. § 340.6 .......................................................................... 7

California Civil Code § 47 .............................................................................. 20

Defend Trade Secrets Act (DTSA) ................................................... 2, 4, 5, 8, 14

Racketeer Influenced and Corrupt Organizations Act (RICO) ..................... *passim*

Federal Rule of Civil Procedure 11 ................................................................ *passim*

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Through this motion, Goli Nutrition Inc. (Canada), Goli Nutrition Inc. (Delaware) (together ("Goli")), Deepak Agarwal ("Dee"), Randy Bitensky ("Randy"), and Michael Bitensky (collectively, the "Goli Defendants") seek sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiffs and their counsel, Max Folkenflik of Folkenflik & McGerity LLP ("Folkenfik"), in connection with the filing of the Amended Complaint, which contains numerous claims that are not well grounded in law or fact and was filed for an improper purpose.  In what can only be described as a campaign of harassment, Folkenflik has served as counsel to Plaintiffs, their affiliate Better Nutritionals LLC—Goli's former contract manufacturer—and its principal Sharon Hoffman ("Sharon") in numerous court proceedings in which they have made repeated false and harmful allegations against Goli, its principals and employees, while pursuing frivolous claims. Plaintiffs' Amended Complaint in this action—which continues to pursue claims rejected by this Court, adds new causes of action having no basis in law or fact and incredibly adds Goli's in-house counsel as a defendant—is the latest play in this sustained abuse of the judicial process and harassment of Goli, and demonstrates that nothing short of the imposition of sanctions will curtail Plaintiffs' and their counsel's improper behavior.

Plaintiffs' harassment of Goli has continued for over a year.  Back in December 2022, Folkenflik first filed a lawsuit on behalf of Plaintiffs' affiliate Better Nutritionals, seeking to hold Goli, Dee, Michael (the "Original Goli Defendants") and a hodgepodge of other parties responsible for the breakdown of Better Nutritionals' and Goli's business relationship.  (Case No. 5:22-cv-02219 (the "BN Lawsuit"), Dkt. No. 1.)  The next day, Better Nutritionals filed for Chapter 11 Bankruptcy, which was later converted to Chapter 7. Thereafter, a court-appointed Trustee assumed control of the bankruptcy estate, including the claims in the BN Lawsuit. Folkenflik filed an application in the Bankruptcy to serve as Better Nutritionals' litigation counsel. (Case

No. 6:22-bk-14723-MH (Bankr. C.D. Cal.) ("Bankruptcy"), Dkt. No. 295.) The Trustee, who has both a fiduciary obligation to marshal all of the assets of the bankruptcy estate and an economic motivation to do so, rejected Folkenflik's offer and dismissed the claims in the BN Lawsuit. (Bankruptcy, Dkt. No. 898; BN Lawsuit, Dkt. No. 50.)

Next, Folkenflik filed the instant, nearly-identical action on behalf of Plaintiffs (and Sharon). (Dkt. No. 1 ("Complaint").)  The primary difference between the BN Lawsuit and the original Complaint in this action is the named Plaintiffs.  If the Complaint could have stated a cognizable claim (which it did not), that claim belonged to Better Nutritionals. Indeed, the Trustee has since informed the Bankruptcy Court that the complaint improperly "includes claims which are very likely property of the [Better Nutritionals Bankruptcy] Estate." (Bankruptcy Dkt. No. 830 at 8-9.)  All Defendants in this action moved to dismiss (Dkt. Nos. 15, 18, 20, 21), and two sets of Defendants also sought Rule 11 sanctions (Dkt. Nos. 19, 22). This Court granted the motions to dismiss, granted Plaintiffs limited leave to amend only "their claims that were dismissed for lack of standing as well as the Vitamin Friends' DTSA claims," and reserved judgment on the motions for sanctions pending conclusion of the case. (*See* Dkt. No. 81 ("Order") at 26.)

Still undaunted, Folkenflik filed the Amended Complaint that ignores this Court's Order and demonstrates that no reasonable investigations into the facts or law were ever undertaken.  It is so bereft of merit that it is not signed by local counsel. The Amended Complaint clearly exceeds the scope of the Court's limited grant of leave to amend. It includes four new claims that have no basis in law or fact and fail to meet the requisite pleading standards. (Dkt. Nos. 81, 83).  Most incredibly, it adds Goli's in-house counsel, Randy, as a new defendant, and includes scandalous allegations against her that are not tied to any cause of action and are intended only to impugn her reputation.  As a measure of Folkenflik's dereliction of his obligations under Rule 11, Folkenflik initially admitted that he was not sure why he had named

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

2

in-house counsel, and then admitted that he was not aware of any evidence showing she had participated in actionable conduct, but he still refused to dismiss her from the Amended Complaint.

The Goli Defendants now bring this motion for sanctions to deter Plaintiffs' and Folkenflik's continued harassment of the Goli Defendants and abuse of the court process. The Amended Complaint, like the original Complaint, and like the complaint in the BN Lawsuit, contains numerous frivolous claims that any competent attorney—who had conducted reasonable inquiry—would know to be without basis. Plaintiffs still cannot establish standing to bring the fraudulent misrepresentation, RICO, and breach of fiduciary duty claims because a company's owner and its shareholders lack standing to assert a company's claims on their own behalf. *See, e.g., In re KRSM Properties*, LLC, 318 B.R. 712, 718 (B.A.P. 9th Cir. 2004) ("[M]embers of LLCs cannot assert causes of action derived from causes of action owned by the LLC."). Plaintiffs barely attempt to cure the deficiencies identified by the Court in its Order, and instead assert new claims suffering from the same standing defects previously identified by the Court. And in a measure of desperation, Plaintiffs have dragged Goli's in-house counsel into this action solely to tarnish her professional reputation, targeting her because she is the sister of Goli's co-founder.

Folkenflik has utterly abdicated his legal and ethical obligations in filing the Amended Complaint. If he somehow did not know that the claims in the original Complaint were unsupportable despite the bankruptcy filings relating to the BN Lawsuit, he surely should have known better after this Court issued the Order. Instead, Folkenflik doubled down with even more baseless allegations, and he and his clients chose to stand firm even after defense counsel advised of the numerous deficiencies in the Amended Complaint. As such, Rule 11 sanctions are warranted. This Court should impose such sanctions, including awarding the Goli Defendants their reasonable attorney's fees in bringing this Rule 11 motion, and dismissing

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

3

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

Plaintiff's frivolous claims. *See Carroll Shelby Wheel Co., Inc. v. Carroll Shelby Tr.*, No. 15-cv-03859 (JAK) (JPR), 2017 WL 3485760, at *5, 9–10 (C.D. Cal. Feb. 21, 2017) (striking complaint and awarding attorney's fees as sanctions for frivolous complaint).

## II. BACKGROUND

### A. History of the Pleadings

In the past year, Folkenflik has drafted and signed under Rule 11 three complaints on behalf of Plaintiffs and/or their affiliates against Goli based upon the same business dispute with Better Nutritionals, the same supposed evidence, the same theories of wrongdoing, and nearly identical legal causes of action.

<u>Better Nutritionals Lawsuit</u>

On December 19, 2022, Folkenflik filed his first lawsuit on behalf of Better Nutritionals alleging that its business relationship with Goli had failed, and as a result, the Original Goli Defendants, DLA Piper, and VMG Partners and certain of their affiliates were liable to Better Nutritionals (BN Lawsuit, Dkt. No. 1.) There, Folkenflik asserted claims against the Original Goli Defendants for (1) violations of the Defend Trade Secrets Act ("DTSA") and (2) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (3) fraudulent misrepresentation, (4) breaches of fiduciary duty, (5) securities fraud, and (6) breach of contract. (*Id.* at 22-28.) The next day, Better Nutritionals filed for Chapter 11 Bankruptcy, which was later converted to Chapter 7.

In the Bankruptcy proceedings, Folkenflik filed an application to serve as Better Nutritionals' special litigation counsel in the BN Lawsuit, which the Trustee rejected. (Bankruptcy, Dkt. No. 295.) On April 19, 2023, the Trustee dismissed the BN Lawsuit in its entirety. (BN Lawsuit, Dkt. No. 50.) The Bankruptcy Court also denied Folkenflik's application to be paid for his work in connection with the BN Lawsuit. (Bankruptcy, Dkt. No. 898.)

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

<u>The Complaint</u>

On August 11, 2023, four months after the Trustee's dismissal of the BN Lawsuit, Folkenflik filed the instant, nearly-identical action on behalf of Plaintiffs and Sharon. (*See* Complaint.) The primary difference between the BN Lawsuit and the original Complaint in this action is the named plaintiffs. Folkenflik swapped the name of the plaintiff from Better Nutritionals to the Hoffmans and/or other companies affiliated with them. Nearly all of the claims in the Complaint belonged to Better Nutritionals as evidenced by the fact that they had been previously brought solely in the name of Better Nutritionals. *Id.* It is also worth noting, that the Trustee—the only party authorized to bring claims on behalf of Better Nutritionals—did not authorize the filing of this action. To the contrary, the Trustee has since informed the Bankruptcy Court that the claims in this lawsuit likely belong to Better Nutritionals and has initiated a separate action against the Hoffmans for mishandling Better Nutritionals' affairs. (Bankruptcy Dkt. No. 830 at 8-9; Bankruptcy Dkt No. 925.)

In response to the Complaint, all Defendants in this action filed motions to dismiss (Dkt. Nos. 15, 18, 20, 21) and two Defendants also filed Rule 11 motions for sanctions (Dkt. Nos. 19, 22.)

On January 17, 2024, the Court granted the motions to dismiss. The Court dismissed all of Plaintiffs' claims for lack of standing, with the exception of Vitamin Friends' claims for trade secret infringement and Sharon's claims for securities fraud. In addition to it dismissal on standing grounds, the Court separately dismissed the DTSA claim for failure to state a claim and Sharon's claim for securities fraud on the basis that it should have been brought as a compulsory counterclaim in different proceedings. (*See* Dkt. No. 81 ("Order") at 26.) The Court also reserved judgment on the motions for sanctions pending conclusion of the case. Finally, the Court granted Plaintiffs leave to amend "their claims that were dismissed for lack of standing as well as the Vitamin Friends' DTSA claims." (Order at 26.) The Order did not authorize Plaintiffs to add additional claims. *Id.*

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

<u>The Amended Complaint</u>

On February 14, 2023, Folkenflik, who is admitted only on a *pro hac* basis, filed the Amended Complaint on behalf of the Plaintiffs without local counsel's signature. The Amended Complaint fails to remedy the deficiencies identified in the Court's Order, exceeds the scope of the Court's grant of leave to amend and asserts claims that are barred as a matter of law. (Dkt. Nos. 81, 83.) Among other things, the Amended Complaint now adds Goli's in-house counsel, Randy, as a defendant. (*See* Dkt. No. 83, as corrected ("Amended Complaint") at ¶ 36.) The Amended Complaint also adds: (i) an entirely new claim on behalf of Odelya Hoffman ("Odelya") for intentional infliction of emotional distress (Count 7), (ii) a claim by Vitamin Friends for Fraudulent Misrepresentation (Count 2), (iii) RGL Holdings' claim RICO violations (Count 5), and (iv) Vitamin Friends' claim for Conversion (Count 8)—even though the Court did not grant leave to amend to add new claims.[1] (Amended Complaint at ¶¶ 137-84; Order at 26.)

None of the Amended Complaint's claims against Randy contain the necessary pleaded facts to implicate her in any actionable wrongdoing. Similarly, Plaintiffs newly added claims are frivolous because Plaintiffs lack standing and/or have not satisfied the requisite pleading standards.

**B.    The Amended Complaint's Allegations Aimed At Randy Are Wholly Improper and Brought for Harassment Purposes**

In an effort to harass and bully Goli's in-house counsel, Randy, Plaintiffs make a host of allegations against her untethered to any cause of action. Among other things, Plaintiffs allege that Randy developed a letter of intent ("LOI") between Better Nutritionals and Goli, which was allegedly one-sided and placed restrictions on Better Nutritionals and the Hoffmans. (Amended Complaint at ¶ 14.) However, there are no claims in the Amended Complaint related to the LOI. (*See id.* at ¶¶ 137-84.)

---

[1] In the Amended Complaint, Plaintiffs bring Counts 2, 5, and 8 on behalf of additional parties, without explanation.

6

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

Similarly, Plaintiffs interpose a host of allegations concerning Randy's purported role in negotiating the Norco lease and Atos equipment contract, (*id.* at ¶¶ 79, 82-83), despite the lack of any claims related to these allegations, (*see id.* at ¶¶ 137-84).   Plaintiffs go so far as to intimate that Randy was engaged in the unauthorized practice of law in an effort to disparage her professional reputation, in spite of the absence of any claims related to this alleged conduct. Indeed, Plaintiffs do not, nor could they, assert a claim for legal malpractice against Randy, as any such claim would not only be frivolous, but barred by the applicable statute of limitations. *See* Cal. Code Civ. Proc. § 340.6; *Hensley v. Caietti*, 13 Cal.App.4th 1165, 1175 (3d Cal. 1993).

Also for the first time ever, Plaintiffs rope Randy into their allegations related to the Goli and Sharon "Stock Swap," even though there are no remaining claims in this action related to that transaction.  (*See* Amended Complaint at ¶ 84, ¶¶ 137-84.) While Sharon asserted claims for securities fraud in the original Complaint, albeit without any reference to Randy's alleged involvement, the Court found Sharon had forfeited his right to bring his securities fraud claims by failing to bring them as compulsory counterclaims in a previously filed action. (Order at 20.) In their Amended Complaint, Plaintiffs have failed to bring forth any claim for relief regarding the stock valuation, but nonetheless maliciously assert professionally disparaging allegations against Randy in connection with the irrelevant transaction. (Amended Complaint at ¶¶ 137-84.)

## C.    Counsel for the Goli Defendants Notifies Plaintiff's Counsel of His Rule 11 Violations

On February 21, 2024, counsel for the Goli Defendants met and conferred with Plaintiffs' counsel concerning the deficiencies in the Amended Complaint. During that meet and confer, Plaintiffs' counsel specifically requested Folkenflik's basis for naming Randy as a defendant in the Amended Complaint. The sole basis articulated by Folkenflik was that as Goli's in-house counsel, Randy's culpability could be

7

inferred. Goli's counsel then asked Folkenflik why he named Randy as a defendant on the DTSA claim despite the lack of any allegations that she even had knowledge of any trade secrets.  Folkenflik initially had no response. He stated he was unsure, and needed to review the allegations of the Amended Complaint to be certain he intended to name Randy as a defendant in that claim. After several days, Folkenflik repeated his fallback position that he named Randy because as Goli's in-house counsel, it can be inferred that she was involved in the alleged infringement. When Goli Defendants' counsel pointed out that the law does not allow an officer of the company to be named simply because of her position, Folkenflik's only response was that he would not withdraw the claims, he was standing by the Amended Complaint, and he "could always just further amend the complaint." Folkenflik took no responsibility for naming Randy as a Defendant without any factual investigation. The Goli Defendants' counsel advised Folkenflik that a motion pursuant to Rule 11 would be forthcoming.

On March 18, 2024, the Goli Defendants' served Folkenflik with this motion and advised that the motion would be filed in the event Plaintiffs failed to withdraw the Amended Complaint prior to the end of the Rule 11 safe harbor period.

## III.    LEGAL STANDARD

An attorney who signs a pleading in federal court represents that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

8

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

Fed. R. Civ. P. 11(b).

Rule 11 sanctions are appropriate "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Est. of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation marks and citations omitted). "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate,* 425 F.3d at 677 (citation omitted). An attorney does not conduct a reasonable inquiry if the claims alleged are clearly barred by law or if facts defeating the alleged claims would have been discoverable with at least minimal diligence. *See id.; see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

THE GOLI DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

## IV.    ARGUMENT

By filing the Amended Complaint, knowing it contained claims that were legally and  factually baseless, for the purposes of harassment and failing to cure multiple deficiencies noted by the Court, Plaintiffs and Folkenflik violated Rule 11.

### A.    Plaintiffs' Counsel Knows or Should Know that Plaintiffs Lack Standing to Bring the RICO, Fraudulent Misrepresentation, and Breach of Fiduciary Duty Claims

Plaintiffs lack standing to bring the RICO, fraudulent misrepresentation, and breach of fiduciary duty claims as they are premised on injuries purportedly suffered by Better Nutritionals.  And Folkenflik knows this. Plaintiffs' counsel is the same counsel that filed the nearly identical lawsuit on behalf of Better Nutritionals. Further, after filing the original Complaint in the instant action, which simply replaced Better Nutritionals with the Hoffmans and their affiliates, the Court granted Defendants' motions to dismiss, in part, due to Plaintiffs' lack of standing. In doing so, the Court specifically outlined the basis for its dismissal on standing grounds. (Order at 15-18.) The Court's holding was based on well-settled law. *See Hilliard v. Harbour*, 12 Cal.App.5th 1006, 1013 (1st D. Cal. 2017) (members of an LLC are not the proper parties to bring an action for harm done to the LLC).  Instead of curing the standing deficiencies identified by the Court in the Amended Complaint, Plaintiffs' counsel doubled down, essentially asserting the exact same claims of standing without conducting any factual or legal investigation to support those claims.

Odelya's Standing

In its Order, the Court specifically held that Odelya did not appear to suffer "an injury that provides a basis for standing." (Order at 15.) The Court further held that Plaintiffs failed to allege that any of the Defendants owed Odelya a fiduciary duty, that Odelya owned shares in any of the companies relevant to the case, or that any Defendants made any fraudulent misrepresentations to Odelya.  *Id.* at 15-16.  The Amended Complaint fails to cure any of the deficiencies identified by the Court.

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

Specifically, the Amended Complaint again asserts that "[a]s a result of [Odelya's] reasonable reliance on the foregoing intentional fraudulent misrepresentations . . . Better Nutritionals was forced into liquidation" and Odelya's "hard-earned reputation" had been "severely damaged"—the exact allegation the Court previously found insufficient. (*Compare* Amended Complaint ¶ 152 to Complaint ¶ 123). The Amended Complaint also restates that Odelya "suffered humiliation, anxiety, and depression" and "loss of business opportunities . . . including the loss of first mover advantage." *Id.* However, the Court already rejected these allegations as the bases for standing because they were "nontangible losses . . . merely incidental to the alleged harm to Better Nutritionals." (Order at 16.)  Instead of conducting even a cursory legal or factual investigation to determine any basis for standing, Plaintiffs' counsel ignored the Court's order and asserted the exact same legally and factually baseless claims *again*.

Folkenflik's only attempt to address Odelya's lack of standing was to make two new frivolous assertions: (1) Odelya's status as the wife of Better Nutritionals' principal confers standing based on California's community property laws, and (2) Odelya's status as a beneficiary of the Hoffman Family Trust confers standing.   This is not the law—which would have been apparent if Plaintiffs' counsel conducted a modicum of legal research. *See, e.g., Grant v. State Farm Life Ins. Co.*, No. CIV.S-05-2389 (FCD) (KJM), 2007 WL 3119738, at *5 (E.D. Cal. Oct. 23, 2007); *Kunimoto v. Fidell*, 26 F. App'x 630 (9th Cir. 2001); *Cabrera v. Countrywide Fin.*, No. C 11-4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012) ("the Ninth Circuit does not allow community property rights to create standing when the spouse is not a signatory to the contract at issue"); *Vann v. Spak*, 19 F. App'x 668 (9th Cir. 2001) (same).

RGL Holdings and RGL Managements' Standing

In dismissing RGL Holdings' breach of fiduciary duty and fraudulent misrepresentation claims for lack of standing, the Court found RGL Holdings' claims

11

were not independent of its status as a shareholder in Better Nutritionals and it did not allege it had suffered any independent injury unrelated to its ownership of Sharon Hoffman's interest in Better Nutritionals. *Id.* at 17-18. Similarly, the Court expressly found "RGL Management lacks standing to bring claims in this action" due to its tenuous relationship to the case and because it had not alleged specific harm it had suffered from the alleged RICO conspiracy. *Id.* at 18. The Amended Complaint fails to remedy the identified deficiencies, and instead raises new claims on behalf of RGL Holdings for violation of the RICO statute that suffer from the same standing deficiencies already identified by the Court with respect to RGL Management—the failure to allege a specific harm.

RGL Holdings and RGL Management repeat the exact allegations that the Court held to be insufficient to establish standing—that they "have been injured in their respective businesses and property by reasonable reliance upon the false and fraudulent misrepresentations and omissions." (*Compare* Amended Complaint ¶ 172 to Complaint ¶ 138.)  RGL Management does not allege any stronger relation to the case than it did before and restates the same injuries which were not pled with enough specificity to show direct harm. (Order at 16, 17-18; *compare* Amended Complaint ¶ 172 to Complaint ¶ 138 and Amended Complaint ¶¶ 183-84 to Complaint ¶¶ 152-53.) RGL Holdings also does not establish any stronger relation to this case and again does not allege it "has suffered any independent injury unrelated to its ownership of Sharon Hoffman's interest in Better Nutritionals." (Order at 18; *compare* Amended Complaint ¶ 172 to Complaint ¶ 138.)

The same standing deficiencies apply in RGL Holdings' breach of fiduciary duty claim, which again asserts RGL Holdings was "injured by the breaches of fiduciary duties" including when Defendants did not take the "2021 offer from Newcastle partners to purchase a portion of RGL's interest in Better [Nutritionals]." (*Compare* Amended Complaint ¶ 157 to Complaint ¶ 127.)

THE GOLI DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

1    In summary, neither party has alleged anything new which would establish a

2    basis for standing for their previously asserted claims or RGL Holdings' new RICO

3    claim.

4    <u>Vitamin Friends' Standing</u>

5    Finally, the Court already found, *inter alia*, that Vitamin Friends lacked

6    standing to assert a RICO claim against the Goli Defendants because it had "not

7    alleged, with any specificity, any harm it suffered from the alleged RICO conspiracy."

8    (Order at 17.) Vitamin Friends has again failed to specifically allege any such harm.

9    (*Compare* Amended Complaint ¶ 172 to Complaint ¶ 138.)

10    Vitamin Friends' new claim for fraudulent misrepresentation suffers from the

11    same standing issue—it asserts no specific harm from the alleged fraudulent

12    misrepresentation and conversion. (*See* Amended Complaint ¶ 142 (alleging how

13    fraudulent misrepresentation harmed Better Nutritionals and Odelya).)

14    As noted above, Folkenflik knowingly asserted legally baseless claims with the

15    same deficiencies already identified by this Court. All of Plaintiffs' supposed injuries

16    are only incidental to Better Nutritionals' alleged injuries, which does not confer

17    standing. In fact, when a company like Better Nutritionals is in bankruptcy, its claims

18    are assets of the estate, and can only be asserted by the Trustee. *See Griffin v. Allstate

19    Ins. Co.*, 920 F.Supp. 127, 130 (C.D. Cal. 1996). Plaintiffs' counsel knows this having

20    repeatedly appeared in Better Nutritionals' bankruptcy proceedings. Further,

21    Plaintiffs admit in their original Complaint: Better Nutritionals' "claims now belong

22    to the [bankruptcy] Trustee . . . ." (Complaint at ¶ 110) and in a Better Nutritionals

23    bankruptcy filing, Plaintiffs' counsel characterized the BN Lawsuit as "a significant

24    asset of [Better Nutritionals]." (Bankruptcy, Dkt. 654, Folkenflik Narrative Statement

25    ¶ 7.)

26    Accordingly, sanctions are warranted for Plaintiffs' counsel's frivolous attempt

27    to bring claims for which Plaintiffs lack standing as a matter of law. *See Kunimoto*,

28    26 F. App'x at 631-33 (finding plaintiffs' claims against defendant were frivolous,

13

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

meriting imposition of sanctions, since all claims asserted by plaintiffs actually belonged to their bankruptcy estate, and thus they lacked standing to assert claims); *see also Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (affirming sanctions award where plaintiffs' attorney had sued without any "objectively reasonable basis for asserting standing to sue"); *O'Rourke v. Dominion Voting Sys. Inc.*, 552 F. Supp. 3d 1168, 1199-1200 (D. Colo. 2021) (same); *Inter-Cnty. Res., Inc. v. Med. Res., Inc.*, 49 F.Supp.2d 682, 685 (S.D.N.Y. 1999) (same).

## B.    Counsel Knows, or Should Have Known That Naming Goli's In-House Counsel As A Defendant Is Frivolous.

The Amended Complaint asserts claims against Randy for violation of DTSA, fraudulent misrepresentation, and intentional infliction of emotional distress. Sanctions are warranted because at the time Folkenflik signed and filed the Amended Complaint, he knew, or should have known, that asserting claims against Randy was not "warranted by existing law" and lacked any evidentiary support.  Fed. R. Civ. P. 11(b)(2), (3).

Inexplicably, Plaintiffs add Randy as a defendant to its already deficient DTSA claim. This is frivolous. To state a claim under DTSA, a plaintiff must allege that the defendant misappropriated or used the plaintiff's trade secrets. *See Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018). The Amended Complaint is completely bereft of a single allegation that Randy knew of Vitamin Friends' alleged trade secret formulations or could be personally liable for any such infringement. Indeed, Folkenflik acknowledged that he only named Randy as a defendant because of her role as Goli's in-house counsel. This is patently frivolous. An officer of a company cannot be named in a lawsuit simply because of her position. *See Kamal v. Eden Creamery*, LLC, No. 18-cv-01298-BAS-AGS, 2019 WL 2617041, at *14 (S.D. Cal. June 26, 2019).

The fraudulent misrepresentation claim against Randy is also frivolous because Plaintiffs' counsel failed to allege Randy made any misrepresentation at all. *See*

14

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

*Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 599–600 (N.D. Cal. 2022). Further, for the reasons discussed more in depth *infra*, the Amended Complaints' final claim against Randy—Odelya's intentional infliction of emotional distress ("IIED") claim—is also frivolous as it completely fails to meet the requisite pleading standard, and fails to recite a single act by Randy that could constitute outrageous conduct. *See*, *infra,* Section IV.D.3.

Any reasonable investigation into the facts would have disproved the allegations underpinning Plaintiffs' claims asserted for the first time against Randy. Folkenflik's failure to conduct this basic inquiry prior to filing the Amended Complaint constitutes sanctionable conduct.

### C.    Plaintiffs Added Randy as a Defendant in the Amended Complaint to Harass Her and the Other Goli Defendants

Rule 11 is designed to prevent parties from misusing the legal system to harass and extort innocent parties, like Randy. Here, Plaintiffs and their counsel have been aware of the defects in their original Complaint since the Court issued its Order on the motions to dismiss, yet elected to file this misguided and deficient "amended" complaint with new baseless claims against Randy to harass her and the other Goli Defendants, including Goli co-founder Michael, who is also Randy's brother.

Randy was not brought up either in the complaint filed by Better Nutritionals or the original Complaint filed by the Plaintiffs in the instant action. As set forth above, Plaintiffs provide almost no factual support for their claims against Randy. But, they do twice point out in the Amended Complaint that Randy is the sister of Goli's co-founder, Michael Bitensky. It is clear based on the total lack of factual bases for their claims that Plaintiffs included Randy in their Amended Complaint to harass her and her brother.

Rule 11 exists to protect people from attorneys bringing harassing and frivolous claims against them. Plaintiffs' counsel filing this Amended Complaint with wholly new and inexplicable claims against Randy for purposes of harassment warrants

sanctions. *See Corrigan v. Dale*, 401 F. App'x 233, 234 (9th Cir. 2010) (finding the district court properly granted the motion for Rule 11 sanctions because Plaintiff's filing of successive complaints based on previously-rejected propositions of law constituted harassment); *see also Buster v. Greisen*, 104 F.3d 1186, 1189–90 (9th Cir.1997) (reviewing for an abuse of discretion and upholding Rule 11 sanctions where later action sought to relitigate issues resolved in earlier action and was brought for the purpose of harassment).

### D.    Plaintiffs' Counsel Knows, or Should Have Known, That Other Claims in the Amended Complaint Have No Basis in Law or Fact

Sanctions are independently warranted here under Rule 11 because Plaintiffs' claims for fraudulent misrepresentation, breach of fiduciary duty, and IIED are frivolous. Each of these claims, on its face, lacks legal basis and evidentiary support and rests upon a series of meritless and unsubstantiated factual allegations.

#### 1.    Fraudulent Misrepresentation

Plaintiffs' counsel has also failed to conduct a reasonable factual investigation into the repleaded fraudulent misrepresentation claims and, as such, has again failed to properly plead them. The elements of a fraudulent misrepresentation claim are as follows: (1) a misrepresentation made through false representation, concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Pro Water Sol., Inc. v. Angie's List, Inc.*, 457 F.Supp.3d 845, 851–52 (C.D. Cal. 2020). Fraud based claims are subject to the heightened pleading standard of Rule 9(b). *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Under Rule 9(b), a plaintiff alleging fraud or mistake must state "with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Plaintiffs have failed to meet this standard.

Plaintiffs currently allege the Goli Defendants fraudulently misrepresented the current and future financial success of Goli's business to force Sharon to sell his 75%

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

16

interest in Better Nutritionals to a company working with Goli. (Amended Complaint at ¶ 147.) However, as a result of Folkenflik's failure to conduct any factual inquiry, Plaintiffs have again failed to properly plead fraudulent misrepresentation. Plaintiffs neither state with particularity the time, place, and manner of any representation made by the Goli Defendants, nor the role of each of the Goli Defendants. (Amended Complaint at ¶¶ 146-153.) Plaintiffs also do not allege the specific misrepresentation(s) made by Goli Defendants, the names of the persons from Goli who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010). This is especially true as it relates to the individual Goli Defendants. There are no allegations against them suggesting any involvement in the alleged fraudulent transaction. Had Plaintiffs' counsel conducted any factual or legal investigation, he would have known these claims were completely baseless.

### 2. Breach of fiduciary duty

Plaintiffs' counsel failed to set forth sufficient facts on behalf of RGL Holdings and Vitamin Friends to state a claim for breach of fiduciary duty or make any specific allegations that would support the existence of a fiduciary duty. To state a claim for breach of fiduciary duty, a complaint must allege the existence of a fiduciary duty, its breach, and damages resulting therefrom. *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1137 (C.D. Cal. 2003).

In an attempt to try and assign fiduciary duties to the Goli Defendants, Plaintiffs assert that Goli, as a minority investor in Better Nutritionals, has a fiduciary obligation to RGL Holdings and Vitamin Friends. (Amended Complaint at ¶ 155.) Plaintiffs' allegations are completely baseless. The law is clear that minority shareholders like Goli do not have a duty to the majority shareholder, RGL Holdings. *See Carson Cheng v. AIM Sports, Inc.*, No. CV103814PSGPLAX, 2012 WL 12953239, at *3

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

17

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

(C.D. Cal. May 11, 2012) (minority shareholders in a closely held corporation do not owe fiduciary duties to other shareholders).

Second, Vitamin Friends has no relationship with Goli and is just alleged to be a third-party. *See MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1095 (N.D. Cal. 2017) (holding that "a fiduciary relationship generally does not arise out of ordinary arms-length business dealings"). Here, the Goli Defendants are not alleged to have any direct relationship with Vitamin Friends.

Once again, Plaintiffs' counsel's failure to conduct a reasonable factual or legal inquiry to support Plaintiffs' claims is sanctionable.

### 3.    Intentional Infliction of Emotional Distress

Folkenflik's blatantly frivolous attempt to assert an IIED claim on behalf of Odelya—to circumvent the fact that her alleged emotional injuries have no reasonable connections to her other claims—is sanctionable.

In order to avoid a motion to dismiss, a plaintiff asserting a claim for IIED must allege with "great specificity" the acts which he or she believes are "so extreme as to exceed all bounds of that are usually tolerated in a civilized community." *Vasquez v. Franklin Mgmt. Real Est. Fund, Inc.*, 222 Cal.App.4th 819, 832 (2d Cal. 2013). A plaintiff must plead that the defendant(s) engaged in (1) outrageous conduct, (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress, (3) the plaintiff suffered severe and extreme emotional distress, and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Id.* Liability does not extend to mere "insults, indignities, threats, annoyances, petty oppressions, or other trivialities," but only to conduct so extreme and outrageous "as to go beyond all possible bonds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal.3d 493, 499 n.5 (1970) (citation omitted).

In this case, Plaintiff's counsel fails to set forth any factual allegations that could support this claim, let alone a plausible claim of relief. Specifically, Plaintiff

18

asserts the completely conclusory claims that Goli Defendants and VMG Defendants expressly targeted Sharon and Odelya "to be victims of their tortious and unlawful scheme," their conduct "was extreme and outrageous" "as part of a corporate manipulation to force Sharon and Odelya Hoffman to sell their interest in Better Nutritionals to a corporation aligned with Goli," Defendants' acts "were taken with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Odelya Hoffman," and as "a proximate result of these Defendants outrageous conduct, Odelya Hoffman suffered emotional distress damages." (Amended Complaint at ¶ 180.)

Plaintiff clearly fails to plead with any specificity, let alone "great specificity," (1) the alleged outrageous conduct, (2) the defendants' intention of causing or reckless disregard of the probability of causing emotional distress, (3) the plaintiff suffered severe and extreme emotional distress, and (4) the actual and proximate causation of the emotional distress by defendants' outrageous conduct. Plaintiff's counsel simply pleaded the elements without any supporting facts. Indeed, if he would have conducted a basic factual or legal inquiry, Plaintiff's counsel would have known the claim was baseless.

Further, the implication that statements made by Goli in the Better Nutritionals Bankruptcy action was the outrageous conduct which caused Odelya emotional distress is also frivolous. (*See* Amended Complaint at ¶ 26(e)). California law provides an absolute privilege of immunity to statements made in a judicial proceeding. California Civil Code § 47(b)(2). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990), *as modified* (Mar. 12, 1990). The relevant statements made by Goli were in Better Nutritionals' bankruptcy proceeding—which is a judicial proceeding. Goli is a party to the bankruptcy

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

19

proceeding as a creditor to Better Nutritionals and made the alleged statements in pursuit of their claims as creditors.

Not only is this IIED claim frivolous, it is outside the bounds of the Court's leave to amend—warranting immediate dismissal. *See Gerard v. Wells Fargo Bank, N.A.*, No. CV14-03935 MM (SH), 2015 WL 12791416, at *17 (C.D. Cal. Jan. 22, 2015) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken") (internal quotation marks and citation omitted); *see also Daroya v. Daroya-Lushina*, No. CV 22-02695-RSWL-JC, 2022 WL 17670414, at *4 (C.D. Cal. Dec. 12, 2022) (striking added claims from amended complaint).

### E.    The Court Should Impose Sanctions and Order Plaintiffs' Counsel to Pay the Goli Defendants' Reasonable Attorneys' Fees and Costs

Under Rule 11(c), if the Court finds that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The purpose of such sanctions is to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may include nonmonetary directives as well as "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* The Goli Defendants respectfully request that the sanctions include an award to the Goli Defendants of their reasonable expenses and attorney fees incurred as a result of Plaintiffs and their counsel's conduct, including those incurred in connection with this Motion.

The requested sanctions are appropriate. Plaintiffs' counsel filed the Amended Complaint, without local counsel, with the knowledge that Plaintiffs did not have standing to bring the RICO, fraudulent misrepresentation, and breach of fiduciary duty claims; and adding Randy to the Amended Complaint was frivolous and purely

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

20

for the purpose of harassment. Indeed, Plaintiffs' counsel was aware of the original Complaint's deficiencies as per the Court's Order and failed to cure any of them before he filed the Amended Complaint.

Plaintiffs' counsel's failure to act in accordance with Rule 11 has wasted the time and resources of the Goli Defendants and this Court and warrants an order directing payment of reasonable attorneys' fees and expenses.

## V. CONCLUSION

The Goli Defendants respectfully request that this Court issue an order: (i) dismissing the Amended Complaint with prejudice as to Defendant Randy; (ii) dismissing the Amended Complaint's claims for violations of RICO (Count Five), fraudulent misrepresentation (Count Two), breach of fiduciary duty (Count Three), and intentional infliction of emotional distress (Count Seven) against the Goli Defendants with prejudice; and (iii) awarding the Goli Defendants reasonable attorneys' fees incurred by Folkenflik's conduct, including those incurred in preparing this motion.[2]

Dated: May 3, 2024                    CLYDE & CO US LLP


                                      By: /s/ Alison K. Beanum
                                          Alison K. Beanum
                                          Douglas J. Collodel
                                      Attorneys for Defendants
                                      GOLI NUTRITION, INC., a CANADIAN
                                      CORPORATION, GOLI NUTRITION INC.,
                                      a DELAWARE CORPORATION, DEEPAK
                                      AGARWAL, RANDY BITENSKY, and
                                      MICHAEL BITENSKY

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

---

[2] The Goli Defendants stand ready, at an appropriate time, to submit a declaration setting forth it fees and costs incurred.

1    Dated:  May 3, 2024                    MORRISON COHEN LLP

2

3                                    By:   _/s/ Latisha V. Thompson_____

4                                          Latisha V. Thompson (*pro hac vice*)
                                           Attorneys for Defendants
5                                          GOLI NUTRITION, INC., a CANADIAN
                                           CORPORATION, GOLI NUTRITION
6                                          INC., a DELAWARE CORPORATION,
                                           DEEPAK AGARWAL, RANDY
7                                          BITENSKY, and MICHAEL BITENSKY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

22

THE GOLI DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

## CERTIFICATE OF COMPLIANCE WITH THE WORD COUNT

The undersigned, counsel of record for the Goli Defendants certifies that this brief contains 6,723 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 3, 2024                          /s/ Latisha V. Thompson
                                            Latisha V. Thompson

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

23

CLYDE & CO US LLP
2020 Main Street, Suite 1100
Irvine, California 92614
Telephone: (949) 852-8200

## **CERTIFICATE OF SERVICE**

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071. My email address is angelo.mccabe@clydeco.us.

On the date indicated below, a true and correct copy of the foregoing **DEFENDANTS DEEPAK AGARWAL, RANDY BITENSKY, AND MICHAEL BITENSKY'S MOTION FOR RULE 11 SANCTIONS, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Central District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on, **May 3, 2024**, at Pasadena, California.

_____

Angelo McCabe

THE GOLI DEFENDANTS' MOTION FOR RULE 11 SANCTIONS