# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Garrett M. Biedermann**
biedermann@braunhagey.com

May 13, 2024

<u>VIA ECF</u>

The Honorable Christina A. Snyder
United States District Court
Central District of California
350 W. First Street, Courtroom 8D, 8th Floor
Los Angeles, CA 90012

Re: ***Odelya Hoffman et al. v. Goli Nutrition Inc. et al.***,
No. 2:23-cv-06597-CAS-MAA (C.D. Cal.)
**Plaintiff's Purported "Request for Procedural Guidance"**

Your Honor:

We write on behalf of Defendants Wayne Wu, Jonathan Marshall, VMG Partners IV, L.P., and VMG Partners Mentors Circle IV, L.P. (collectively for convenience, the "VMG Defendants") in response to Plaintiffs' May 10, 2024 purported "Request for Procedural Guidance." (ECF 102.) The Request has no basis in fact or law, is procedurally defective, and illustrates why the majority of the defendants in this action have now filed Rule 11 motions for sanctions against Plaintiffs and their counsel. To the extent a response is required, the VMG Defendants respectfully respond as follows.

*First*, as background, Plaintiffs' attempt to name another entity affiliated with the VMG Defendants follows multiple complaints filed on behalf of Better Nutritionals, LLC and the current Plaintiffs. In those complaints, Plaintiffs' counsel named parties that no longer appear in the First Amended Complaint ("FAC"), including (1) VMG Partners V, L.P., a VMG fund that exists but had no investment relationship to Goli (*see* Better Nutritionals Compl., ECF 20-2), and (2) VMG Partners LLC, an entity that does not exist (*see* Compl., ECF 1). In the FAC, Plaintiff has named "VMG Partners," another entity that likewise does not exist. Plaintiffs named this purported entity, along with VMG-affiliated individuals, even though the Court did not permit them leave to amend to add new defendants when it dismissed Plaintiffs' complaint. (*See* ECF 81.)

Plaintiffs' inability to name existing VMG entities is, in some respects, unsurprising. As explained in VMG's motions to dismiss and for sanctions, no VMG entity has ever had any business relationship with any of the plaintiffs in this action, and all of the substantive allegations against VMG in the FAC are made on information and belief. If Plaintiffs are having trouble

**San Francisco**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel.: (415) 599-0210
Fax: (415) 276-1808

**New York**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel.: (646) 829-9403
Fax: (646) 403-4089

May 13, 2024
Page 2

naming existing VMG entities in the FAC, it is because no VMG entity or individual should have been named in this action in the first place.

*Second*, our Firm did not stipulate to accept service on behalf of "VMG Partners." The stipulation Plaintiffs' counsel signed indicates on page 2, footnote 1 that "'VMG Partners' is an entity that does not exist but that was newly named as a defendant in Plaintiffs' First Amended Complaint. It is included in this Stipulation out of an abundance of caution to the extent Plaintiffs have attempted to name an entity affiliated with the other VMG Defendants." (ECF 84.) Plaintiffs plainly cannot use this stipulation—which explicitly states that VMG Partners does not exist—to conjure "VMG Partners" into existence.

*Third*, Plaintiffs have never attempted to serve "VMG Partners," which would be the obvious remedy to this situation if Plaintiffs' counsel actually thought an entity by that name existed. Again, such a service attempt would fail because "VMG Partners" does not exist.

*Fourth*, Jonathan Marshall is not a partner at an entity called "VMG Partners." As he has stated in every sworn declaration served on Plaintiffs' counsel, he holds the title of "Partner" at VMG Partners II, LLC. Plaintiffs have never sued that entity and it is not a party in this action.

*Fifth*, Plaintiffs cite the unremarkable proposition that a trademark on the phrase "VMG Partners" exists. Plaintiffs cite no authority for the proposition that this means "VMG Partners" exists as an entity Plaintiffs can sue. Indeed, no juridical entity "Coke" could ever be sued in place of The Coca-Cola Company. In any event, to the extent it matters, the trademark on the phrase "VMG Partners" is held by VMG Partners II, LLC.

*Finally*, to the extent Plaintiffs' letter can be construed as a motion under Rule 11 of the Federal Rules of Civil Procedure, it is procedurally defective. Under Rule 11(c)(2), a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Courts construe this 21-day safe harbor strictly and hold that a movant may only file a Rule 11 motion on the twenty-second day after service. *See Holt v. U.S. Bank Nat'l Assoc.*, No. CV 18-7501-DMG (RAOx), 2019 WL 9341318 (C.D. Cal. Mar. 26, 2019) ("Given the Ninth Circuit's instructions to construe the safe harbor period 'strictly,' the final day makes a difference."). Given that Plaintiffs' counsel did not even serve Plaintiffs' May 10, 2024 filing on the VMG Defendants prior to filing, Plaintiffs' request cannot give rise to sanctions under Rule 11, and is itself sanctionable. *See* Fed. R. Civ. Proc. 11, Adv. Comm. Notes to 1993 Amendment ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.").

\* \* \*

May 13, 2024
Page 3

      We respectfully submit that the Court should summarily deny Plaintiffs' Request, which in any event is not a properly noticed motion under the Court's Local Rules. We also respectfully submit that the Court should give due consideration to the VMG Defendants' forthcoming renewed Rule 11 motion for sanctions on Plaintiffs and their counsel, which will be filed after the 21-day safe harbor period in Rule 11(c)(2) has passed.

Very truly yours,

Garrett M. Biedermann

**Copies to:** All Counsel of Record via ECF