UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

| Proceedings: | (IN CHAMBERS) - VMG DEFENDANTS' MOTION TO DISMISS (Dkt. 97, filed on MAY 3, 2024) |
|---|---|
| | DEFENDANT MERICAL, LLC'S MOTION TO DISMISS (Dkt. 98, filed on MAY 3, 2024) |
| | DEFENDANTS DEEPAK AGARWAL, MICHAEL BITENSKY, AND RANDY BITENSKY'S MOTION FOR SANCTIONS (Dkt. 99, filed on MAY 3, 2024) |
| | DEFENDANTS DEEPAK AGARWAL, MICHAEL BITENSKY, AND RANDY BITENSKY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE (Dkt. 100, filed on MAY 3, 2024) |
| | VMG DEFENDANTS' MOTION FOR SANCTIONS (Dkt. 107, filed on MAY 24, 2024) |

## I.    INTRODUCTION

On August 11, 2023, plaintiffs Sharon and Odelya Hoffman (the "Hoffmans"), RGL Holdings LLC and RGL Management LLC (collectively "RGL"), and Vitamin Friends LLC ("Vitamin Friends") filed a complaint against defendants Goli Nutrition, Inc. (Canada), Goli Nutrition, Inc. (Delaware) (collectively "Goli"), 12416913 Canada Inc., Deepak Agarwal, Michael Bitensky, VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP, MeriCal Inc., and DLA Piper LLP (US).  Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

The complaint alleged nine claims for relief: (1) Vitamin Friends brought claims pursuant to the Defend Trade Secrets Act ("DTSA") against the Goli defendants, the VMG defendants, and MeriCal; (2) the Hoffmans brought claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) the Hoffmans and RGL Holdings brought claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) RGL Holdings, Vitamin Friends, and Sharon Hoffman brought claims for aiding and abetting against the VMG defendants; (5) the Hoffmans, Vitamin Friends, and RGL Management brought claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Goli, Agarwal, and Bitensky; (6) Sharon Hoffman brought claims for securities fraud against Goli, Agarwal, and Bitensky; (7) plaintiffs brought claims for legal malpractice against DLA Piper; (8) plaintiffs brought claims for breach of fiduciary duty against DLA Piper; and (9) RGL Management brought a claim for conversion against Goli. Id.

On October 27, 2023, MeriCal filed a motion to dismiss the first cause of action. Dkt. 15. On October 30, 2023, DLA Piper filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 18. That same day, the VMG defendants filed a motion for sanctions and a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 19, 20. The Goli defendants also filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 13(a), and 17(a). Dkt. 21. On October 31, 2023, DLA Piper filed a motion for sanctions. Dkt. 22.

On January 8, 2024, the Court held a hearing, and on January 17, 2024, the Court granted defendants' motions to dismiss. Dkt. 81. The Court dismissed all of plaintiffs' claims for lack of standing, with the exception of Vitamin Friends' claims for trade secret infringement and Sharon Hoffman's claims for securities fraud. Id. The Court separately dismissed Vitamin Friends' claims for trade secret infringement for failure to state a claim and Sharon Hoffman's claims for securities fraud as compulsory counterclaims that should have been brought in the pending Goli v. Hoffman litigation, No. 5:23-cv-00514-GW-KKx (C.D. Cal.). Id. The Court granted plaintiffs leave to amend the claims that were dismissed for lack of standing, as well as Vitamin Friends' DTSA claims, by February 14, 2024. Id. The Court also found that, even if Sharon Hoffman had standing to assert claims for fraudulent misrepresentations, breach of fiduciary duties, securities fraud, and violation of RICO, such claims should have been brought as compulsory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

counterclaims in the pending Goli litigation. Id. Accordingly, the Court did not permit plaintiffs to reassert any of Sharon Hoffman's claims in their amended complaint. Id.

On February 14, 2024, plaintiffs[1] filed an amended complaint ("FAC") against Goli, 12416913 Canada Inc., Deepak Agarwal, Michael Bitensky, Randy Bitensky (Goli, Agarwal, Michael Bitensky, Randy Bitensky, and their affiliated entities are collectively the "Goli defendants"), VMG Partners, Wayne Wu, Jonathan Marshall, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP (collectively, the "VMG defendants"), MeriCal Inc., and Roger Tyre. Dkt. 83. The FAC alleges eight claims for relief: (1) Vitamin Friends brings claims against the Goli defendants, the VMG defendants, and MeriCal pursuant to the DTSA; (2) Odelya and Vitamin Friends bring claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends and RGL Holdings bring claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) Vitamin Friends and RGL Holdings bring claims for aiding and abetting Goli's breaches of fiduciary duties against the VMG defendants; (5) Odelya, Vitamin Friends, and RGL Holdings bring claims for violations of RICO against Goli, Agarwal, and Michael Bitensky; (6) Odelya, Vitamin Friends, and RGL Holdings bring claims for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall; (7) Odelya brings a claim for intentional infliction of emotional distress against the Goli defendants and the VMG defendants; and (8) Vitamin Friends and RGL Management bring claims for conversion against Goli. Id.

On March 29, 2024, the Goli defendants filed a notice of suggestion of bankruptcy. Dkt. 86. On April 29, 2024, the Court, having received the Goli defendants' March 29, 2024 notice and April 22, 2024 joint status report, stayed the action as to Goli only. Dkt. 96; see also dkt. 92.

On May 3, 2024, the VMG defendants filed a motion to dismiss this action.[2] Dkt. 97. That same day, MeriCal filed a motion to dismiss. Dkt. 98. Agarwal, Michael

---

[1] Sharon Hoffman is no longer a plaintiff.

[2] The VMG defendants request that the Court exercise its power to stay proceedings because of the automatic stay in the litigation against Goli, which is in bankruptcy proceedings. Dkt. 97 at 21. They contend that "if the Court permits any part of this suit to go forward against any VMG [d]efendant, the claims at issue would be entirely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Bitensky, and Randy Bitensky filed a motion for Rule 11 sanctions. Dkt. 99. They also filed a motion to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 17(a), and 41(b), or in the alternative, a motion to strike pursuant to Federal Rule of Civil Procedure 12(f). Dkt. 100. On May 24, 2024, the VMG defendants filed a motion for sanctions under Rule 11. Dkt. 107.

On June 3, 2024, plaintiffs filed an opposition to Agarwal, Michael Bitensky, and Randy Bitensky's motion for Rule 11 sanctions and motion to dismiss. Dkt. 109. On June 4, 2024, plaintiffs filed an opposition to the VMG defendants' Rule 11 motion and motion to dismiss. Dkt. 110. On June 13, 2024, plaintiffs filed an opposition to MeriCal's motion to dismiss. Dkt. 114.

On June 17, 2024, MeriCal filed a reply in support of its motion to dismiss. Dkt. 115. That same day, the VMG defendants filed a reply in support of their motion to dismiss. Dkt. 116. They also filed a reply in support of their motion for sanctions. Dkt. 117. Agarwal, Michael Bitensky, and Randy Bitensky filed a reply in support of their motion to dismiss, or in the alternative, motion to strike. Dkt. 118. They also filed a reply in support of their motion for Rule 11 sanctions. Dkt. 119.

On July 15, 2024, the Court held a hearing on defendants' motions to dismiss and motions for sanctions. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs allege the following facts in the FAC.

### A.    Parties

Plaintiff Odelya Hoffman resides in Las Vegas, Nevada, with her husband Sharon Hoffman (collectively, the "Hoffmans"). FAC ¶ 27.

---

predicated on Goli's actions and necessarily involve determinations concerning Goli's liability, thus making a stay appropriate." Id. at 22. In reply, they assert that "[p]laintiffs failed to respond to that argument in their [o]pposition and have therefore waived any counterargument." Dkt. 116 at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Plaintiff Vitamin Friends LLC is a California Limited Liability Company. Id. ¶ 28. Its sole member is Sharon Hoffman. Id.

Plaintiff RGL Holdings LLC is a Delaware Limited Liability Company registered in Nevada that holds Sharon Hoffman's 75% interest in non-party Better Nutritionals and 100% interest in RGL Management LLC. Id. ¶ 29. Its sole member is Sharon Hoffman. Id.

Plaintiff RGL Management LLC is a California Limited Liability Company that owns certain property in Norco, California ("Norco facility"). Id. ¶ 30. Its sole member is Sharon Hoffman. Id.

Defendant Goli Nutrition, Inc. (Canada) is a Canadian corporation with its principal place of business in Quebec, Canada. Id. ¶ 31. It is a retail seller and marketer of specially manufactured nutritional supplements, including gummies. Id. From 2018 to 2021, Better Nutritionals was the sole manufacturer of Goli's gummy products. Id.

Defendant Goli Nutrition, Inc. (Delaware) is a Delaware corporation with its principal place of business in West Hollywood, California. Id. ¶ 32. Plaintiffs allege that Goli Nutrition, Inc. (Delaware) is the alter ego of Goli Nutrition, Inc. (Canada) and was formed to enter into equipment purchases and a real estate lease for Better Nutritional's Norco facility. Id.

Defendant 12416913 Canada Inc. ("6913") is a Canadian corporation with its principal place of business in Quebec, Canada. Id. ¶ 33.

Defendant Deepak Agarwal and Michael Bitensky both reside in Montreal, Canada, co-founded Goli, and served as Goli's Co-Chief Executive Officer/Co-President at all times relevant to this action. Id. ¶¶ 34-35.

Defendant Randy Bitensky is Michael Bitensky's sister, an attorney licensed in Canada, residing in Montreal, Canada, and the General Counsel of Goli. Id. ¶ 36.

Defendant VMG Partners is a private equity investment firm headquartered in San Francisco, California. Id. ¶ 37. VGM operates through separate investment funds, including defendants VMG Partners IV and VMG Partners Mentors Circle, both of which are investors in Goli. Id. Two members of VMG Partners IV's management team,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

defendants Wu and Marshall, sit on Goli's board of directors, and a third member of Goli's board was appointed by VMG as an independent director. Id. ¶ 39.

Defendant MeriCal is a manufacturer of private label dietary supplements with a manufacturing facility in Orange, California. Id. ¶ 41. It began producing Goli gummy products in October 2022. Id.

Defendant Tyre is a food scientist who was hired by Better Nutritionals in 2018 and worked on developing the formulations of Goli gummy products. Id. ¶ 42.

**B.    Early History of Vitamin Friends and Better Nutritionals**

In 2012, the Hoffmans founded Vitamin Friends as a brand of gummy vitamins for children. FAC ¶ 45. The company manufactured a variety of allegedly pioneering products, including a pectin gummy product and a child vitamin with iron. Id. ¶ 47. The Hoffmans subsequently developed the Gardena facility where they "developed Vitamin Friends' trade secret manufacturing processes and formulations." Id. ¶¶ 48-51. The Gardena facility was allegedly the first in the United States to implement the use of starchless gummies and used an innovative organization of equipment on its production lines. Id. ¶¶ 51-52. Various distributors approached the Hoffmans regarding their Gardena facility, including Abbot Labs, Nestle, and Pfizer. Id. ¶ 52.

In 2015, the Hoffmans incorporated Better Nutritionals as a manufacturer for Vitamin Friends and as a contract manufacturer of nutritional gummy products for third parties. Id. ¶ 48. Better Nutritionals soon attracted "a significant number of top-tier . . . clients." Id. ¶ 49. In 2017, Better Nutritionals sold $300,000 in gummies. Id. ¶ 53. In 2018, they sold $4 million; in 2019, they sold $23 million. Id. By late 2018, Better Nutritionals' Gardena facility had the capacity to manufacture approximately 400,000 bottles of gummy products each month. Id.

**C.    Business Relationship between Better Nutritionals and Goli**

In 2017, Agarwal and Bitensky founded Goli as a retail seller of specially manufactured nutritional supplements such as gummies. Id. ¶ 54. In particular, Goli hoped to market the world's first apple cider vinegar ("ACV") gummy. Id.

In 2018, Agarwal approached Better Nutritionals on behalf of Goli and asked if Better Nutritionals could produce an ACV Gummy. Id. ¶ 56. Sharon Hoffman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

recognized that ACV gummies had an unpleasant smell and taste, so the Hoffmans had Better Nutritionals' food chemists, including Tyre, create a better-tasting formulation based on Vitamin Friends' trade secret formulations. Id. ¶ 57. In response, Goli agreed that Better Nutritionals would be Goli's exclusive manufacturer for gummies, and that Goli would buy all gummies that Better Nutritionals could produce. Id. Sharon Hoffman, after discussing the matter with Odelya, caused Better Nutritionals to shift its focus to primarily producing gummies for Goli. Id. ¶ 58. The two companies agreed to payment terms whereby Goli would pay a fixed fee per bottle along with 50% of the total cost of each order upfront, with the remaining 50% due upon completion of the order. Id. ¶ 59. They entered into a series of increasingly large transactions pursuant to these payment terms. Id. ¶ 61.

In May 2019, Agarwal assured Sharon Hoffman that Goli would continue buying every bottle of Goli gummies that Better Nutritionals could produce and "boasted that Better Nutritionals could not produce bottles fast enough to meet Goli's needs." Id. ¶ 62. Shortly thereafter, the two companies shifted to a demand-based ordering process whereby Goli would submit "sales forecasts" and "blanket purchase orders" at regular intervals which Better Nutritionals would "immediately act upon by reserving production capacity, ordering ingredients, beginning production, and planning for future production." Id. ¶ 63. Between 2018 and mid-2021, Goli submitted increasingly large purchase orders to Better Nutritionals and expanded its product line to include additional gummy products, all of which were developed by Better Nutritionals (using Vitamin Friends' base formulations and processes). Id. ¶¶ 65, 69. During this period, Goli obtained national exposure. Id. ¶ 70. In 2019, Goli projected demand for millions of bottles per month, and Better Nutritionals correspondingly upgraded its Gardena facility to bring capacity to 1.2 million bottles per month. Id. ¶ 71. In August 2019, Goli submitted a purchase order for 2.9 million bottles per month and asked Better Nutritionals to expand its manufacturing capacity five-fold. Id. ¶¶ 72-73.

In 2019, Better Nutritionals' formulation was submitted to the United States Patent Office for a compositional patent. Id. ¶ 66. DLA Piper Partner, Safrez Ishmael, was in charge of the patent application. Id. In consideration of Goli's promise of "exclusivity" to Better Nutritionals, at Agarwal's instruction and after consulting with Odelya, Sharon Hoffman agreed to have the wives of Goli's principals, Agarwal and Bitensky, named as inventors on the patent application and agreed to assign the patent to Goli. Id. ¶¶ 66, 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

In the spring of 2021, the patent was granted. Id. ¶ 67. It describes—in "broad and general" terms—the ingredients for ACV gummies and includes a "sketch" of the process used. Id.

### D.     Alleged Conspiracy

In early 2020, Goli and the VMG defendants allegedly "engineered a multi-pronged plan to ensure that Better Nutritionals would become almost entirely dependent upon Goli." FAC ¶ 74. The alleged plan involved "a series of complex contracts with Better Nutritionals and third parties" where "both Goli and Better Nutritionals were represented by DLA Piper." Id. Ishmael was allegedly working behind the scenes to "advance only the interests of Goli." Id. In other instances, both Goli and Better Nutritionals, as well as Sharon Hoffman, were represented by Randy Bitensky who also allegedly drafted agreements to benefit only the interests of Goli. Id. ¶ 75.

Goli allegedly convinced Sharon Hoffman to get Better Nutritionals to lease and open the Norco facility—a 420,000 square foot manufacturing facility in Norco, California. Id. ¶ 76. An expansion of this magnitude entailed substantial financial risk. Id. ¶ 78. On the lease for the Norco facility, Randy Bitensky, counsel to Goli, allegedly negotiated—unbeknownst to Sharon Hoffman—a swap with the landlord, substituting Goli as the "tenant" and Better Nutritionals as the "guarantor." Id. ¶ 79. When Sharon Hoffman learned of the switch, he contacted Agarwal who promised him that he would assign the lease to Better Nutritionals upon request. Id. With respect to its contract with Atos IT Solutions and Services, Inc. ("Atos") for manufacturing-related IT services and equipment in the Norco facility, also allegedly negotiated by Randy Bitensky, Goli was identified as "customer" and Better Nutritionals was identified as "guarantor." Id. ¶¶ 80-82. Agarwal promised that the lease and title to the Atos equipment would be transferred to Better Nutritionals upon request. Id. ¶ 82. As a result of these agreements, Goli obtained control over Better Nutritionals' occupancy and title to the equipment, "even though Better Nutritionals made all payments for rent, paid the security deposit of $3.0 million and paid tens of millions for the Atos equipment and IT services." Id. ¶ 81. When Better Nutritionals requested transfer of the leasehold and title to the equipment, Agarwal reneged on his promises and refused to make any such transfer. Id. ¶ 82.

In 2020, Goli allegedly engineered a fraudulent stock swap transaction (the "Stock Swap") where 6913 obtained a 25% interest in Better Nutritionals (that 6913 assigned to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Goli), and Better Nutritionals obtained a 3% interest in Goli in exchange. Id. ¶ 84. The Goli defendants allegedly "fraudulently claimed" that the swapped interests were equal in value, despite knowing that "at that time, the 25% interest in Better Nutritionals that Goli received was substantially more valuable than the 3% interest in Goli given in exchange." Id. Randy Bitensky allegedly "simply made up the claim that the Goli Board had done a legitimate analysis, but in fact had used a bogus 'valuation' of Better Nutritionals to reach a pre-determined percentage interest in Goli that Agarwal and Bitensky wanted to offer." Id.

The Stock Swap agreements, including the Better Nutritionals Operating Agreement between Sharon Hoffman and Goli (and consented to by Odelya), also allegedly contained "extraordinarily onerous restrictions on Better Nutritionals and Sharon Hoffman, including in particular, . . . restrictions on the ability of Better Nutritionals to manufacture for customers other than Goli . . . and restrictions on the ability of Sharon Hoffman to sell his 75% equity to a willing buyer." Id. ¶ 86. RGL Holdings, which held Sharon Hoffman's 75% interest in Better Nutritionals, signed a "Joinder Agreement" indicating it was bound by the Operating Agreement. Id. The Goli defendants allegedly owed a fiduciary duty to both Better Nutritionals and Sharon Hoffman as a result of their minority interest in Better Nutritionals and the provisions in contractual agreements authorizing Agarwal and Bitensky to act as Sharon's agent and representative in connection with his role as a shareholder of Goli. Id. ¶ 87.

In 2021, Better Nutritionals hired 600 employees to staff the Norco facility to keep up with Goli's sales forecasts and paid over $200 million to obtain materials and support for Goli products. Id. ¶¶ 90-91. Much of that expense was based on forecasts that Goli, and, by the spring of 2021, VMG, allegedly knew were intentionally false and misleading. Id. ¶ 91. Goli also insisted that Better Nutritionals maintain enough raw materials to meet three months' manufacturing need. Id. ¶ 92. Better Nutritionals' "Total Practical Capacity" for Goli products was also set to steadily increase, month to month, from 4,759,772 bottles per month in April 2021 to 12,762,753 bottles by December 2021, with the goal of reaching 28 million bottles per month by the third quarter of 2022. Id. ¶ 93.

On July 16, 2021, Goli submitted a purchase order for 75 million bottles in exchange for $281 million. Id. ¶ 94. Goli and the VMG entities were allegedly aware that "Goli could not use and would never pay for all of the product ordered." Id. In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

same month, Goli gave a verbal purchase order for another 300 million bottles for $1.125 billion over a three-year period. Id. ¶ 95. Goli and the VMG entities were likewise allegedly aware that "Goli would never need anything close to that number of bottles in the periods specified." Id. Agarwal stated that a deal with VMG had been reached whereby VMG would invest in Goli. Id. VMG allegedly "never complained to or questioned Goli about the fact that Goli's projections were unreasonable, and agreed with Goli that the false projections would put pressure on [the Hoffmans] to ultimately sell their interest in Better Nutritionals to a firm aligned with Goli." Id.

Also in July, Agarwal complained about a "shortfall" in Better Nutritionals' production. Id. ¶ 96. This "shortfall" claim was allegedly intended to make Goli's forecasts and July purchase orders appear to be genuine, and to maintain pressure on Better Nutritionals to meet those targets. Id. On August 10, 2021, Goli announced that it was cutting its sales forecasts for August and December by 56%. Id. ¶ 97. It also dropped its 2022 estimates from 15 million bottles per month to 6-7 million bottles per month. Id. Additionally, it announced that it would not be honoring the full July purchase order and had a surplus in its warehouses of 12-14 million bottles. Id. ¶ 98.

Plaintiffs allege that "[w]ell before July 2021, when Agrawal had complained to Better Nutritionals about a 'shortfall' in production," Goli and VMG were aware that the projections being submitted to Better Nutritionals were "knowingly false and a fraud, engineered to force the Hoffmans to sell their interest in Better Nutritionals." Id. They allege that Goli "knew before May 2021 that it was unable to sell any of the additional bottles that Better Nutritionals was producing in May, June and July." Id. ¶ 99. They further allege that Agarwal fraudulently stated that he had only learned of the drop in consumer demand in June of 2021, when in fact "Goli and VMG were well aware of a drop in consumer demand long before that." Id. ¶ 100.

After a meeting in August 2021, Sharon Hoffman, after consultation with Odelya, told Goli that, based on Goli's new information, Better Nutritionals had excess capacity which it sought to use to manufacture products for other customers. Id. ¶ 101. Goli insisted that Better Nutritionals keep a 40% "buffer" capacity over the purchase amount Goli forecasted and insisted that "Better Nutritionals [] not manufacture gummies for Goli competitors." Id. It also continued to insist that Better Nutritionals use "the Goli mold/bottle for only Goli." Id. These restrictions severely limited the customers Better Nutritionals could work for and exposed it to substantial penalty payments. Id. By

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

summer of 2021, VMG's investment in Goli had not yet been finalized. Id. ¶ 102. Goli claimed that its orders would "soon return to at least 6 million bottles per month, then eventually reach 12 to 15 million bottles per month." Id. VMG was allegedly aware of these representations, and VMG and Goli both allegedly knew that they were false. Id.

In September of 2021, New Mountain Capital LLC ("New Mountain") offered to buy a 10% interest in Better Nutritionals for $125 million dollars. Id. at 45.[3] The Hoffmans would have agreed to that offer had they known of Goli's alleged frauds. Id.

In October 2021, VMG Partners closed on a $100 million investment for a 4.92% equity stake in Goli and secured two of seven board seats and "significant, contractually specified rights of control over Goli and its principals." Id. ¶¶ 106, 108. As a 3% owner of Goli, Sharon Hoffman told Agarwal that, under the Stock Swap agreements, he should have been offered the right to participate in the VMG purchase of Goli equity. Id. ¶ 109. Goli allegedly declined to include him in the sale to hide information pertaining to the Stock Swap as well as Goli's conduct with Better Nutritionals generally that Goli had provided to VMG. Id. Agarwal represented that VMG would be having an Initial Public Offering in a few months, which would increase the value of Sharon's stock in Goli. Id. ¶ 110. Sharon shared this information with Odelya, to whom Agarwal was also speaking. Id. Plaintiffs contend this representation was knowingly false, and that VMG was aware both of its falsity and that Goli would make such a representation. Id. Agarwal instead planned to force the Hoffmans to sell their interest in Better Nutritionals to INW, a buyer committed to expanding Goli's business. Id. ¶ 111. In furtherance of that plan, Goli shortly thereafter presented Better Nutritionals with a sales forecast for the first half of 2022 of only 600,000 bottles per month, a 94% decline. Id. ¶ 112.

In November, Yundi Liang, an employee of Better Nutritionals with significant familiarity with Vitamin Friends' confidential suppliers and trade secret processes and formulations, left Better Nutritionals and began working at MeriCal, a producer of gummy products and a competitor of Better Nutritionals. Id. ¶ 113. Plaintiffs allege that Lang was hired by MeriCal to—and did—provide MeriCal with Vitamin Friends' trade secrets. Id. Better Nutritionals also hired a former MeriCal employee, Maria Arajuro, as a production employee. Id. ¶ 115. Arajuro—who had access to Better Nutritionals' batch records, recipes, cooking sheets, and confidential information about suppliers of

---

[3] The Court cites page numbers where the relevant paragraph numbers are askew.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

specialized formulations—worked at Better Nutritionals for two weeks, then left to return to work for MeriCal and/or pass on information to MeriCal, which allegedly sent her to Better Nutritionals. Id. Both Liang and Arajuro were bound by agreements requiring them to maintain confidentiality and non-disclosure of Better Nutritionals' trade secrets as well as trade secrets licensed to Better Nutritionals from Vitamin Friends. Id. ¶ 116.

Better Nutritionals was informed by one of its vendors, Herbstreith & Fox, that MeriCal had asked it about the exact formulation of pectin (one of the main raw materials Better Nutritionals uses in its gummy products) that Better Nutritionals purchased from Herbstreith & Fox. Id. ¶ 114. MeriCal referenced the item number specifically, even though the item number was not published and was known only by Herbstreith & Fox and Better Nutritionals. Id. At about this time, Sharon also learned that Goli and MeriCal had called Better Nutritionals' flavor supplier, Custom Flavors, seeking the exact flavor that Better Nutritionals used to manufacture Goli gummies. Id. ¶ 116.

In March 2022, the Hoffmans met separately with Wu and Marshall, both Goli directors appointed by VMG, and explained that Better Nutritionals had been put "in an impossible position" by Goli's repeated misrepresentations about "its need for product, its issued purchase orders for that product," and its continued refusal to honor payments due under those purchase orders. Id. ¶ 117. At the suggestion of Wu and Marshall, Goli sent Sharon Hoffman a new agreement (the "March 2022 Agreement") that eliminated the overly broad definition of "competing products" contained in the Stock Swap agreements and instead defined restricted "competing products" as only ACV gummies and ashwagandha gummies. Id. ¶ 120. It provided that "Goli has requested that Better Nutritionals develop and manufacture for Goli four new products and Better Nutritionals agrees that it will not manufacture for itself or another person products with the same formulation as the New Products." Id. It also provided strong assurances that in the future, forecasts would be binding and honored. Id. ¶ 121. Sharon discussed the March 2022 Agreement with Odelya, and the Hoffmans agreed that Better Nutritionals should sign it. Id. ¶ 122. However, Goli never intended to live up to the agreement. Id.

In July 2022, Agarwal and Bitensky informed Sharon and Better Nutritionals that the terms of Goli's deal with VMG required Goli to work with other manufacturers to produce Goli-branded products. Id. ¶ 124. This term conflicted with Goli's commitment that Better Nutritionals would be Goli's exclusive distributor, and this was the first time that Better Nutritionals learned of such a term, which was supposedly agreed to nearly a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

year earlier. Id. In September 2021, New Mountain had valued Better Nutritionals at $1.35 billion. Id. at 45. In the fall of 2022, Goli sought to force Better Nutritionals to accept an offer from INW, which valued Better Nutritionals at under $90 million. Id. Instead, Better Nutritionals sued Goli for $180 million for orders that it placed throughout 2022. Id. Better Nutritionals also sued the Goli defendants for various other causes of action, seeking damages of up to $900 million. Id. at 45-46.

Lastly, plaintiffs allege that Goli's "deceitful conduct" was "part of a pattern of similar wrongful, unlawful and tortious conduct" that Goli engaged in with at least two other suppliers that have sued Goli, and that Goli's repeated acts of mail and wire fraud show it operated its business as an unlawful RICO "enterprise." Id. at 42-44.

Better Nutritionals ultimately filed for bankruptcy, first filing for Chapter 11 reorganization and later for Chapter 7 liquidation. Id. ¶ 23. Its claims now belong to the Trustee, who has dismissed them without prejudice and is considering the claims he wishes to pursue. Id. at 46.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

IV.   DISCUSSION

A.   Additional Claims and Defendants in FAC

The VMG defendants, Agarwal, Michael Bitensky, and Randy Bitensky argue that Odelya's new claim for intentional infliction of emotional distress is intended to manufacture standing and is improper because the Court did not grant plaintiffs leave to add such a claim. Dkt. 97 at 20-21; dkt. 100 at 18-19. Agarwal, Michael Bitensky, and Randy Bitensky assert that plaintiffs exceeded the Court's authorization to amend by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

adding "Randy as a defendant and several claims–Vitamin Friends' claim for Fraudulent Misrepresentation (Count 2), RGL Holdings' claim for Violation of RICO (Count 5), and Odelya's claim for IIED (Count 7)." Dkt. 100 at 18-19.  They argue that the Court should either dismiss with prejudice or strike plaintiffs' improper additions to this action. Id. at 19.

In opposition, plaintiffs contend that "the Court granted leave to replead without any limitation." Dkt. 109 at 8.  They assert that it would be counter to Rule 15(a) to strike the new claims and defendants. Id. at 9.

In reply, Agarwal, Michael Bitensky, and Randy Bitensky assert that the Court explicitly limited what plaintiffs could amend and should now reject plaintiffs' attempt to expand this litigation. Dkt. 118 at 8.

It appears that plaintiffs' FAC asserts several new claims that were not pled in their initial complaint.  Specifically, the FAC adds (1) a claim by Odelya Hoffman for intentional infliction of emotional distress against the Goli and VMG defendants; (2) a claim by Vitamin Friends for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) claims by Vitamin Friends for breaches of fiduciary duties against Goli and the VMG defendants; (4) claims by Vitamin Friends for RICO Violations against VMG Partners, Wu, and Marshall; (5) a claim by Vitamin Friends against Goli for conversion; and (6) a claim by RGL Holdings for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall.

The Court did not grant plaintiffs leave to assert new claims or add new defendants in the FAC.  In its January 17, 2024 order, the Court granted plaintiffs' limited leave to amend their claims that were dismissed for lack of standing and Vitamin Friends' DTSA claims. Dkt. 81 at 26.  Accordingly, the Court finds that plaintiffs' newly added claims were improperly added and should be dismissed.  Should plaintiffs wish to add new claims or defendants to this action, they may bring an appropriate motion requesting leave to do so.

**B.     Standing and Real Party in Interest**

The VMG defendants argue that plaintiffs lack standing because their alleged injuries are derivative of those of Sharon Hoffman, which are further derivative of those of Better Nutritionals. Dkt. 97 at 8.  The VMG defendants, along with Agarwal, Michael

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Bitensky, and Randy Bitensky, assert that neither California community property nor trust laws confer standing to Odelya Hoffman, who is not even a shareholder of the plaintiff entities. Id.; see also dkt. 100 at 17. According to the VMG defendants, even Odelya's claim for intentional infliction of emotional distress is derivative because Odelya did not own an interest in Better Nutritionals. Dkt. 97 at 9. The VMG defendants assert that RGL Holdings fails to allege an "independent injury unrelated to its ownership of Sharon Hoffman's interest in Better Nutritionals" as directed by the Court in its January 17, 2024 order. Id. at 9-10; see also dkt. 81 at 18. They contend that Vitamin Friends does not allege any specific harm from the fraudulent misrepresentations and that no VMG defendant knew Vitamin Friends even existed. Dkt. 97 at 10.

Agarwal, Michael Bitensky, and Randy Bitensky similarly argue that plaintiffs lack standing because plaintiffs cannot bring an action based on alleged injuries to Better Nutritionals. Dkt. 100 at 16. They assert that while RGL Holdings owns 75% of Better Nutritionals, Odelya and Vitamin Friends do not own any interest in it, and, significantly, none of them have suffered an independent injury that is not derivative of those to Better Nutritionals or Vitamin Friends. Id. at 16-17. Thus, they argue that plaintiffs' claims against them for fraudulent misrepresentations, violation of RICO, and intentional infliction of emotional distress should be dismissed for lack of standing. Id. at 17-18.

In opposition, plaintiffs assert that "[t]he FAC is clear that [d]efendants' wrongful, unlawful and tortious acts caused the [p]laintiffs numerous lost business opportunities, reputational injury, years of almost unimaginable personal anxiety, in addition to direct financial loss." Dkt. 109 at 5. Plaintiffs argue that defendants' torts were aimed at Sharon and Odelya Hoffman personally, not just at Better Nutritionals, and that they allege new allegations in the FAC that show individual injuries to plaintiffs. Id. at 5-7; dkt. 110 at 6. Plaintiffs cite Sutter v. Gen. Petroleum Corp., 28 Cal. 2d 525, 530-531 (1946) to assert that "a stockholder may sue as an individual where he is directly and individually injured although the corporation may also have a cause of action for the same wrong." Dkt. 109 at 6; dkt. 110 at 5. They further cite Sutter for the proposition that "where 'promises made by defendants . . . were to run also to the [corporation],' the [p]laintiff's 'abandonment of other projects and devotion of time to the project qualified as a 'direct individual injury.'" Dkt. 109 at 7; dkt. 110 at 5-6. Thus, plaintiffs argue that because defendants intended to and did injure plaintiffs individually, plaintiffs may assert individual claims under Sutter. Dkt. 109 at 8; dkt. 110 at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

In reply, Agarwal, Michael Bitensky, and Randy Bitensky argue that plaintiffs' conclusory allegations of individual harm only confirm "what this Court found before, namely, that the claims belong to Better Nutritionals and Sharon Hoffman, not [p]laintiffs." Dkt. 118 at 6-7. The VMG defendants assert that plaintiffs' reliance on Sutter is unpersuasive because standing to bring suit in this action is governed by federal law, and Agarwal and the Bitenskys assert that Sutter does not apply because plaintiffs' claims are related to the corporation's loss. Dkt. 116 at 3; dkt. 118 at 7. While plaintiffs allege Odelya was injured because the Hoffmans abandoned two LLCs, the VMG defendants contend that Odelya "is not alleged to be a member of either LLC, and [p]laintiffs allege nothing in the FAC about the timing of when the LLCs were abandoned or whether they even had operations." Dkt. 116 at 4. With regard to RGL Holdings, the VMG defendants assert that it cannot have standing based on its inability to sell an interest in Better Nutritionals that it did not yet own, and moreover, Better Nutritionals would have to assert such a claim for lost investment opportunity. Id. at 5-6. Finally, the VMG defendants argue that "[p]laintiffs do not even attempt to argue in their opposition that they have alleged any harm that Vitamin Friends purportedly suffered as a result of any alleged fraud or RICO acts committed by VMG." Id. at 6.

The Court finds that plaintiffs lack standing to bring the claims asserted in the FAC, with the exception of Vitamin Friends' claim for trade secret misappropriation. The Court addresses the standing of each plaintiff in turn.

1. Odelya Hoffman

In plaintiffs' initial complaint, Odelya Hoffman brought claims against the Goli defendants for fraudulent misrepresentation, breach of fiduciary duty, and violation of RICO. She also brought claims against the VMG defendants for fraudulent misrepresentation and breach of fiduciary duty. She alleged that defendants "caused [her] numerous lost business opportunities, reputational injury, years of almost unimaginable personal anxiety, depression and stress, in addition to direct financial loss." Compl. ¶ 8. She additionally alleged that defendants' wrongful acts resulted in Better Nutritionals' bankruptcy which injured the Hoffmans by "subject[ing] [them] to suits against them personally." Id. ¶ 13. Finally, the Hoffmans alleged that Goli made "defamatory and disparaging statements" during the bankruptcy proceedings which "caused reputational injury to the Hoffmans." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

In the Court's prior order dismissing plaintiffs' complaint, the Court found that:

> [I]t does not appear that Odelya Hoffman has suffered an injury that provides a basis for standing in this case. Plaintiffs do not allege that any of the defendants owed Odelya Hoffman a fiduciary duty, nor do they allege that Odelya Hoffman owned shares in any of the companies relevant to this case. They also do not allege that any of the defendants made any fraudulent misrepresentations to Odelya Hoffman herself. . . . Accordingly, the Court dismisses Odelya Hoffman's claims for lack of standing.

Dkt. 81 at 16.

Odelya Hoffman now brings claims in the FAC for fraudulent misrepresentation and intentional infliction of emotional distress against the Goli and VMG defendants. She also brings RICO claims against Goli, Agarwal, and Michael Bitensky, and additional Section 1962(d) RICO claims against VMG Partners, Wu, and Marshall. In an attempt to cure Odelya Hoffman's standing deficiency, the FAC alleges that "Sharon and Odelya have always treated their assets as being jointly owned [and] . . . [Odelya] is entitled to community property as a matter of California law." FAC ¶ 4. She alleges that she is also a beneficiary of the Hoffman Family Trust, in which "all of Sharon's corporate holdings were contributed." Id. She further contends that she "lost the opportunity to pursue earlier the manufacture and marketing of other gummy dietary supplements . . . [which,] given the state of the dietary supplement business in [2018-2019,] would have been expected to produce substantial and lasting profits for years." Id. ¶ 26(c). As before, she asserts that Goli made "defamatory and disparaging statements [that] caused [her] reputational injury."[4] Id. ¶ 26(e). She additionally alleges that Goli "intended to inflict and did inflict emotional distress on [her] . . . which caused [her] . . . to have personal anxiety, depression and stress."[5] Id. ¶ 26(f). Throughout the FAC, plaintiffs claim that Odelya was consulted on, and consented to, various agreements between Better

---

[4] As the Court has previously found, Odelya's alleged reputational injury "does not provide [her] with standing to assert the claims described in the complaint" because "[n]one of the plaintiffs have brought a claim for defamation." Dkt. 81 at 16.

[5] Because the Court has already dismissed Odelya Hoffman's claim for intentional infliction of emotional distress as an improper addition to plaintiffs' FAC, it does not address her standing to bring such a claim at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|----------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Nutritionals and Goli as well as various business decisions by Sharon Hoffman on behalf of Better Nutritionals.[6]

It still does not appear that Odelya Hoffman has suffered an injury that provides a basis for standing in this case. Plaintiffs still have not alleged that Odelya owned shares in any of the companies relevant to this case. The mere fact that she was consulted on various business decisions and agreements entered into by Better Nutritionals does not confer her standing to claim Better Nutritionals' injuries as her own. Nor do community property law or Odelya's status as a beneficiary of the Hoffman Family Trust confer her standing to bring claims for injuries suffered by Better Nutritionals and Sharon Hoffman. See Grant v. State Farm Life Ins. Co., No. CIV.S-05-2389 (FCD) (KJM), 2007 WL 3119738, at *5 (E.D. Cal. Oct. 23, 2007) (rejecting plaintiff's arguments that community property law or status as trust beneficiary conferred standing in the context of a claim for breach of insurance contract).

Further, Sutter, 28 Cal. 23 525 (1946), is inapposite. There, the plaintiff alleged that "by reason of the fraudulent representations of defendants, [the plaintiff] was induced to do several things, namely, abandon his own oil development projects [and] devote his time to the project whereby [certain] facilities would be used [] *to form and invest in a corporation* (the Development Company)." Id. at 530 (emphasis in original). Thus, in that case, the plaintiff "took steps in reliance upon the misrepresentations including the formation of the Development Company *before that company was formed*." Id. at 531. In that context, the California Supreme Court held that "the failure to perform the promises injured the Development Company . . . but there was also a direct individual

---

[6] See FAC ¶ 58 ("*[A]fter discussing that representation with Odelya* and with her consent, Sharon Hoffman caused Better Nutritionals to shift its focus . . . .") (emphasis added); id. ¶ 59 ("Goli and Better Nutritionals (*with Odelya's consent*) agreed to payment terms in November of 2018.") (emphasis added); id. ¶ 86 ("[T]he Stock Swap agreements, including the Better Nutritionals Operating Agreement among Sharon Hoffman and Goli (*and consented to by Odelya*) . . . .") (emphasis added); id. ¶ 100 ("Agarwal told Better Nutritionals (via calls and emails to Sharon Hoffman *that Sharon discussed with Odelya*) that Goli faced substantial customer backorders.") (emphasis added); id. ¶ 101 ("Sharon, *after consultation with Odelya*, promptly wrote to Goli . . . .") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

injury to plaintiff [] and . . . the dual nature of the injury does not necessarily preclude an action by the stockholder as an individual." Id.

Here, as previously discussed, Odelya is not a shareholder in any of the companies relevant to this case. Even if she were, she does not allege that defendants induced her to abandon her own projects and form a new company. Rather, the Hoffmans independently founded Vitamin Friends in 2012 and Better Nutritionals in 2015, years before the Hoffmans were approached by Agarwal on behalf of Goli in 2018. See FAC ¶¶ 45, 48, 54.

Accordingly, the Court **DISMISSES** Odelya Hoffman's claims for lack of standing.

   2. <u>Vitamin Friends</u>

In the original complaint, Vitamin Friends brought claims for (1) trade secret misappropriation against the Goli defendants, the VMG defendants, and MeriCal; (2) violations of RICO against the Goli defendants; (3) aiding and abetting against the VMG defendants; and (4) breach of fiduciary duty and legal practice against DLA Piper.

In the Court's prior order dismissing plaintiffs' complaint, the Court found that:

Vitamin Friends lacks standing to assert its claims for violation of RICO, legal malpractice, and breach of fiduciary duty. Vitamin Friends has not alleged, with any specificity, any harm that it suffered as a result of the alleged RICO conspiracy between the defendants. Nor is Vitamin Friends mentioned anywhere in the portion of the complaint describing the claims for legal malpractice and breach of fiduciary duty against DLA Piper. However, Vitamin Friends is allegedly "the owner of the trade secret formulations of Vitamin Friends products" and claims that its trade secrets were misappropriated. See Compl. ¶¶ 113, 115. This is sufficient to provide it with standing to assert claims for trade secret misappropriation.

Dkt. 81 at 16.

Vitamin Friends now brings claims in the FAC for (1) trade secret misappropriation against the Goli defendants, the VMG defendants, and MeriCal; (2) fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

breaches of fiduciary duties against Goli and the VMG defendants; (4) aiding and abetting Goli's breaches of fiduciary duties against the VMG defendants; (5) RICO violations against Goli, Agarwal, and Michael Bitensky; (6) violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall; and (7) conversion against Goli. The Court has already dismissed Vitamin Friends' claims for fraudulent misrepresentation, breaches of fiduciary duties, RICO violations against VMG Partners, Wu, and Marshall, and conversion. The Court has also imposed a stay on this action as it pertains to Goli. Dkt. 96. Thus, the Court proceeds to analyze only Vitamin Friends' standing to bring its claims for trade secret misappropriation and aiding and abetting.

Vitamin Friends has standing to assert its claim for trade secret misappropriation but not for aiding and abetting Goli's alleged breaches of fiduciary duties.

As before, the FAC adequately pleads that "Vitamin Friends was at all times the owner of the trade secret formulations of Vitamin Friends products" that were allegedly misappropriated. FAC at 46. The Court finds that this is sufficient to confer standing to assert a claim for trade secret misappropriation.

However, Vitamin Friends has not alleged a harm or injury that provides a basis for its aiding and abetting claim. The elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. Nasrawi v. Buck Consultants LLC, 231 Cal. App. 4th 328, 343 (2014). Here, Vitamin Friends claims that Goli is a third party that breached fiduciary duties owed to Vitamin Friends. However, plaintiffs only allege that Better Nutritionals has a shareholder interest in Goli; it does *not* allege that Vitamin Friends has any shareholder interest in Goli or vice versa. Thus, even if the VMG defendants did aid and abet some breach of fiduciary duty by Goli, it could not have been a breach against Vitamin Friends because Vitamin Friends has no shareholder interest in Goli.

Accordingly, the Court **DISMISSES** Vitamin Friends' aiding and abetting claim for lack of standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

     3.    <u>RGL Holdings</u>[7]

In the original complaint, RGL Holdings brought claims for fraudulent misrepresentation against the Goli defendants, breach of fiduciary duty against the Goli and VMG defendants, and aiding and abetting against the VMG defendants.

The Court dismissed RGL Holdings' claims because it suffered no injury "independent of its status as a shareholder in Better Nutritionals." Dkt. 81 at 19.

In the FAC, RGL Holdings now brings claims for (1) breaches of fiduciary duties against Goli and the VMG defendants; (2) aiding and abetting Goli's breaches of fiduciary duties against the VMG defendants; (3) violations of RICO against the Goli defendants; and (4) violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall. The Court has already dismissed RGL Holdings' claim for RICO violations against VMG Partners, Wu, and Marshall because no leave was obtained to assert the claim. The Court has also imposed a stay on this action as it pertains to Goli. Dkt. 96. Thus, the Court proceeds to analyze only RGL Holdings' standing to bring claims for breaches of fiduciary duties and aiding and abetting against the VMG defendants.

The Court finds that RGL Holdings still lacks standing to assert claims for breach of fiduciary duty and aiding and abetting. According to the FAC, RGL Holdings owns 75% of Better Nutritionals while Goli owns the remaining 25%. FAC ¶ 18. Plaintiffs contend that, because Goli owns 25% of Better Nutritionals, it therefore owes "fiduciary duties to RGL Holdings[.]" Dkt. 110 at 19. They further contend that the VMG defendants owe fiduciary duties to RGL Holdings "through their control over and ownership in Goli." FAC at 51 ¶ 30.

As a threshold matter, the Court is unaware of, and plaintiff has not cited, any case law holding that a minority shareholder such as Goli owes fiduciary duties to a majority shareholder such as RGL Holdings. Accordingly, RGL Holdings' claim against the

---

[7] Because the Court has stayed this action as it pertains to Goli, it does not analyze whether RGL Management has standing to bring its sole claim for conversion against Goli. <u>See</u> Dkt. 96.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|---|---|---|---|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

VMG defendants for aiding and abetting a breach of fiduciary duty cannot be premised on Goli's 25% interest in Better Nutritionals.

RGL Holdings' breach of fiduciary duty claim against the VMG defendants fails for the same reason. Regardless of whether the VMG defendants exercise control over Goli, they do not owe fiduciary duties to RGL Holdings merely due to Goli's status as a minority shareholder in Better Nutritionals. Moreover, plaintiffs fail to establish that a special relationship exists between the VMG defendants and RGL Holdings such that a fiduciary relationship exists between the two. See MH Pillars Ltd. V. Realini, 277 F.Supp.3d 1077, 1095 (N.D. Cal. 2017) ("[A] fiduciary duty will be found only where an individual or entity has knowingly undertaken that high duty or when the law imposes the duty in special relationships such as agency, partnership, or joint venture.").[8]

Accordingly, the Court **DISMISSES** RGL Holdings' claims for breaches of fiduciary duties and aiding and abetting for lack of standing.

**C.     Claim for Violation of the DTSA**

According to the VMG defendants, plaintiffs' DTSA claims fail because:

(1) [plaintiffs] have not alleged a trade secret with any particularity, (2) the purported trade secrets are owned by Goli pursuant to three US Patents and contracts with Better Nutritionals, (3) the same counsel previously alleged that Better Nutritionals owned the same alleged trade secrets, and (4) [p]laintiffs have not alleged that any VMG [d]efendant was connected to the misappropriation in any way.

Dkt. 97 at 10-11. The VMG defendants contend that the Court already found Vitamin Friends' trade secret processes and proprietary formulations to be deficient trade secrets, and that "[p]laintiffs do not state what suppliers constitute Vitamin Friends' trade secrets

---

[8] Plaintiffs also allege that Better Nutritionals has a 3% interest in Goli. FAC ¶ 84. However, this interest at most creates a fiduciary relationship between Goli and Better Nutritionals; it does not create a relationship between RGL Holdings (as Better Nutritional's majority shareholder) and Goli or the VMG defendants. RGL Holdings has not alleged that it has suffered any injury independent from its status as a shareholder in Better Nutritionals.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

or why knowledge of those suppliers would constitute trade secrets." Id. at 11. Further, the VMG defendants assert that Vitamin Friends claims the same trade secrets claimed by Better Nutritionals in prior litigation in an inappropriate effort to circumvent the Bankruptcy Trustee's ownership of these claims. Id. at 13.

MeriCal argues that plaintiffs are judicially estopped from now asserting that Vitamin Friends owns the trade secrets that they previously alleged and swore were owned by Better Nutritionals. Dkt. 98 at 18. MeriCal contends that the bankruptcy court accepted that Better Nutritionals owned the trade secrets and imposed an automatic stay on these assets. Id. at 20. According to MeriCal, "[p]laintiffs' new and inconsistent position that Vitamin Friends owned these supposed trade secrets all along is a textbook example of abandoning one allegation to state the opposite given the 'the exigencies of the moment.'" Id. at 19-20. In addition, MeriCal argues that plaintiffs disclaimed ownership of the trade secrets in Better Nutritionals' contracts with Goli. Dkt. 98 at 21-22. It asserts that Goli owns both the formulation of the products that Better Nutritionals manufactured for Goli and the patents for the ACV product that Better Nutritionals developed for Goli. Id. at 22. Further, MeriCal argues that plaintiffs still fail to identify the trade secrets "with sufficient particularity" or to allege "that (1) Vitamin Friends makes an apple cider product (they do not) (2) MeriCal is even producing any children's product for Goli (it is not) let alone (3) how what MeriCal is supposedly doing misappropriates [p]laintiffs' formulation (it does not)." Id. at 23 (citation omitted).

Agarwal, Michael Bitensky, and Randy Bitensky argue that the patents and the agreements referenced in the FAC reveal that Goli owns the processes, formulations, and products of the ACV gummies, and that this information does not constitute a trade secret. Dkt. 100 at 20-21. Further, they contend that plaintiffs' sole allegation that "[t]he Goli Defendants . . . obtained and misappropriated those trade secrets by improper means" is conclusory and insufficient to plead misappropriation. Id. at 22.

In opposition, plaintiffs assert that the FAC alleges substantial details regarding Vitamin Friends' trade secret processing methodologies, trade secret identification of "the few best manufacturers of ingredients," and trade secret ingredients, including "'the precise flavors to be used, the precise percentage of each flavor in a formulation,' and trade secret 'flavor blockers,' which block out unpleasant flavors from the gummy." Dkt. 109 at 10; dkt. 110 at 8; dkt. 114 at 4. Plaintiffs contend that these details were neither disclosed in the patents nor disclaimed in the contracts between Better Nutritionals and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Goli. Dkt. 109 at 10; dkt. 114 at 4. According to plaintiffs, "[t]he fact that Merical engaged in industrial espionage to uncover the trade secrets formulations and manufacturing processes [] speaks volumes to the existence of important 'trade secrets' owned by Vitamin Friends that were needed [] to manufacture the gummy products it produced for Goli." Dkt. 109 at 10; dkt. 110 at 11; dkt. 114 at 6-7. Further, plaintiffs assert that the Ninth Circuit has permitted more general allegations regarding trade secrets prior to obtaining further particularity in discovery. Dkt. 109 at 10-11; dkt. 110 at 8-9; dkt. 114 at 6. Plaintiffs contend that the patents do not disclose the ingredients or any proprietary processes, such that a manufacturer could not reproduce the ACV product only using the patent's disclosure. Dkt. 109 at 11-12; dkt. 110 at 9; dkt. 114 at 7. Moreover, plaintiffs assert that the trade secrets cover all gummies that Better Nutritionals manufactured for Goli, not just the ACV gummies covered by the patents. Dkt. 114 at 8. With regard to the contracts between Goli and Better Nutritionals, plaintiffs contend that they are not enforceable because they were obtained by fraud and that they nonetheless only cover formulations for ACV gummies and not the trade secret manufacturing processes. Dkt. 109 at 12; dkt. 110 at 10; dkt. 114 at 9.

In response to MeriCal's judicial estoppel argument and the VMG defendants' ownership arguments, plaintiffs assert that both a licensor and licensee are statutory owners of trade secrets under the DTSA. Dkt. 110 at 10; dkt. 114 at 2. Thus, plaintiffs argue that because both Vitamin Friends and Better Nutritionals are owners of the trade secrets, "[t]here are no inconsistencies" between these allegations. Dkt. 110 at 10; dkt. 114 at 3. Finally, plaintiffs contend that they sufficiently allege that Agarwal, Michael Bitensky, and Randy Bitensky as executives, and the VMG defendants as investors, were directly involved in the misappropriation of the trade secrets and further allege their liability and that of MeriCal under California conspiracy law. Dkt. 109 at 12-13; dkt. 110 at 11-12; dkt. 114 at 9-10.

In reply, MeriCal contends that plaintiffs have alleged in bankruptcy filings and prior complaints that Better Nutritionals owned the trade secrets and did not mention Vitamin Friends. Dkt. 115 at 5. MeriCal argues "that judicial estoppel prevents [p]laintiffs from asserting the new factual claims they make here, namely that Vitamin Friends was always the owner and Better Nutritionals was always a licensee, because they benefited from flatly inconsistent allegations in the bankruptcy proceeding." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

Agarwal, Michael Bitensky, and Randy Bitensky assert that "Goli's patent ownership unequivocally forecloses Vitamin Friends' DTSA claim." Dkt. 118 at 9. They further argue that plaintiffs have not alleged facts to hold them liable and cannot use an "implied knowledge theory" to do so. Id. at 11.

The VMG defendants assert that plaintiffs have failed to allege how any of the VMG defendants misappropriated a trade secret, particularly because there is no claim under the DTSA for conspiracy to misappropriate trade secrets. Dkt. 116 at 7. Further, they assert that plaintiffs have not met their burden to "plead how a formula and a process covered by three Goli patents somehow belong to Vitamin Friends and are entitled to trade secret protection" and "say nothing to rebut the presumption that these detailed patents wholly cover their trade secret claims." Id. at 9-10. Similarly, they contend that plaintiffs do not allege in the FAC that the contract providing Goli with ownership of the process, supplier information, and formula for ACV gummies is unenforceable. Id. at 10. Finally, the VMG defendants argue that while plaintiffs assert that the trade secret covers other gummies, plaintiffs only allege that the trade secret concerning ACV gummies was misappropriated. Id. at 10-11.

"To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." InteliClear, LLC v. ETC Glob. Holdings, Inc., 978 F.3d 653, 657–58 (9th Cir. 2020).

As an initial matter, plaintiffs are not judicially estopped from alleging that Vitamin Friends owns the trade secrets in this action. In the bankruptcy proceeding, Better Nutritionals listed the "Gummy Manufacturing Process and Certain Formulations" as one of its interests in the section entitled "[p]atents, copyrights, trademarks, and trade secrets. See dkt. 98-1, Exh. A at 9. Here, plaintiffs allege that "Better Nutritionals obtained and had a license to use the Vitamin Friends proprietary formulations, and trade secret processes." FAC at 46. Because Better Nutritionals as a licensee may have an interest in the trade secrets owned by Vitamin Friends, the Court does not find these positions to be "clearly inconsistent" for purposes of the doctrine of judicial estoppel. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001). The Court therefore proceeds to analyze plaintiffs' DTSA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

At this juncture, the Court finds that Vitamin Friends has adequately pled trade secret misappropriation in violation of the DTSA. At the motion to dismiss stage, "a plaintiff need not 'spell out the details of the trade secret.'" Autodesk, Inc. v. ZWCAD Software Co., 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015). "However, the plaintiff must describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Alta Devices, Inc. v. LG Elecs., Inc., 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) (internal quotations omitted).

Here, Vitamin Friends asserts that it owns trade secrets regarding the names of its suppliers and manufacturers, its gummy manufacturing process, and the formulation for its various gummy flavors. FAC at 46-47. While the Court agrees that Goli's patents extinguish any trade secrets that were disclosed in the patents, Vitamin Friends has sufficiently pled trade secrets that were not covered by the patents or by the agreements between Better Nutritionals and Goli. See Attia v. Google LLC, 983 F.3d 420, 426 (9th Cir. 2020) ("[I]t appears to us to be well-settled that publication of information in a patent application eliminates any trade secrecy"); see also Novation Sols., Inc. v. Issuance Inc., No. 23-CV-00696-WLH-KSX, 2023 WL 5505908, at *7 (C.D. Cal. June 27, 2023) ("[T]rade secrets disclosed in a patent application may still retain trade secret status if [the patent application] does not disclose every aspect of [the trade secret]."). Vitamin Friends has also adequately alleged the misappropriation of its trade secrets and resulting damages. Thus, the Court finds that it is premature to dismiss plaintiffs' DTSA claim. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiffs' DTSA claim.

**D.    Other Arguments in Motions to Dismiss**

In their motions to dismiss, defendants argue that plaintiffs' claims for fraudulent misrepresentations, for breaches of fiduciary duties and aiding and abetting breaches of fiduciary duties, and for RICO violations, should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As the Court has dismissed these claims for either lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) or as claims impermissibly added without leave of court, the Court does not reach these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-06597-CAS (MAAx) | Date | July 24, 2024 |
|----------|--------------------------|------|---------------|
| Title    | SHARON HOFFMAN ET AL V. GOLI NUTRITION, INC. ET AL | | |

### E.   Motions for Sanctions

The Court denies the VMG defendants and Agarwal, Michael Bitensky, and Randy Bitensky's request for sanctions at this time, but reserves judgment on sanctions for decision at the conclusion of the case.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** defendants' motions to dismiss.  The Court **DENIES** defendants' motion to dismiss plaintiffs' DTSA claim.  The Court **GRANTS** defendants' motions to dismiss all of plaintiffs' remaining claims with prejudice, except for the following seven claims that the Court dismisses without prejudice: (1) Odelya Hoffman's claim for intentional infliction of emotional distress against the Goli and VMG defendants; (2) Vitamin Friends' claim for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends' claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) Vitamin Friends' claims for RICO Violations against VMG Partners, Wu, and Marshall; (5) Vitamin Friends' claim for conversion against Goli; and (6) RGL Holdings' claim for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall.  The Court permits plaintiffs to seek leave to amend their complaint subject to the Court's rulings in this order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|----|---|----|
| Initials of Preparer | | CMJ | |