| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | GIBSON, DUNN & CRUTCHER LLP<br>KEVIN S. ROSEN, SBN 133304<br>  KRosen@gibsondunn.com<br>MATTHEW S. KAHN, SBN 261679<br>  MKahn@gibsondunn.com<br>DANIEL NOWICKI, SBN 304716<br>  DNowicki@gibsondunn.comf<br>333 South Grand Avenue<br>Los Angeles, California  90071<br>Telephone:   213.229.7000<br>Facsimile:    213.229.7520 |
| 7<br>8 | *Attorneys for Proposed Defendant<br>DLA PIPER LLP (US)* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODELYA HOFFMAN, RGL MANAGEMENT LLC, RGL HOLDINGS LLC, and VITAMIN FRIENDS LLC,<br><br>       Plaintiffs,<br><br>    v.<br><br>GOLI NUTRITION, INC. (a Canadian corporation), GOLI NUTRITION INC. (a Deleware corporation), 12416913 CANADA INC., DEEPAK AGARWAL, MICHAEL BITENSKY, RANDY BITENSKY, VMG PARTNERS, VMG PARTNERS IV, LP, VMG PARTNERS MENTORS CIRCLE IV L.P., WAYNE WU, JONATHAN MARSHALL, MERICAL INC., AND ROGER TYRE,<br><br>       Defendants. | CASE NO. 2:23-cv-06597-CAS-MAA<br><br>**PROPOSED DEFENDANT DLA PIPER LLP (US)'S OPPOSITION TO MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>**Hearing:**<br>DATE:   September 9, 2024<br>TIME:   10:00 a.m.<br>PLACE:  Courtroom 8D<br>             350 W. First Street<br>             Los Angeles, CA 90012<br>JUDGE:  Hon. Christina A. Snyder |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. PROCEDURAL HISTORY .................................................................................3

    A. DLA Moves To Dismiss, And The Court Dismisses, Both Claims Against It ....................................................................................................3

    B. Plaintiffs File Their First Amended Complaint, Dropping DLA As A Party .....................................................................................................4

    C. Hoffman Refuses To Explain Whether He Intends To Again Add DLA As A Party ..................................................................................4

    D. Hoffman Files His Motion For Leave, Which Is Silent As To DLA ....5

III. LEGAL STANDARD .........................................................................................6

IV. ARGUMENT .......................................................................................................6

    A. The Motion Should Be Denied Because Hoffman Violated The Court's Prior Order..................................................................................6

        1. Hoffman's Failure To Comply With The Court's Order To Amend By February 14 Constitutes Bad Faith And Undue Delay ..........................................................................................7

        2. Dismissal With Prejudice Is Appropriate Under Rule 41(b) ......8

    B. Hoffman's Motion Should Be Denied Because Amendment Would Be Futile ..................................................................................................9

        1. The Proposed SAC Still Does Not Allege Injury To Hoffman ..9

        2. The Claim Against DLA Is Still Time-Barred ..........................10

    C. Sanctions Are Warranted....................................................................13

V. CONCLUSION ..................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006) ............................................................................. 2, 7

*Ascon Props., Inc. v. Mobil Oil Co.*,
   866 F.2d 1149 (9th Cir. 1989) ............................................................................. 6

*Baker v. Italian Maple Holdings, LLC*,
   13 Cal.App.5th 1152 (2017) .............................................................................. 11

*Becker v. Wells Fargo Bank, N.A., Inc.*,
   2014 WL 2575481 (E.D. Cal. June 9, 2014) ................................................. 9, 10

*De Leon v. Subaru of Am., Inc.*,
   2023 WL 2663264 (C.D. Cal. Mar. 1, 2023) ...................................................... 1

*Elliott v. Mitsubishi Cement Corp.*,
   2008 WL 4286985 (C.D. Cal. Sept. 15, 2008) ..................................... 3, 11, 12, 13

*F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*,
   244 F.3d 1128 (9th Cir. 2001) ........................................................................... 13

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ............................................................................. 13

*Galletta v. Wells Fargo Bank, Nat'l Ass'n*,
   2013 WL 12142950 (C.D. Cal. Jan. 9, 2013) .................................................... 10

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) ........................................................................................... 13

*Harris v. Kyle*,
   2020 WL 5793803 (E.D. Cal. 2020) ................................................................... 7

*Hensley v. Caietti*,
   13 Cal.App.4th 1165 (1993) ......................................................................... 3, 11

*Hous. Auth. of the City of Los Angeles v. PCC Tech. Indus., Inc.*,
   2014 WL 12923488 (C.D. Cal. Aug. 18, 2014) .............................................. 2, 7

*Khachatryan v. Costco Wholesale Corp.*,
   2024 WL 3055697 (C.D. Cal. Apr. 12, 2024) ................................................... 10

*Kong v. Orange City Mills Ltd. P'ship*,
   2020 WL 14005152 (C.D. Cal. Sept. 16, 2020) .................................................. 8

*Lewis v. City of Culver City*,
   2018 WL 6307878 (C.D. Cal. Apr. 18, 2018) ................................................. 2, 8

*Lockton v. O'Rourke*,
    184 Cal.App.4th 1064 (2010) .................................................................. 12

*Mir v. Fosburg*,
    646 F.2d 342 (9th Cir. 1980) ..................................................................... 6

*Newpoint Fin. Corp. v. Bermuda Monetary Auth.*,
    680 F. Supp. 3d 1151 (C.D. Cal. 2023) ..................................................... 1

*Nunes v. Ashcroft*,
    375 F.3d 805 (9th Cir. 2003) ..................................................................... 9

*Ortega v. Nissan N. Am., Inc.*,
    2023 WL 3569795 (E.D. Cal. May 18, 2023) ........................................... 2

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) ..................................................................... 8

*Pension Tr. Fund for Operating Engineers Loc. 3 v. McMorgan & Co.*,
    2007 WL 201247 (E.D. Cal. Jan. 24, 2007) ............................................. 12

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
    223 Cal.App.4th 1105 (2014) .................................................................. 11

*Swanson v. U.S. Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996) .............................................................. 2, 7, 8

*Tracy Anderson Mind & Body, LLC v. Roup*,
    2023 WL 6890746 (C.D. Cal. June 12, 2023) ........................................... 8

*White v. FBI*,
    2024 WL 3880609 (C.D. Cal. Apr. 1, 2024) ............................................. 6

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ................................................................. 2, 8

**Statutes**

Cal. Civ. Proc. Code § 340.6(a) ..................................................................... 11

Cal. Civ. Proc. Code § 340.6(a)(2) ................................................................ 12

**Rules**

Fed. R. Civ. P. 11(c)(2) .................................................................................. 13

## I.    INTRODUCTION

Plaintiff Sharon Hoffman cannot bring Proposed Defendant DLA Piper LLP (US) ("DLA") back into this case over *seven months* after this Court dismissed all claims against it. His motion should be denied, and he and his counsel should be sanctioned for filing it.

On January 17, 2024, this Court granted DLA's Motion to Dismiss in its entirety because Hoffman, the only Plaintiff who had brought a claim against DLA, failed to allege that DLA caused any injury to him. ECF No. 81 at 16–17. Hoffman had sued DLA for legal malpractice and breach of fiduciary duty, alleging that DLA gave him and non-party Better Nutritionals LLC ("Better Nutritionals") deficient legal advice when negotiating contracts executed in 2020. This Court ruled that, at most, the Complaint alleged an injury to Better Nutritionals, *not* Hoffman. *Id.* at 16. While the Court granted Hoffman and the other Plaintiffs leave to amend by February 14, 2024, Plaintiffs' subsequent amended complaint did not assert *any* claims against DLA. ECF No. 83. DLA thus was dropped from this case and terminated as a party on the docket on February 14, 2024. Dkt., Case No. 2:23-cv-06597-CAS-MAA (noting DLA was "TERMINATED" as a party).

Now, Hoffman suddenly wants to re-allege the *same* malpractice claim against DLA that he previously abandoned. His motion for leave to amend does not offer any explanation why he should be allowed to do so, and he cannot make up an explanation on reply. *Newpoint Fin. Corp. v. Bermuda Monetary Auth.*, 680 F. Supp. 3d 1151, 1163 n.3 (C.D. Cal. 2023). Indeed, aside from naming DLA as a proposed defendant, the motion does not discuss DLA *at all*. And Hoffman never met and conferred with DLA about this motion as required by Local Rule 7-3. *See infra* pp. 4–5.[1] Rather, he simply decided to sneak the prior, dismissed claim against DLA into his proposed new

---

[1] Hoffman's violation of Local Rule 7-3 is an additional reason to deny his motion. *See e.g.*, *De Leon v. Subaru of Am., Inc.*, 2023 WL 2663264, at *1 (C.D. Cal. Mar. 1, 2023) ("Because Plaintiff inexcusably breached L.R. 7-3, the Court DENIES Plaintiff's Motion.").

complaint without offering DLA or this Court any justification for doing so. This improper maneuver should be rejected for at least three independent reasons.

*First*, Hoffman's motion is barred by this Court's prior order. When this Court dismissed the claims against DLA, it gave him until February 14, 2024, to replead. ECF No. 81 at 26. He elected not to replead any claims against DLA. And he does not cite any case where a plaintiff has been allowed to ignore a court's deadlines for amending in response to dismissal order, and then, many months later, re-allege the same claim that was previously dismissed—particularly when no explanation for the delay is offered. To the contrary, the Ninth Circuit has squarely held that leave to amend is properly *denied* when the plaintiff "previously had an opportunity to timely amend its complaint and it failed to do so." *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming denial of motion for leave to amend); *see also, e.g.*, *Hous. Auth. of the City of Los Angeles v. PCC Tech. Indus., Inc.*, 2014 WL 12923488, at *8 (C.D. Cal. Aug. 18, 2014) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006))); *Ortega v. Nissan N. Am., Inc.*, 2023 WL 3569795, at *8 (E.D. Cal. May 18, 2023) (denying leave to amend when plaintiff had prior opportunity to amend and failed to take it). For that reason alone, the motion should be denied.

*Second*, Hoffman's failure to amend by the Court's deadline is grounds to dismiss his prior claims against DLA with prejudice under Rule 41(b). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order …." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). District courts may dismiss with prejudice on their own initiative when a plaintiff fails to amend by the court's deadlines, and the Court should do so here. *See, e.g.*, *Lewis v. City of Culver City*, 2018 WL 6307878, at *1 (C.D. Cal. Apr. 18, 2018) (court dismissed claims with prejudice on its own initiative because plaintiff was

nine days late in amending).

*Third*, even setting these insurmountable defects aside, the motion should be denied for futility because the claim Hoffman seeks to renew remains fatally defective. Hoffman's sparse new allegations utterly fail to correct the flaw that led this Court to grant DLA's prior Motion to Dismiss—his failure to allege facts showing that he personally was injured by DLA's allegedly deficient negotiation of contracts in 2020. The proposed complaint does not fix this problem, because it does not make *any* new factual allegations of personal harm caused by DLA.

Hoffman's claim also remains time-barred. As DLA explained in its prior Motion to Dismiss, under California Code of Civil Procedure Section 340.6, a legal malpractice claim must be brought within one year. *See* ECF No. 18-1 at 2–3. And when the plaintiff alleges the attorney deficiently negotiated a contract, the claim accrues as soon as the contract is signed. *Hensley v. Caietti*, 13 Cal.App.4th 1165, 1175 (1993); *Elliott v. Mitsubishi Cement Corp.*, 2008 WL 4286985, at *3 (C.D. Cal. Sept. 15, 2008). Here, Hoffman alleges DLA deficiently negotiated contracts that were executed "in 2020" (*see* ECF No. 134-2 (the "proposed SAC" or "PSAC") ¶ 86), so Hoffman's malpractice claim expired by the end of 2021—years before this lawsuit was filed. *See Elliott*, 2008 WL 4286985, at *3 (dismissing analogous claims against attorney that were filed years after the relevant contracts were executed).

Hoffman flouted this Court's deadlines and is re-alleging the same claim that this Court already dismissed without new factual allegations. His motion should be denied, and he and his counsel should be sanctioned.

## II.   PROCEDURAL HISTORY

### A.   DLA Moves To Dismiss, And The Court Dismisses, Both Claims Against It

On October 30, 2023, DLA moved to dismiss Hoffman's claims against it because (1) the claims were time-barred, and (2) Hoffman lacked standing to pursue them in any event. ECF No. 18-1 at 2–4. On January 22, 2024, the Court granted DLA's motion and dismissed Hoffman's claims for lack of standing; the Court did not reach DLA's

argument that the claims also were time-barred. ECF No. 81 at 15 n.3. The Court explained that the allegations that "but for DLA Piper's malpractice, *Better Nutritionals* would not have been in a poor business position," and their "conclusory claims that [Hoffman] has been damaged as a result of DLA Piper's malpractice and … breach of fiduciary duty," did "not ple[ad] with sufficient particularity the actual harm that [Hoffman] suffered as a result of DLA Piper's conduct." *Id.* at 16 (cleaned up, emphasis in original).

The Court allowed "Hoffman leave to amend his complaint to plead, with additional specificity, harms that he *personally* suffered as a result of his representation by DLA Piper." ECF No. 81 at 16–17. The Court gave Hoffman and the other Plaintiffs until February 14, 2024, to file an amended complaint. *Id.* at 26.

**B.    Plaintiffs File Their First Amended Complaint, Dropping DLA As A Party**

On February 14, 2024, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 83. The FAC did not re-plead *any* of Hoffman's claims against DLA. Nor did it list DLA as a defendant. Accordingly, that same day, DLA was terminated as a party on the docket. *See* Dkt., Case No. 2:23-cv-06597-CAS-MAA. After Hoffman dropped all claims against DLA in the FAC, DLA and its counsel were uninvolved in this case. Declaration of Daniel Nowicki ("Nowicki Decl.") ¶ 4.

**C.    Hoffman Refuses To Explain Whether He Intends To Again Add DLA As A Party**

On August 9, 2024—a week before filing the present motion for leave to amend—Hoffman's counsel Max Folkenflik sent an email to counsel for a number of Defendants and copied one of DLA's attorneys, Daniel Nowicki, who is not lead counsel for DLA. Nowicki Decl. ¶¶ 2, 5, Ex. A at 9. Folkenflik's email did not mention DLA; instead, he asserted that "I intend to move for leave to add Sharon as a party on the claims where he previously (pre-amendment) appeared," and asked Defendants to "[p]lease consider this a request to meet and confer on that aspect of the motion for leave not previously addressed by the Court." *Id.* ¶ 5 & Ex. A at 9.

Folkenflik did not explain what "aspect of the motion for leave" he was referring to or whether he was proposing to add DLA back into the case. Given the ambiguity, DLA's counsel Nowicki responded: "Mr. Folkenflik, if you are intending to contact counsel for DLA Piper, who is not a party to your lawsuit and has not been a party since the claims against it were dismissed in January 2024, please include Mr. Rosen [lead counsel for DLA] and Mr. Kahn [another lawyer for DLA]." Nowicki Decl. ¶ 7 & Ex. A at 8.

Folkenflik failed to respond to Nowicki's email. Nowicki Decl. ¶ 8. Nowicki again emailed Folkenflik on August 13, 2024, stating that "DLA Piper is not a party to this case and we do not understand your email to be directed to DLA Piper." *Id.* ¶ 8 & Ex. A at 6. Folkenflik again never responded. *Id.* ¶ 8.

## D.   Hoffman Files His Motion For Leave, Which Is Silent As To DLA

On August 16, 2024, Hoffman and the other Plaintiffs filed their motion for leave to amend (ECF No. 134) along with a proposed Second Amended Complaint that (among other things) seeks to add DLA back as a defendant. The proposed SAC tracks the original Complaint in alleging that DLA represented Hoffman and Better Nutritionals in connection with a "stock swap" transaction with Goli Nutrition Inc. ("Goli"). PSAC ¶¶ 86–90; *compare* ECF No. 1 ¶¶ 61–65. The stock swap agreements allegedly contained provisions that were purportedly harmful to Better Nutritionals, and Hoffman conclusorily alleges that DLA breached its duties when it advised Better Nutritionals to enter into the stock swap in 2020. PSAC ¶ 185. Better Nutritionals then supposedly suffered damages when, in 2021, Goli refused to purchase products that it had agreed to buy and decreased the size of its purchase orders. *Id.* ¶¶ 96, 99–100, 114.

Also as with the original Complaint, the proposed SAC does not identify any specific injury to *Hoffman* caused by DLA. Instead, it alleges only that, if the contracts had been better-negotiated, "*Better Nutritionals* would not have been" in the allegedly poor business position it was in after the stock-swap. PSAC ¶ 185 (emphasis added). The proposed SAC does include a paragraph that begins with the insufficient legal

conclusion that "Sharon Hoffman hasbeen [sic] damaged as a result of Defendant's malpractice," but the paragraph that follows this statement is entirely unintelligible and lacking in factual allegations of harm to Hoffman. In full, it states:

> As a result of the foregoing, Plaintiff Sharon Hoffman hasbeen damaged as a result of Defendant's malpractice void the purchase by Goli of 25% of Better Nutritionals and the restrictions imposed by the Purchase Agreement, Shareholders' Agreement and the Better Nutritionals Operating Agreement. void the purchase by Goli of 25% of Better Nutritionals and the restrictions imposed by the Purchase Agreement, Shareholders' Agreement and the Better Nutritionals Operating Agreement.jeach of the preceding paragraphs as if fully set forth herein.

*Id.* ¶ 186 (errors in original).[2]

### III.   LEGAL STANDARD

"[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint." *White v. FBI*, 2024 WL 3880609, at *4 (C.D. Cal. Apr. 1, 2024) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). Leave may be denied where "the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

### IV.   ARGUMENT

**A.   The Motion Should Be Denied Because Hoffman Violated The Court's Prior Order**

Hoffman inexplicably failed to comply with the Court's deadline to amend as to DLA. He was obligated to amend his dismissed claims against DLA by February 14, 2024. ECF No. 81 at 26. But he failed to do so, and he has offered no excuse whatsoever for waiting to make this motion until over six months later.

---

[2] The proposed SAC also alleges that "DLA breached its fiduciary duties to Better Nutritionals and Sharon Hoffman," PSAC ¶188, but it does not actually assert a cause of action for breach of fiduciary duty against DLA.

Hoffman's disregard for the Court's deadlines supports denial of his motion for two separate but related reasons: (1) because Hoffman was given an opportunity to amend his claims and declined to take it, his six-months-late motion for leave should be denied as being in bad faith and for causing undue delay; and (2) because Hoffman ignored the Court's deadline, he violated a court order and his claims against DLA should be dismissed with prejudice under Rule 41(b).

### 1. Hoffman's Failure To Comply With The Court's Order To Amend By February 14 Constitutes Bad Faith And Undue Delay

Hoffman's failure to amend within the Court's deadlines is grounds by itself for denying leave to amend—particularly because Hoffman provides *no explanation whatsoever* for why he ignored the Court's February 14, 2024 deadline and is only seeking leave to amend now, six months later. "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Hous. Auth.*, 2014 WL 12923488, at *8 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). In *Swanson*, the plaintiff was given an opportunity to amend its claim and failed to do so for months. The Ninth Circuit held that because the plaintiff was "inexplicably late [in] filing … its motion to amend, … the district court's denial of the motion was proper." 87 F.3d at 345; *see also Harris v. Kyle*, 2020 WL 5793803, at *2 (E.D. Cal. 2020) (denying leave to amend because "Plaintiff provides no explanation for his failure to amend his complaint when given the opportunity to do so, nor does he provide an explanation for his more than one year delay in seeking to amend").

Here, Hoffman was given an opportunity to amend and replead claims against DLA by February 14, 2024, and he made the decision not to do so. His motion now is "inexplicably late," and he does not provide *any* explanation for why he waited six months beyond the Court's deadline to attempt to replead claims against DLA. *Swanson*, 87 F.3d at 345. Hoffman's motion for leave does not discuss DLA *at all*, other than merely to list it as a defendant he seeks to add. *See* ECF No. 134-1 at 2. And the

proposed SAC simply repleads the same legal malpractice claim against DLA that Hoffman already pleaded and the Court dismissed. *See infra* pp. 9–10. Because Hoffman "previously had an opportunity to timely amend [his] complaint and [he] failed to do so," leave to amend should be denied. *Swanson*, 87 F.3d at 345.

### 2. Dismissal With Prejudice Is Appropriate Under Rule 41(b)

Rule 41(b) provides an independent ground to reject Hoffman's untimely attempt to bring DLA back into this case. Under Rule 41(b), the Court may dismiss claims with prejudice when a plaintiff fails to amend within the time given by a court order. "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order …." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). No separate motion is required—courts may dismiss with prejudice *sua sponte* when a plaintiff fails to amend by the court's deadlines. *See, e.g.*, *Lewis*, 2018 WL 6307878, at *1 (court dismissed claims with prejudice on its own initiative because plaintiff was nine days late in amending).

Courts consider five factors when determining whether to dismiss with prejudice: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). In a case where the plaintiff has ignored a court deadline to amend, at least three of the factors "strongly" favor dismissal with prejudice: the public's interest in expeditious resolution; the court's need to manage its docket; and the prejudice to the defendant. *Tracy Anderson Mind & Body, LLC v. Roup*, 2023 WL 6890746, at *4 (C.D. Cal. June 12, 2023). For that reason, courts typically dismiss claims with prejudice when a plaintiff fails to amend a dismissed claim within the deadline given by the Court. *See, e.g., id.*; *Lewis*, 2018 WL 6307878, at *1; *Kong v. Orange City Mills Ltd. P'ship*, 2020 WL 14005152, at *1 (C.D. Cal. Sept. 16, 2020) (dismissing claims with prejudice when

plaintiffs were several "months" late in amending).

The Court should do the same here. Hoffman's motion for leave to amend was filed over six months after the February 14 deadline. The Court should dismiss Hoffman's claims against DLA with prejudice under Rule 41(b) and deny his motion for leave to amend for that reason.

**B.   Hoffman's Motion Should Be Denied Because Amendment Would Be Futile**

Leave to amend also should be denied here for futility. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."). "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Becker v. Wells Fargo Bank, N.A., Inc.*, 2014 WL 2575481, at *4 (E.D. Cal. June 9, 2014). Here, allowing amendment would be futile for two reasons: (1) Hoffman has failed to allege any facts showing harm to him personally; and (2) Hoffman's claim is time-barred.

**1.   The Proposed SAC Still Does Not Allege Injury To Hoffman**

Leave to amend to assert a legal malpractice claim against DLA is futile because Hoffman has not alleged facts showing that DLA directly injured him personally. This Court already dismissed the same claim against DLA earlier this year on this ground. The Court explained that "Sharon Hoffman has not pled with sufficient particularity the actual harm that he suffered as a result of DLA Piper's conduct," as he "merely claim[ed] that 'but for DLA Piper's malpractice, *Better Nutritionals* would not have been in a poor business position.'" ECF No. 81 at 16 (emphasis in original). The Court "grant[ed] Sharon Hoffman leave to amend his complaint to plead, with additional specificity, harms that he personally suffered as a result of his representation by DLA Piper," but explained that "such harms must be independent of Sharon Hoffman's status as a shareholder of Better Nutritionals." *Id.*

The proposed SAC does nothing to cure the issues identified by the Court. Hoffman does not seek to assert *any* new allegations of fact concerning specific harm

DLA allegedly caused him.  The proposed SAC merely repeats the *same* statement that the Court quoted when finding that the original Complaint had pleaded harm to Better Nutritionals, *not* Hoffman, *i.e.*, the conclusory allegation that "[b]ut for DLA Piper's [conduct] … *Better Nutritionals*" (not Hoffman) "would not have been" in the allegedly poor position it found itself.  PSAC ¶¶ 185, 188.  Hoffman thus is simply "reassert[ing] a claim on which the court previously ruled," without alleging facts that address the Court's ruling.  *Becker*, 2014 WL 2575481, at *4.

While the proposed SAC includes a paragraph that purports to address how "Plaintiff Sharon Hoffman hasbeen [sic] damaged," that paragraph is incomprehensible, as demonstrated *supra* p. 6.  PSAC ¶ 186.  And as the Court already held, the conclusory assertion that Hoffman was "damaged" is not credited on a motion to dismiss.  ECF No. 81 at 16 (rejecting Hoffman's reliance on the "conclusory claims" that Hoffman "has[] been damaged as a result of [DLA Piper's malpractice]"); *see also Galletta v. Wells Fargo Bank, Nat'l Ass'n*, 2013 WL 12142950, at *3 (C.D. Cal. Jan. 9, 2013) ("conclusory" allegation of injury does not state a claim).

Because the proposed SAC does not fix the defects that led to the Complaint's dismissal, pursuing the proposed amended claim against DLA would be futile, and thus the motion should be denied.  *See, e.g.*, *Khachatryan v. Costco Wholesale Corp.*, 2024 WL 3055697, at *3 (C.D. Cal. Apr. 12, 2024) (amendment that "merely restates the same facts" or "same claims" is futile); *Becker*, 2014 WL 2575481, at *4 (same).

### 2. The Claim Against DLA Is Still Time-Barred

The motion also should be denied because the proposed claim against DLA remains time-barred.  As DLA explained in its prior Motion to Dismiss, California Code of Civil Procedure Section 340.6 imposes a one-year statute of limitations on claims against an attorney arising from the attorney's "performance of professional services."  Cal. Civ. Proc. Code § 340.6(a); ECF No. 18-1 at 2–3.[3]

---

[3] Even if Hoffman had proposed to re-assert a breach of fiduciary duty claim (he did not, *see supra* n.2), that claim would be barred too.  Section 340.6 applies to any non-fraud

   Hoffman's proposed claim against DLA for legal malpractice is based on allegations that DLA, on behalf of non-party Better Nutritionals and Hoffman, deficiently negotiated contracts with Goli in 2020 and "fail[ed] to act to obtain and preserve critical rights" in those contracts. PSAC ¶ 185.  Under California law, a client who alleges they entered into a "bad" contract as a result of their attorney's advice incurs an injury at the moment the contract is entered into, because at that moment, the client's legal rights have changed.  *Hensley*, 13 Cal.App.4th at 1175; ECF No. 18-1 at 11.  The client is deemed to know of the allegedly poor terms as soon as it signs the contract, because "it is well established that a party who signs a document is presumed to have read it and to understand its contents."  *Baker v. Italian Maple Holdings, LLC*, 13 Cal.App.5th 1152, 1162 n.6 (2017); ECF No. 18-1 at 12.

   Therefore, Hoffman's proposed claim against DLA accrued when the allegedly deficient contracts were signed in 2020.  The statute of limitations expired a year later in 2021—long before this case was filed in August 2023.  *Elliott* is directly on point.  There, the court granted a motion to dismiss analogous malpractice claims as untimely when plaintiffs brought suit against their attorneys for deficiently negotiating contracts more than a year after the contracts were signed.  *Elliott*, 2008 WL 4286985, at *3.

   Hoffman's opposition to DLA's Motion to Dismiss argued the statute of limitations for his claims was tolled because DLA supposedly represented him in some unidentified capacity until August 15, 2022.  *See* ECF No. 57 at 13–14.  But even if that were true (it is not, as DLA explained in its Motion to Dismiss, ECF No. 18-1 at 13–14), the mere allegation that DLA and Hoffman had *some* unidentified attorney-client relationship does not support continuous representation tolling.  Such tolling applies only when the "attorney continues to represent the plaintiff regarding the *specific subject matter* in which the alleged wrongful act or omission occurred."  Cal. Civ. Proc. Code

---

cause of action arising from the attorney's allegedly deficient professional services, including breach of fiduciary duty.  *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1121 (2014).

§ 340.6(a)(2) (emphasis added). "Therefore, [t]he inquiry is not whether an attorney-client relationship still exists but when the representation of the *specific matter* terminated." *Lockton v. O'Rourke*, 184 Cal.App.4th 1051, 1064 (2010) (quotations omitted, emphasis in original).

"In applying this 'continuous representation' exception, courts have interpreted 'specific subject matter' very narrowly." *Elliott*, 2008 WL 4286985, at *4. When, as here, a plaintiff alleges that an attorney deficiently negotiated a contract, the "specific subject matter" is the negotiation of *that* contract—not any work the attorney may have done for the client after the contract was executed. In *Elliott*, the plaintiffs alleged the defendant lawyers committed malpractice in connection with contracts executed in 2001 and also that the lawyers continued to represent the plaintiffs through 2003, supporting continuous representation tolling. *Id.* at *1, *3. The court rejected this argument, explaining: "the Defendants' 2003 negotiations are *related* to the 2001 [contracts], but they are not of *the same specific subject matter*." *Id.* at *4 (emphasis added). "Once the [contracts] were completed in June 2001, Defendants were no longer representing Plaintiffs in the specific subject matter at issue," and thus even if the defendant lawyers may have done other work for the plaintiffs on other matters—even "related" matters— continuous representation tolling could not apply. *Id.*; *see also, e.g.*, *Pension Tr. Fund for Operating Engineers Loc. 3 v. McMorgan & Co.*, 2007 WL 201247, at *9 (E.D. Cal. Jan. 24, 2007) (no tolling where "Plaintiffs have not explained or alleged how their attorneys continued to represent them specifically with regard to completed transactions after those transactions were completed").

The same rule applies here. The proposed SAC alleges DLA committed malpractice in connection with specific contracts, causing those contracts to favor Goli over nonparty Better Nutritionals. DLA's representation on that "specific subject matter at issue" ended when the contracts were executed in 2020. *Elliott*, 2008 WL 4286985, at *4. Thus, even if DLA subsequently represented Hoffman with respect to some *other* matters—even a "related" matter, which the proposed SAC does *not* allege—the

representation that counts for this case was over in 2020, and the claim against DLA thus expired by the end of 2021. *Id.*

### C. Sanctions Are Warranted

As demonstrated above, Hoffman's motion for leave to replead his previously dismissed claim against DLA is factually and legally baseless and has wasted the Court's and the parties' time and resources. Because DLA had to respond to Hoffman's motion quickly, and because the hearing on the motion is set for September 9, DLA did not have time to move for sanctions against Hoffman under Rule 11. Fed. R. Civ. P. 11(c)(2) (Rule 11 motion must be preceded by service of a motion for sanctions 21 days before filing the motion). Nevertheless, this Court can and should sanction Hoffman and his counsel under its inherent authority to prevent "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 102 (2017) ("Federal courts possess certain inherent powers… includ[ing] the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").

Hoffman has acted in bad faith and to harass DLA. He knew his motion to replead a claim against DLA was filed six months after the deadline set by this Court, and he had no factual basis to replead the malpractice claim that was already dismissed. Yet he went ahead anyway. The Court should sanction Hoffman and his counsel by ordering them to pay DLA's attorney's fees for responding to the motion. *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1142 (9th Cir. 2001) (affirming sanction award under inherent power to issue "a compensatory award payable to a party").

### V. CONCLUSION

Hoffman's motion for leave to amend to add DLA back into this case should be denied; the previously dismissed claims against DLA should be dismissed with prejudice pursuant to Rule 41; and Hoffman and his counsel should be sanctioned.

DATED: August 26, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Kevin S. Rosen*
Kevin S. Rosen
Matthew S. Kahn
Daniel Nowicki

*Attorneys for Proposed Defendant DLA PIPER LLP (US)*

**CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)**

The undersigned, counsel of record for Proposed Defendant DLA certifies that this brief contains 4,689 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 26, 2024

/s/ *Kevin S. Rosen*
Kevin S. Rosen

15

DLA'S OPPOSITION TO MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT