UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:    **(IN CHAMBERS)** - DEFENDANT DLA PIPER LLP (US)'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. 160, filed on October 18, 2024)

DEFENDANTS VMG PARTNERS IV, L.P., VMG PARTNERS MENTORS CIRCLE IV, L.P., VMG PARTNERS II, LLC, WAYNE WU, AND JONATHAN MARSHALL'S MOTION TO STRIKE AND/OR DISMISS SECOND AMENDED COMPLAINT (Dkt. 162, filed on October 18, 2024)

DEFENDANTS DEEPAK AGARWAL, MICHAEL BITENSKY, AND RANDY BITENSKY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Dkt. 163, filed on October 18, 2024)

(In Chambers): DEFENDANTS DEEPAK AGARWAL, MICHAEL BITENSKY, AND RANDY BITENSKY'S MOTION TO STRIKE PLAINTIFFS' ERRATA (Dkt. 180, filed on November 12, 2024)

## I.    INTRODUCTION

On August 11, 2023, plaintiffs Sharon and Odelya Hoffman (the "Hoffmans"), RGL Holdings LLC ("RGL Holdings"), RGL Management LLC ("RGL Management"), and Vitamin Friends LLC ("Vitamin Friends") filed a complaint against defendants Goli Nutrition, Inc. (Canada), Goli Nutrition, Inc. (Delaware), 12416913 Canada Inc., Deepak Agarwal ("Agarwal"), Michael Bitensky (collectively, "the Goli defendants"), VMG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Partners, LLC, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP
(collectively, "the VMG defendants"), MeriCal Inc. ("MeriCal"), and DLA Piper LLP
(US) ("DLA Piper"). Dkt. 1 ("Compl.").

The complaint alleged nine claims for relief: (1) Vitamin Friends brought claims
pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, against the Goli
defendants, the VMG defendants, and MeriCal; (2) the Hoffmans brought claims for
fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3)
the Hoffmans and RGL Holdings brought claims for breaches of fiduciary duties against
Goli and the VMG defendants; (4) RGL Holdings, Vitamin Friends, and Sharon Hoffman
brought claims for aiding and abetting against the VMG defendants; (5) the Hoffmans,
Vitamin Friends, and RGL Management brought claims for violation of the Racketeer
Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against Goli,
Agarwal, and Michael Bitensky; (6) Sharon Hoffman brought claims for securities fraud
against Goli, Agarwal, and Michael Bitensky; (7) plaintiffs brought claims for legal
malpractice against DLA Piper; (8) plaintiffs brought claims for breach of fiduciary duty
against DLA Piper; and (9) RGL Management brought a claim for conversion against
Goli. Id.

On October 27, 2023, MeriCal filed a motion to dismiss the first claim. Dkt. 15.
On October 30, 2023, DLA Piper filed a motion to dismiss plaintiffs' complaint. Dkt. 18.
That same day, the VMG defendants filed a motion for sanctions and a motion to dismiss
plaintiffs' complaint. Dkts. 19, 20. The Goli defendants also filed a motion to dismiss
plaintiffs' complaint. Dkt. 21. On October 31, 2023, DLA Piper filed a motion for
sanctions. Dkt. 22. On January 17, 2024, the Court granted defendants' motions to
dismiss plaintiffs' complaint. Dkt. 81. The Court dismissed all of plaintiffs' claims for
lack of standing, with the exception of Vitamin Friends' claims for trade secret
infringement and Sharon Hoffman's claims for securities fraud. Id. The Court separately
dismissed Vitamin Friends' claims for trade secret infringement for failure to state a
claim and Sharon Hoffman's claims for securities fraud as compulsory counterclaims that
should have been brought in the pending Goli v. Hoffman litigation, No. 5:23-cv-00514-
GW-KKx (C.D. Cal.) (the "pending Goli litigation"). Id. The Court granted plaintiffs
leave to amend the claims that were dismissed for lack of standing, as well as Vitamin
Friends' DTSA claims. Id. The Court also found that, even if Sharon Hoffman had
standing to assert claims for fraudulent misrepresentations, breach of fiduciary duties,
securities fraud, and violation of RICO, such claims should have been brought as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

compulsory counterclaims in the pending <u>Goli</u> litigation. <u>Id.</u> Accordingly, the Court dismissed Sharon Hoffman's claims with prejudice. <u>Id.</u>

On February 14, 2024, plaintiffs filed an amended complaint against Goli, 12416913 Canada Inc., Agarwal, Michael Bitensky, Randy Bitensky,[1] VMG Partners, Wayne Wu, Jonathan Marshall, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP, MeriCal, and Roger Tyre. Dkt. 83 ("FAC"). The FAC alleged eight claims for relief: (1) Vitamin Friends brought claims against the Goli defendants, the VMG defendants, and MeriCal pursuant to the DTSA; (2) Odelya Hoffman and Vitamin Friends brought claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends and RGL Holdings brought claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) Vitamin Friends and RGL Holdings brought claims for aiding and abetting Goli's breaches of fiduciary duties against the VMG defendants; (5) Odelya Hoffman, Vitamin Friends, and RGL Holdings brought claims for violations of RICO against Goli, Agarwal, and Michael Bitensky; (6) Odelya Hoffman, Vitamin Friends, and RGL Holdings brought claims for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall; (7) Odelya Hoffman brought a claim for intentional infliction of emotional distress ("IIED") against the Goli defendants and the VMG defendants; and (8) Vitamin Friends and RGL Management brought claims for conversion against Goli. <u>Id.</u>

On March 29, 2024, the Goli defendants filed a notice of suggestion of bankruptcy. Dkt. 86. On April 29, 2024, the Court, having received the Goli defendants' March 29, 2024 notice and April 22, 2024 joint status report, stayed the action as to Goli only. Dkt. 96; <u>see also</u> dkt. 92. On May 3, 2024, the VMG defendants, MeriCal, and Agarwal, Michael Bitensky, and Randy Bitensky filed motions to dismiss plaintiffs' FAC. Dkts. 97, 98, 100. Agarwal, Michael Bitensky, and Randy Bitensky also filed a motion for Rule 11 sanctions. Dkt. 99. On May 24, 2024, the VMG defendants filed a motion for Rule 11 sanctions. Dkt. 107.

On July 24, 2024, the Court denied defendants' requests for sanctions, but reserved judgment on sanctions for decision at the conclusion of the case. Dkt. 128. On the same day, the Court denied defendants' motions to dismiss plaintiffs' DTSA claim and granted defendants' motions to dismiss all of plaintiffs' remaining claims with prejudice, except

---

[1] For purposes of the FAC and thereafter, the term "the Goli defendants" also includes Randy Bitensky.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

for the following six claims that the Court dismissed without prejudice: (1) Odelya
Hoffman's claim for IIED against the Goli defendants and the VMG defendants; (2)
Vitamin Friends' claim for fraudulent misrepresentation against the Goli defendants and
the VMG defendants; (3) Vitamin Friends' claims for breaches of fiduciary duties against
Goli and the VMG defendants; (4) Vitamin Friends' claims for RICO violations against
VMG Partners, Wu, and Marshall; (5) Vitamin Friends' claim for conversion against
Goli; and (6) RGL Holdings' claim for violations of Section 1962(d) of RICO against
VMG Partners, Wu, and Marshall.  Id.

On August 16, 2024, plaintiffs filed a motion for leave to further amend their FAC,
as well as a proposed second amended complaint.  Dkt. 134.  On September 9, 2024, the
Court granted plaintiffs' motion for leave to amend to the extent it sought to add the six
claims dismissed without prejudice on July 24, 2024, and to add claims against DLA
Piper.  Dkt. 150.  However, the Court denied plaintiffs' motion for leave to amend to the
extent it sought to add claims previously dismissed with prejudice on July 24, 2024, and
to add Sharon Hoffman as a party.  Id.

On October 4, 2024, plaintiffs filed their second amended complaint, the operative
complaint in this matter.  Dkt. 155 ("SAC").  The SAC alleges eight claims for relief: (1)
Vitamin Friends alleges claims against the Goli defendants, the VMG defendants, and
MeriCal pursuant to the DTSA; (2) Vitamin Friends alleges claims for fraudulent
misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin
Friends alleges claims for breaches of fiduciary duties against Goli and the VMG
defendants; (4) RGL Holdings alleges claims for violations of Section 1962(d) of RICO
against VMG Partners, Wu, and Marshall; (5) Sharon Hoffman alleges a legal
malpractice claim against DLA Piper; (6) Sharon Hoffman alleges a claim for breach of
fiduciary duty against DLA Piper; (7) Odelya Hoffman alleges an IIED claim against the
Goli defendants and the VMG defendants; and (8) Vitamin Friends alleges a conversion
claim against Goli.  SAC ¶¶ 140-170.

On October 18, 2024, DLA Piper, the VMG defendants, and Agarwal, Michael
Bitensky, and Randy Bitensky filed the instant motions to dismiss the SAC.  Dkts. 160
("MTD 1"), 162 ("MTD 2"), 163 ("MTD 3").  DLA Piper and the VMG defendants also
renewed their previous motions for sanctions.  MTD 1 at 19; MTD 2 at 1.  On November
4, 2024, plaintiffs filed a notice of Errata and a corrected version of the SAC.  Dkt. 174.
On November 11, 2024, plaintiffs filed oppositions to each motion to dismiss.  Dkts. 176
("Opp. 2"), 177 ("Opp. 3"), 178 ("Opp. 1").  On the same day, plaintiffs' counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|--------------------------|------|-------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

submitted a declaration in opposition to DLA Piper's motion for sanctions. Dkt. 179. On November 12, 2024, Agarwal, Michael Bitensky, and Randy Bitensky filed a motion to strike plaintiffs' Errata. Dkt. 180. On November 24, 2024, plaintiffs filed an opposition to the motion to strike plaintiffs' Errata. Dkt. 192. On November 25, 2024, DLA Piper, the VMG defendants, and Agarwal, Michael Bitensky, and Randy Bitensky filed replies to plaintiffs' oppositions to their motions to dismiss. Dkts. 193 ("Reply 1"), 194 ("Reply 2"), 195 ("Reply 3").

On December 2, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege the following facts in the SAC.

### A.   Parties

Plaintiffs Sharon and Odelya Hoffman reside in Las Vegas, Nevada. SAC ¶ 27. They work together, make all of Vitamin Friends' corporate decisions together, and treat all of their assets as jointly owned. Id. ¶¶ 3, 5. Odelya is entitled to community property under California law, and is a beneficiary of the Hoffman Family Trust, which contains all of Sharon's corporate holdings. Id. ¶ 5.

Plaintiff Vitamin Friends is a California Limited Liability Company. Id. ¶ 28. Its sole member is Sharon Hoffman. Id. ¶ 29. It is an asset of the Hoffman Family Trust. Id.

Plaintiff RGL Holdings is a Delaware Limited Liability Company registered in Nevada that holds Sharon Hoffman's 75% interest in non-party Better Nutritionals and 100% interest in RGL Management. Id. ¶ 30. Its sole member is Sharon Hoffman. Id.

Plaintiff RGL Management is a California Limited Liability Company that owns certain property in Norco, California ("Norco facility"). Id. ¶ 31. Its sole member is Sharon Hoffman. Id.

Defendant Goli Nutrition, Inc. (Canada) is a Canadian corporation with its principal place of business in Quebec, Canada. Id. ¶ 32. It is a retail seller and marketer of specially manufactured nutritional supplements, including gummies. Id. From 2018 to 2021, Better Nutritionals was the sole manufacturer of Goli's gummy products. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|--------------------------|------|------------------|
| Title    | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Defendant Goli Nutrition, Inc. (Delaware) is a Delaware corporation with its principal place of business in West Hollywood, California. Id. ¶ 33. Goli Nutrition, Inc. (Delaware) is allegedly the alter ego of Goli Nutrition, Inc. (Canada) and was formed to enter into equipment purchases and a real estate lease for Better Nutritional's Norco facility. Id.

Defendant 12416913 Canada Inc. ("6913") is a Canadian corporation with its principal place of business in Quebec, Canada. Id. ¶ 34.

Defendants Deepak Agarwal and Michael Bitensky both reside in Montreal, Canada, co-founded Goli, and served as Goli's Co-Chief Executive Officer/Co-President at all times relevant to this action. Id. ¶¶ 35-36.

Defendant Randy Bitensky is Michael Bitensky's sister, an attorney licensed in Canada, residing in Montreal, Canada, and the General Counsel of Goli. Id. ¶ 37.

Defendant VMG Partners is a private equity investment firm headquartered in San Francisco, California. Id. ¶ 38. VMG operates through separate investment funds, including defendants VMG Partners IV and VMG Partners Mentors Circle, both of which are investors in Goli. Id. Two members of VMG Partners IV's management team, defendants Wu and Marshall, sit on Goli's board of directors, and a third member of Goli's board was appointed by VMG as an independent director. Id. ¶ 40.

Defendant MeriCal is a manufacturer of private label dietary supplements with a manufacturing facility in Orange, California. Id. ¶ 42. It began producing Goli gummy products in October 2022. Id.

Defendant Roger Tyre is a food scientist who was hired by Better Nutritionals in 2018 and worked on developing the formulations of Goli gummy products. Id. ¶ 43.

Defendant DLA Piper is the United States affiliate of an international law firm headquartered in Chicago, Illinois. Id. ¶ 44. At all relevant times, DLA Piper served as counsel for Better Nutritionals and Sharon Hoffman, as well as for defendants Goli, Agarwal, and Michael Bitensky. Id. DLA Piper ceased representing Sharon Hoffman and Better Nutritionals in August 2022. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

### B.   Early History of Vitamin Friends and Better Nutritionals

In 2012, the Hoffmans founded Vitamin Friends as a brand of gummy vitamins for children. SAC ¶ 47. The company manufactured a variety of pioneering products, including a pectin gummy product and a child vitamin with iron. Id. ¶ 49. The Hoffmans subsequently developed the Gardena facility where they "developed Vitamin Friends' trade secret manufacturing processes and formulations." Id. ¶¶ 50-53. The Gardena facility was the first in the United States to implement the use of starchless gummies and used an innovative organization of equipment on its production lines. Id. ¶¶ 53-54. Various distributors approached the Hoffmans regarding their Gardena facility, including Abbot Labs, Nestle, and Pfizer. Id. ¶ 54.

In 2015, the Hoffmans incorporated Better Nutritionals as a manufacturer for Vitamin Friends and as a contract manufacturer of nutritional gummy products for third parties. Id. ¶ 50. Better Nutritionals soon attracted "a significant number of top-tier . . . clients." Id. ¶ 51. In 2017, Better Nutritionals sold $300,000 in gummies. Id. ¶ 55. In 2018, they sold $4 million; in 2019, they sold $23 million. Id. By late 2018, Better Nutritionals' Gardena facility had the capacity to manufacture approximately 400,000 bottles of gummy products each month. Id.

### C.   Business Relationship between Better Nutritionals and Goli

In 2017, Agarwal and Bitensky founded Goli as a retail seller of specially manufactured nutritional supplements such as gummies. Id. ¶ 56. In particular, Goli hoped to market the world's first apple cider vinegar ("ACV") gummy. Id.

In 2018, Agarwal approached Better Nutritionals on behalf of Goli and asked if Better Nutritionals could produce an ACV Gummy. Id. ¶ 58. Sharon Hoffman recognized that ACV gummies had an unpleasant smell and taste, so the Hoffmans had Better Nutritionals' food chemists, including Tyre, create a better-tasting formulation based on Vitamin Friends' trade secret formulations. Id. ¶ 59. In response, Goli agreed that Better Nutritionals would be Goli's exclusive manufacturer for gummies, and that Goli would buy all gummies that Better Nutritionals could produce. Id. Sharon Hoffman, after discussing the matter with Odelya, caused Better Nutritionals to shift its focus to primarily producing gummies for Goli. Id. ¶ 60. The two companies agreed to payment terms whereby Goli would pay a fixed fee per bottle along with 50% of the total cost of each order upfront, with the remaining 50% due upon completion of the order. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

¶ 61.  They entered into a series of increasingly large transactions pursuant to these payment terms.  Id. ¶ 63.

In May 2019, Agarwal assured Sharon Hoffman that Goli would continue buying every bottle of Goli gummies that Better Nutritionals could produce and "boasted that Better Nutritionals could not produce bottles fast enough to meet Goli's needs."  Id. ¶ 64.  Shortly thereafter, the two companies shifted to a demand-based ordering process whereby Goli would submit "sales forecasts" and "blanket purchase orders" at regular intervals which Better Nutritionals would "immediately act upon by reserving production capacity, ordering ingredients, beginning production, and planning for future production."  Id. ¶ 65.  Between 2018 and mid-2021, Goli submitted increasingly large purchase orders to Better Nutritionals and expanded its product line to include additional gummy products, all of which were developed by Better Nutritionals (using Vitamin Friends' base formulations and processes).  Id. ¶¶ 67, 71.  During this period, Goli obtained national exposure.  Id. ¶ 72.  In 2019, Goli projected demand for millions of bottles per month, and Better Nutritionals correspondingly upgraded its Gardena facility to bring capacity to 1.2 million bottles per month.  Id. ¶ 73.  In August 2019, Goli submitted a purchase order for 2.9 million bottles per month and asked Better Nutritionals to expand its manufacturing capacity five-fold.  Id. ¶¶ 74-75.

In 2019, Better Nutritionals' formulation was submitted to the United States Patent Office for a compositional patent.  Id. ¶ 68.  DLA Piper Partner, Safrez Ishmael, was in charge of the patent application.  Id.   In consideration of Goli's promise of "exclusivity" to Better Nutritionals, at Agarwal's instruction and after consulting with Odelya, Sharon Hoffman agreed to have the wives of Goli's principals, Agarwal and Bitensky, named as inventors on the patent application and agreed to assign the patent to Goli.  Id. ¶¶ 68, 70.  In the spring of 2021, the patent was granted.  Id. ¶ 69.  It describes—in "broad and general" terms—the ingredients for ACV gummies and includes a "sketch" of the process used.  Id.

**D.    Alleged Conspiracy**

In early 2020, Goli and the VMG defendants "engineered a multi-pronged plan to ensure that Better Nutritionals would become almost entirely dependent upon Goli."  SAC ¶ 76.  The plan involved "a series of complex contracts with Better Nutritionals and third parties" where "both Goli and Better Nutritionals were represented by DLA Piper."  Id.  Ishmael was working behind the scenes to "advance only the interests of Goli."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|-------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

In other instances, both Goli and Better Nutritionals, as well as Sharon Hoffman, were represented by Randy Bitensky who also drafted agreements to benefit only the interests of Goli. Id. ¶ 77.

Goli convinced Sharon Hoffman to get Better Nutritionals to lease and open the Norco facility—a 420,000 square foot manufacturing facility in Norco, California. Id. ¶ 78. An expansion of this magnitude entailed substantial financial risk. Id. ¶ 80. On the lease for the Norco facility, Randy Bitensky, counsel to Goli, negotiated—unbeknownst to Sharon Hoffman—a swap with the landlord, substituting Goli as the "tenant" and Better Nutritionals as the "guarantor." Id. ¶ 81. When Sharon Hoffman learned of the switch, he contacted Agarwal who promised him that he would assign the lease to Better Nutritionals upon request. Id. With respect to its contract with Atos IT Solutions and Services, Inc. ("Atos") for manufacturing-related IT services and equipment in the Norco facility, also negotiated by Randy Bitensky, Goli was identified as "customer" and Better Nutritionals was identified as "guarantor." Id. ¶¶ 82-84. Agarwal promised that the lease and title to the Atos equipment would be transferred to Better Nutritionals upon request. Id. ¶ 84. As a result of these agreements, Goli obtained control over Better Nutritionals' occupancy and title to the equipment, "even though Better Nutritionals made all payments for rent, paid the security deposit of $3.0 million and paid tens of millions for the Atos equipment and IT services." Id. ¶ 83. When Better Nutritionals requested transfer of the leasehold and title to the equipment, Agrawal reneged on his promises and refused to make any such transfer. Id. ¶ 84.

In 2020, Goli engineered a fraudulent stock swap transaction (the "Stock Swap") where 6913 obtained a 25% interest in Better Nutritionals (that 6913 assigned to Goli), and Better Nutritionals obtained a 3% interest in Goli in exchange. Id. ¶ 86. The Goli defendants "fraudulently claimed" that the swapped interests were equal in value, despite knowing that "at that time, the 25% interest in Better Nutritionals that Goli received was substantially more valuable than the 3% interest in Goli given in exchange." Id. Randy Bitensky "simply made up the claim that the Goli Board had done a legitimate analysis, but in fact had used a bogus 'valuation' of Better Nutritionals to reach a pre-determined percentage interest in Goli that Agarwal and Bitensky wanted to offer." Id.

The Stock Swap agreements, including the Better Nutritionals Operating Agreement between Sharon Hoffman and Goli (and consented to by Odelya), also contained "extraordinarily onerous restrictions on Better Nutritionals and Sharon Hoffman, including in particular, . . . restrictions on the ability of Better Nutritionals to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　**'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

manufacture for customers other than Goli . . . and restrictions on the ability of Sharon Hoffman to sell his 75% equity to a willing buyer." Id. ¶ 88. RGL Holdings, which held Sharon Hoffman's 75% interest in Better Nutritionals, signed a "Joinder Agreement" indicating it was bound by the Operating Agreement. Id. The Goli defendants owed a fiduciary duty to both Better Nutritionals and Sharon Hoffman as a result of their minority interest in Better Nutritionals and the provisions in contractual agreements authorizing Agarwal and Bitensky to act as Sharon's agent and representative in connection with his role as a shareholder of Goli. Id. ¶ 89.

In 2021, Better Nutritionals hired 600 employees to staff the Norco facility to keep up with Goli's sales forecasts and paid over $200 million to obtain materials and support for Goli products. Id. ¶¶ 92-93. Much of that expense was based on forecasts that Goli, and, by the spring of 2021, VMG, knew were intentionally false and misleading. Id. ¶ 93. Goli also insisted that Better Nutritionals maintain enough raw materials to meet three months' manufacturing need. Id. ¶ 94. Better Nutritionals' "Total Practical Capacity" for Goli products was also set to steadily increase, month to month, from 4,759,772 bottles per month in April 2021 to 12,762,753 bottles by December 2021, with the goal of reaching 28 million bottles per month by the third quarter of 2022. Id. ¶ 95.

On July 16, 2021, Goli submitted a purchase order for 75 million bottles in exchange for $281 million. Id. ¶ 96. Goli and the VMG entities were aware that "Goli could not use and would never pay for all of the product ordered." Id. In the same month, Goli gave a verbal purchase order for another 300 million bottles for $1.125 billion over a three-year period. Id. ¶ 97. Goli and the VMG entities were likewise aware that "Goli would never need anything close to that number of bottles in the periods specified." Id. Agarwal stated that a deal with VMG had been reached whereby VMG would invest in Goli. Id. VMG "never complained to or questioned Goli about the fact that Goli's projections were unreasonable, and agreed with Goli that the false projections would put pressure on [the Hoffmans] to ultimately sell their interest in Better Nutritionals to a firm aligned with Goli." Id.

Also in July, Agarwal complained about a "shortfall" in Better Nutritionals' production. Id. ¶ 98. This "shortfall" claim was intended to make Goli's forecasts and July purchase orders appear to be genuine, and to maintain pressure on Better Nutritionals to meet those targets. Id. On August 10, 2021, Goli announced that it was cutting its sales forecasts for August and December by 56%. Id. ¶ 99. It also dropped its 2022 estimates from 15 million bottles per month to 6-7 million bottles per month. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|--------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Additionally, it announced that it would not be honoring the full July purchase order and had a surplus in its warehouses of 12-14 million bottles. Id. ¶ 100.

"Well before July 2021, when Agrawal had complained to Better Nutritionals about a 'shortfall' in production," Goli and VMG were aware that the projections being submitted to Better Nutritionals were "knowingly false and a fraud, engineered to force the Hoffmans to sell their interest in Better Nutritionals." Id. Further, Goli "knew before May 2021 that it was unable to sell any of the additional bottles that Better Nutritionals was producing in May, June and July." Id. ¶ 101. Agarwal fraudulently stated that he had only learned of the drop in consumer demand in June of 2021, when in fact "Goli and VMG were well aware of a drop in consumer demand long before that." Id. ¶ 102.

After a meeting in August 2021, Sharon Hoffman, after consultation with Odelya, told Goli that, based on Goli's new information, Better Nutritionals had excess capacity which it sought to use to manufacture products for other customers. Id. ¶ 103. Goli insisted that Better Nutritionals keep a 40% "buffer" capacity over the purchase amount Goli forecasted and insisted that "Better Nutritionals [] not manufacture gummies for Goli competitors." Id. It also continued to insist that Better Nutritionals use "the Goli mold/bottle for only Goli." Id. These restrictions severely limited the customers Better Nutritionals could work for and exposed it to substantial penalty payments. Id. By summer of 2021, VMG's investment in Goli had not yet been finalized. Id. ¶ 104. Goli claimed that its orders would "soon return to at least 6 million bottles per month, then eventually reach 12 to 15 million bottles per month." Id. VMG was aware of these representations, and VMG and Goli both knew that they were false. Id.

In September of 2021, New Mountain Capital LLC ("New Mountain") offered to buy a 10% interest in Better Nutritionals for $125 million dollars. Id. ¶ 136. The Hoffmans would have agreed to that offer had they known of Goli's alleged frauds. Id.

In October 2021, VMG Partners closed on a $100 million investment for a 4.92% equity stake in Goli and secured two of seven board seats and "significant, contractually specified rights of control over Goli and its principals." Id. ¶¶ 110, 112. As a 3% owner of Goli, Sharon Hoffman told Agarwal that, under the Stock Swap agreements, he should have been offered the right to participate in the VMG purchase of Goli equity. Id. ¶ 111. Goli declined to include him in the sale to hide information pertaining to the Stock Swap as well as Goli's conduct with Better Nutritionals generally that Goli had provided to VMG. Id. Agarwal represented that VMG would be having an Initial Public Offering in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

a few months, which would increase the value of Sharon's stock in Goli.  Id. ¶ 112.
Sharon shared this information with Odelya, to whom Agarwal was also speaking.  Id.
Plaintiffs contend this representation was knowingly false, and that VMG was aware both
of its falsity and that Goli would make such a representation.  Id.  Agarwal instead
planned to force the Hoffmans to sell their interest in Better Nutritionals to INW, a buyer
committed to expanding Goli's business.  Id. ¶ 113.  In furtherance of that plan, Goli
shortly thereafter presented Better Nutritionals with a sales forecast for the first half of
2022 of only 600,000 bottles per month, a 94% decline.  Id. ¶ 114.

In November, Yundi Liang, an employee of Better Nutritionals with significant
familiarity with Vitamin Friends' confidential suppliers and trade secret processes and
formulations, left Better Nutritionals and began working at MeriCal, a producer of
gummy products and a competitor of Better Nutritionals.  Id. ¶ 115.  Liang was hired by
MeriCal to—and did—provide MeriCal with Vitamin Friends' trade secrets.  Id.  Better
Nutritionals also hired a former MeriCal employee, Maria Arajuro, as a production
employee.  Id. ¶ 117.  Arajuro—who had access to Better Nutritionals' batch records,
recipes, cooking sheets, and confidential information about suppliers of specialized
formulations—worked at Better Nutritionals for two weeks, then left to return to work for
MeriCal and/or pass on information to MeriCal, which sent her to Better Nutritionals.  Id.
Both Liang and Arajuro were bound by agreements requiring them to maintain
confidentiality and non-disclosure of Better Nutritionals' trade secrets as well as trade
secrets licensed to Better Nutritionals from Vitamin Friends.  Id. ¶ 118.

Better Nutritionals was informed by one of its vendors, Herbstreith & Fox, that
MeriCal had asked it about the exact formulation of pectin (one of the main raw materials
Better Nutritionals uses in its gummy products) that Better Nutritionals purchased from
Herbstreith & Fox.  Id. ¶ 116.  MeriCal referenced the item number specifically, even
though the item number was not published and was known only by Herbstreith & Fox
and Better Nutritionals.  Id.  At about this time, Sharon also learned that Goli and
MeriCal had called Better Nutritionals' flavor supplier, Custom Flavors, seeking the
exact flavor that Better Nutritionals used to manufacture Goli gummies.  Id. ¶ 118.

In March 2022, the Hoffmans met separately with Wu and Marshall, both Goli
directors appointed by VMG, and explained that Better Nutritionals had been put "in an
impossible position" by Goli's repeated misrepresentations about "its need for product,
its issued purchase orders for that product," and its continued refusal to honor payments
due under those purchase orders.  Id. ¶ 119.  At the suggestion of Wu and Marshall, Goli

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

sent Sharon Hoffman a new agreement (the "March 2022 Agreement") that eliminated the overly broad definition of "competing products" contained in the Stock Swap agreements and instead defined restricted "competing products" as only ACV gummies and ashwagandha gummies. Id. ¶ 122. It provided that "Goli has requested that Better Nutritionals develop and manufacture for Goli four new products and Better Nutritionals agrees that it will not manufacture for itself or another person products with the same formulation as the New Products." Id. It also provided strong assurances that in the future, forecasts would be binding and honored. Id. ¶ 123. Sharon discussed the March 2022 Agreement with Odelya, and the Hoffmans agreed that Better Nutritionals should sign it. Id. ¶ 124. However, Goli never intended to live up to the agreement. Id.

In July 2022, Agarwal and Bitensky informed Sharon and Better Nutritionals that the terms of Goli's deal with VMG required Goli to work with other manufacturers to produce Goli-branded products. Id. ¶ 126. This term conflicted with Goli's commitment that Better Nutritionals would be Goli's exclusive distributor, and this was the first time that Better Nutritionals learned of such a term, which was supposedly agreed to nearly a year earlier. Id. In September 2021, New Mountain had valued Better Nutritionals at $1.35 billion. Id. ¶ 136. In the fall of 2022, Goli sought to force Better Nutritionals to accept an offer from INW, which valued Better Nutritionals at under $90 million. Id. ¶ 137. Instead, Better Nutritionals sued Goli for $180 million for orders that it placed throughout 2022. Id. ¶¶ 138-39. Better Nutritionals also sued the Goli defendants for various other causes of action, seeking damages of up to $900 million. Id. ¶ 139.

Lastly, Goli's "deceitful conduct" was "part of a pattern of similar wrongful, unlawful and tortious conduct" that Goli engaged in with at least two other suppliers that have sued Goli, and that Goli's repeated acts of mail and wire fraud show it operated its business as an unlawful RICO "enterprise." Id. ¶ 128.

Better Nutritionals ultimately filed for bankruptcy, first filing for Chapter 11 reorganization and later for Chapter 7 liquidation. Id. ¶ 24. Its claims now belong to the Trustee, who has dismissed them without prejudice and is proposing a settlement that would "effectively eliminate all claims for limited consideration." Id. ¶ 139.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|--------------------------|------|-------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.      Rule 12(b)(1) Motion**

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

**C.      Rule 17(a) Motion**

Fed. R. Civ. P. 17(a) provides as follows:

An action must be prosecuted in the name of the real party in interest… The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
| --- | --- | --- | --- |
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a).

## IV.  DISCUSSION

DLA Piper argues that plaintiffs lack standing and that their claims are time-barred.  MTD 1 at 2.  Agarwal, Michael Bitensky, and Randy Bitensky, as well as the VMG defendants,[2] argue that plaintiffs lack standing and fail to state a claim.  MTD 3 at 3; MTD 2 at 2-4.  The Court first discusses the parties' standing arguments, and then proceeds to analyze defendants' other arguments.

### A.  Standing

#### 1.  Sharon Hoffman

DLA Piper argues that, compared with the original complaint, which was dismissed for lack of standing, the SAC "does not make *any* new factual allegations" against DLA Piper.  Mot. at 10.  The SAC, according to DLA Piper, repeats three allegations of harm, but none allege how Sharon Hoffman was personally harmed.  Id. at 11.  DLA Piper argues that, as the Court previously found, Sharon Hoffman cannot sue based on harm to Better Nutritionals—an issue that "is even more apparent now," because it appears that he is not a Better Nutritionals shareholder.  Id. at 13.

In opposition, plaintiffs argue that the SAC's allegations are sufficient, because damages can be alleged in conclusory terms.  Opp. 1 at 4.  Plaintiffs contend that Sharon Hoffman's claims against DLA Piper arise out of its conflict in representing Sharon

---

[2] The VMG defendants also argue that the SAC should be stricken because it is not signed by plaintiffs' local counsel.  MTD 2 at 2-4.  The Court finds that Local Rule 83-2.1.3.4 does not require local counsel to sign pleadings, as it appears to require local counsel only "to communicate with the Court regarding the conduct of the case and upon whom documents may be served."  L.R. 82-2.1.3.4.  Here, plaintiffs were represented by local counsel at all times, as the Court conditioned Shulman Bastian's withdrawal on plaintiffs obtaining new local counsel, see dkt. 172, which occurred on November 15, 2024, see dkts. 187-191.  Therefore, the Court declines to strike the SAC for plaintiffs' alleged lack of local counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Hoffman and Goli while they were "negotiation adversaries." Id. at 5. According to plaintiffs, this conflicted representation affected the unfavorable lease and equipment agreements, Better Nutritionals' Operating Agreement, and the "stock swap," which restricted Sharon Hoffman's "personal ability" to conduct his businesses and sell his interest in Better Nutritionals. Id. at 5-6. Plaintiffs next argue that Sharon Hoffman has standing because he sues DLA Piper for its acts as his personal attorney. Id. at 7. Plaintiffs assert that the SAC shows that Sharon Hoffman personally sold 25% of his interest in Better Nutritionals for inadequate consideration; that Sharon Hoffman was personally restricted from manufacturing for customers other than Goli; and that Sharon Hoffman was personally restricted from selling his 75% interest to a willing buyer. Id. at 8. In addition, plaintiffs argue that Sharon Hoffman's reputational injury and emotional distress were "in part" due to DLA Piper's malpractice. Id.

In reply, DLA Piper reiterates that the SAC fails to allege harm to Sharon Hoffman personally or to plead any new allegations. Reply 1 at 6. DLA Piper argues that plaintiffs cite to the same allegations that were deemed insufficient in their original complaint. Id. at 6-7. Moreover, DLA Piper argues that plaintiffs cannot recover emotional distress damages for legal malpractice and breach of fiduciary duty. Id. at 8.

At oral argument, the Court requested further clarification from plaintiffs' counsel on the alleged personal injury suffered by Sharon Hoffman as a result of DLA Piper's representation. Plaintiffs' counsel stated that Sharon Hoffman hired DLA Piper as his personal attorney, and that DLA Piper represented him individually through all of the events alleged in the SAC. Plaintiffs' counsel stated that, among other injuries, Sharon Hoffman was injured when DLA Piper represented him and Goli during the "stock swap," because Sharon Hoffman sold his stock in Better Nutritionals for an artificially low price. Specifically, plaintiffs' counsel stated that DLA Piper negligently advised Sharon Hoffman that he was compelled to sign the stock swap agreement because of a pre-existing letter of interest (LOI), without adequately investigating the LOI. Counsel for DLA Piper disputes the scope of this claimed representation. The Court finds that this matter, as well as the statute of limitations issue, is better decided on a motion for summary judgment, when the Court has a more complete record before it.

2.    Odelya Hoffman

Agarwal, Michael Bitensky, and Randy Bitensky argue that Odelya Hoffman's claim for IIED should be dismissed for lack of standing. MTD 3 at 14. Agarwal,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Michael Bitensky, and Randy Bitensky assert that Odelya Hoffman does not possess an interest in Better Nutritionals. Id. at 15. Even if she did, they contend that plaintiffs fail to allege any harm to her that is independent of the harm suffered by Better Nutritionals or Sharon Hoffman. Id. Agarwal, Michael Bitensky, and Randy Bitensky further assert that the SAC's additional allegations "do not cure" the standing deficiency, as "neither community property nor trust law establish standing." Id. at 16. The VMG defendants also argue that Odelya Hoffman lacks standing to bring the seventh claim. MTD 2 at 12. The VMG defendants contend that Odelya Hoffman does not allege personal harm, only harm that is derivative of harm to Better Nutritionals. Id. Further, the VMG defendants argue that the claim is implausible, because she did not own an interest in Better Nutritionals and thus could not have been forced to sell it. Id.

In opposition, plaintiffs argue that Odelya Hoffman has standing to bring her IIED claim as the majority owner of a defrauded business. Opp. 3 at 3. They contend that Odelya Hoffman has standing because Goli's actions caused her suffering "by design." Id. According to plaintiffs, Odelya Hoffman does not own any shares of Better Nutritionals, and Better Nutritionals' losses are "irrelevant" to the standing analysis. Id. at 6. Even if she was a shareholder, plaintiffs argue that "a stockholder may sue as an individual." Id. at 7 (citing Sutter v. Gen. Petroleum Corp., 28 Cal. 2d 525, 530-31 (1946)). Plaintiffs also argue that Odelya Hoffman has standing to assert her IIED claim against VMG because VMG targeted her, with intent or reckless disregard. Opp. 2 at 11.

In reply, Agarwal, Michael Bitensky, and Randy Bitensky reiterate that Odelya Hoffman's injuries belong to Better Nutritionals. Reply 3 at 6. Agarwal, Michael Bitensky, and Randy Bitensky also dispute plaintiffs' reliance on Sutter, because the Court already found it was "inapposite," given that plaintiffs' claims are derivative of Better Nutritionals' losses. Id. at 8. The VMG defendants in reply also reiterate their arguments about Odelya Hoffman's lack of standing. Reply 2 at 16.

The Court finds that Odelya Hoffman lacks standing to bring the seventh claim, for IIED, against Agarwal, Michael Bitensky, Randy Bitensky, and the VMG defendants. In the Court's January 17, 2024 order dismissing plaintiffs' original complaint, the Court found that Odelya Hoffman lacked standing to bring claims for fraudulent misrepresentation, breach of fiduciary duty, and RICO violations. Dkt. 81 at 15. In the Court's July 24, 2024 order partially dismissing plaintiffs' FAC, the Court found that Odelya Hoffman lacked standing to bring claims for fraudulent misrepresentation, IIED, and RICO. Dkt. 128 at 18. The Court found as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|-------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

It still does not appear that Odelya Hoffman has suffered an injury that provides a basis for standing in this case. Plaintiffs still have not alleged that Odelya owned shares in any of the companies relevant to this case. The mere fact that she was consulted on various business decisions and agreements entered into by Better Nutritionals does not confer her standing to claim Better Nutritionals' injuries as her own. Nor do community property law or Odelya's status as a beneficiary of the Hoffman Family Trust confer her standing to bring claims for injuries suffered by Better Nutritionals and Sharon Hoffman. See Grant v. State Farm Life Ins. Co., No. CIV.S-05-2389 (FCD) (KJM), 2007 WL 3119738, at *5 (E.D. Cal. Oct. 23, 2007) (rejecting plaintiff's arguments that community property law or status as trust beneficiary conferred standing in the context of a claim for breach of insurance contract).

Id. Here, the Court finds that plaintiffs' allegations in the SAC are largely identical to those in the FAC. Plaintiffs confirm that Odelya Hoffman does not own shares in Better Nutritionals. Even if she did, plaintiffs still do not allege that defendants induced her to abandon her own projects and form a new company, distinguishing this case from Sutter, which the Court previously found to be "inapposite." See dkt. 128 at 19. Thus, the Court dismisses Odelya Hoffman's IIED claim because she fails to allege an injury independent of harm to Better Nutritionals.

Even if Odelya Hoffman had suffered a personal injury, the Court finds that her IIED claim would fail pursuant to Rule 12(b)(6). "To establish a claim for intentional infliction of emotional distress, a plaintiff must prove (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013). Here, the Court finds that plaintiffs fail to plead conduct that is extreme and outrageous, as they do not plead conduct by Agarwal, Michael Bitensky, Randy Bitensky, or the VMG defendants that "exceeds all bounds [of decency] usually tolerated by a decent society, [and is] of a nature which is especially calculated to cause, and does cause, mental distress." See Molko v. Holy Spirit Assn., 46 Cal. 3d 1092, 1122 (1988) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|-------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

3.    Vitamin Friends

Agarwal, Michael Bitensky, and Randy Bitensky argue that Vitamin Friends' claim for fraudulent misrepresentation should be dismissed for lack of standing. MTD 3 at 14. Agarwal, Michael Bitensky, and Randy Bitensky assert that this claim is premised "entirely" on Goli's alleged breaches of agreements with Better Nutritionals and Sharon Hoffman—not with Vitamin Friends. Id. Agarwal, Michael Bitensky, and Randy Bitensky also argue that Vitamin Friends does not possess an interest in Better Nutritionals. Id. at 15. Even if it did, Agarwal, Michael Bitensky, and Randy Bitensky contend that plaintiffs fail to allege any harm that is independent of the harm suffered by Better Nutritionals or Sharon Hoffman. Id. Similarly, the VMG defendants argue that Vitamin Friends lacks standing to bring its fraudulent misrepresentation and breach of fiduciary duty claims. MTD 2 at 12. The VMG defendants assert that the SAC fails to plead what harm Vitamin Friends suffered and what misrepresentations were made to it, rather than to Better Nutritionals. Id. at 13-14. Additionally, the VMG defendants contend that Vitamin Friends fails to allege that it has a shareholder interest in Goli (or vice versa); thus, VMG cannot have owed a fiduciary duty to it. Id. at 13.

In opposition, plaintiffs argue that Vitamin Friends was "wholly integrated" with Better Nutritionals and was individually injured as a result of Goli's wrongdoing. Opp. 3 at 4. They further assert that Vitamin Friends was injured by the misappropriation of trade secrets that resulted from Agarwal, Michael Bitensky, and Randy Bitensky's fraudulent misrepresentations. Id. at 5. Plaintiffs also argue that Vitamin Friends was harmed by Sharon Hoffman's reliance on defendants' alleged fraudulent misrepresentations and omissions, which made Better Nutritionals unable to manufacture products that could have been produced for Vitamin Friends. Id. According to plaintiffs, Vitamin Friends does not own any shares of Better Nutritionals, and Better Nutritionals' losses are "irrelevant" to the standing analysis. Id. at 6. Even if it was a shareholder, plaintiffs argue that "a stockholder may sue as an individual." Id. at 7 (citing Sutter, 28 Cal. 2d at 530-31 (1946)). Plaintiffs also argue that Vitamin Friends has standing to assert its fraudulent misrepresentation claim against VMG. Opp. 2 at 8. Plaintiffs contend that the false misrepresentations were made to Sharon Hoffman, who is the sole owner of Vitamin Friends *and* the majority owner of Better Nutritionals. Id. Thus, according to plaintiffs, the fraudulent misrepresentations were made to both Vitamin Friends and Better Nutritionals. Id. Plaintiffs argue that Vitamin Friends acted on the basis of VMG's misrepresentations, leading to the misappropriation of its trade secrets

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|-------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

and the loss of its manufacturing capacity. <u>Id.</u> at 8-9. Plaintiffs also argue that Vitamin Friends has standing to assert its breach of fiduciary duty claim, as VMG's duty arose out of Goli and VMG's access to Vitamin Friends' trade secrets. <u>Id.</u> at 9.

In reply, Agarwal, Michael Bitensky, and Randy Bitensky reiterate that Vitamin Friends lacks standing, as its injuries belong to Better Nutritionals. Reply 3 at 6. Agarwal, Michael Bitensky, and Randy Bitensky also dispute plaintiffs' reliance on <u>Sutter</u>, because the Court already found it was "inapposite." <u>Id.</u> at 8. Also in reply, the VMG defendants argue that plaintiffs' argument regarding Sharon Hoffman's ownership of both entities "depends on treating Vitamin Friends as an alter ego of Better Nutritionals." Reply 2 at 8-9. If the two companies are alter egos, the VMG defendants contend that Vitamin Friends' claims should be dismissed, because it is not the real party in interest. <u>Id.</u> Regardless, the VMG defendants argue that the SAC makes clear that the alleged misrepresentations were made to Sharon Hoffman acting as CEO of Better Nutritionals, not to Vitamin Friends. <u>Id.</u> Additionally, the VMG defendants argue that their alleged access to Vitamin Friends' trade secrets does not create a fiduciary obligation, even if it does create confidentiality obligations. <u>Id.</u> at 14.

The Court finds that Vitamin Friends lacks standing to bring its fraudulent misrepresentation claims. The elements of fraudulent misrepresentation are: (1) misrepresentation by way of a false representation, concealment or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. <u>Green Hills Software, Inc. v. Safeguard Scis. & SPC Priv. Equity Partners</u>, 33 F. App'x 893, 895 (9th Cir. 2002). Here, plaintiffs contend that fraudulent misrepresentations made by Agarwal, Michael Bitensky, Randy Bitensky, and the VMG defendants to Better Nutritionals limited its capacity to manufacture gummy products for Vitamin Friends, which caused Vitamin Friends at least $300 million in damages. SAC ¶ 154. The Court finds that these claims are insufficient to establish Vitamin Friends' standing, as Vitamin Friends has not alleged any particularized harm to itself (rather than to Better Nutritionals) that was caused by misrepresentations by Agarwal, Michael Bitensky, Randy Bitensky, or the VMG defendants. Plaintiffs allege that defendants' conduct toward Better Nutritionals caused Vitamin Friends' injury, which is a line of causation that is "attenuated at best." <u>See</u> <u>Allen v. Wright</u>, 468 U.S. 737, 757 (1984) (respondents' claim of injury did not support standing because it was not fairly traceable to the conduct challenged as unlawful). Here, the alleged conduct by Agarwal, Michael

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Bitensky, Randy Bitensky, and the VMG defendants appears to have been directed at and personally harmed Better Nutritionals, which is not a party to this action.

Even if Vitamin Friends had standing to allege fraudulent misrepresentation, the Court finds that this claim would fail pursuant to Rule 12(b)(6) and Rule 9(b). Specifically, plaintiffs do not allege any misrepresentations made by Agarwal, Michael Bitensky, Randy Bitensky, or the VMG defendants directed at Vitamin Friends. Thus, plaintiffs fail to satisfy the first element of this claim. Further, because plaintiffs allege fraud, they are subject to the heightened pleading standard of Rule 9(b). "[Rule] 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Accordingly, in addition to lack of standing, the Court dismisses this claim because plaintiffs fail to allege misrepresentations made by Agarwal, Michael Bitensky, Randy Bitensky, and the VMG defendants to Vitamin Friends and fail to allege fraud with particularity.

The Court also finds that Vitamin Friends lacks standing to bring its breach of fiduciary duty claim against the VMG defendants. To establish standing, a plaintiff must demonstrate that it suffered an injury as a result of the alleged breach of fiduciary duty. Davis v. Yageo Corp., 481 F.3d 661, 675 (9th Cir. 2007). "[A] fiduciary duty will be found only where an individual or entity has knowingly undertaken that high duty or when the law imposes the duty in special relationships[.]" MH Pillars Ltd. v. Realini, 277 F. Supp. 3d 1077, 1095-96 (N.D. Cal. 2017). Here, a fiduciary duty may have been created if Vitamin Friends had a shareholder interest in Goli or VMG or vice versa. However, plaintiffs do not allege this fact. Thus, the same reasoning that required dismissal of plaintiffs' previous claim for aiding and abetting a breach of fiduciary duty against the VMG defendants requires dismissal of the instant claim:

> Here, Vitamin Friends claims that Goli is a third party that breached fiduciary duties owed to Vitamin Friends. However, plaintiffs only allege that Better Nutritionals has a shareholder interest in Goli; it does *not* allege that Vitamin Friends has any shareholder interest in Goli or vice versa. Thus, even if the VMG defendants did aid and abet some breach of fiduciary duty by Goli, it could not have been a breach against Vitamin Friends because Vitamin Friends has no shareholder interest in Goli.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|--------------------------|------|-------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

Dkt. 128 at 21.  Plaintiffs now additionally argue that the VMG defendants' fiduciary duty arose out of its access to Vitamin Friends' trade secrets.  Plaintiffs do not provide authority for this assertion.  Opp. 2 at 9.  Because plaintiffs do not allege that the VMG defendants knowingly undertook an obligation to act on behalf of Vitamin Friends, or that VMG's alleged access to trade secrets constituted a special relationship in which that undertaking is imposed by law, the Court finds that plaintiffs fail to establish a fiduciary duty owed to Vitamin Friends by the VMG defendants.  Thus, plaintiffs fail to establish Vitamin Friends' standing.  Accordingly, the Court dismisses Vitamin Friends' claim for breach of fiduciary duty against the VMG defendants.

Finally, the Court finds that Vitamin Friends has standing to pursue its DTSA claim.  Vitamin Friends is allegedly "the owner of the trade secret formulations of Vitamin Friends products" and claims that its trade secrets were misappropriated.  See SAC ¶¶ 141-144.  This is sufficient to establish its standing to assert claims for trade secret misappropriation, as plaintiffs plead a personalized injury.  The Court came to the same conclusion in its previous orders.  See dkt. 81 at 17; dkt. 128 at 21.

    4.   RGL Holdings

The VMG defendants argue that the fourth claim—that RGL Holdings suffered an alleged RICO violation by defendants Wu and Marshall—should be dismissed for lack of standing.  MTD 2 at 10.  The VMG defendants contend that the Court has already found that RGL Holdings lacks standing to assert claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty.  Id.  The VMG defendants argue that the burden to prove standing for a RICO violation is even higher, because RGL Holdings "must also satisfy RICO's statutory standing provisions, which require them to plausibly allege an injury to 'business or property' that is proximately caused 'by reason of a violation of section 1962.'"  Id.  Here, according to the VMG defendants, plaintiffs fail to allege the harm suffered, how Wu and Marshall conspired or engaged in RICO "predicate acts," how Goli was an "enterprise," or how its conduct proximately caused an injury.  Id. at 11-12.  Additionally, the VMG defendants contend that the SAC omits previous allegations from the FAC that outlined the alleged RICO conspiracy.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|---|---|---|---|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

In opposition, plaintiffs argue that RGL Holdings has standing to assert the RICO claim against VMG.[3]  MTD 2 at 10.  Plaintiffs assert that the SAC alleges fraudulent misrepresentations made by email and telephone, which constitute the predicate act of wire fraud.  Id.  Plaintiffs further argue that, as the holder of at least 75% interest in Better Nutritionals, RGL Holdings suffered losses from its liquidation and was deprived of future profits—losses which were the proximate result of the VMG defendants' RICO violations.  Id. at 10-11.  Plaintiffs acknowledge that certain paragraphs in the complaint regarding the RICO violations were inadvertently deleted from the SAC.  Id. at 18.  However, plaintiffs still contend that all RICO elements are satisfied.  Id. at 19-20.

In reply, the VMG defendants reiterate that RGL Holdings does not have Article III standing or statutory standing to bring a RICO claim, because its claims are not independent of its status as a shareholder in Better Nutritionals.  Reply 2 at 5-6.  The VMG defendants also contend that plaintiffs cannot base their claim against Wu and Marshall on a RICO conspiracy with the individual Goli defendants, because the Court has already dismissed this claim against the individual Goli defendants, with prejudice.  Id. at 7.  Further, the VMG defendants argue that the alleged "repeated acts of mail and wire fraud" are not pled with the required particularity.  Id.

The Court finds that RGL Holdings lacks standing to bring its RICO claim.  The Court finds that RGL Holdings has not alleged that it suffered harm independent of its status as a Better Nutritionals shareholder.  Plaintiffs contend that RGL Holdings' injury stems from Better Nutritionals' liquidation and loss of future Better Nutritionals profits, but these are injuries to Better Nutritionals, not to RGL Holdings.  The Court determined that RGL Holdings' initial RICO claims, which were against the Goli defendants, suffered from the same deficiencies in its January 17, 2024 order:

> The Court finds that RGL Holdings' claims are not independent of its status as a shareholder in Better Nutritionals.  RGL Holdings' only relation to this case appears to be its ownership of Sharon Hoffman's 75% interest in Better Nutritionals and 100% of Sharon Hoffman's interest in RGL Management.  It does

---

[3] Plaintiffs assert that the RICO claim was pled against VMG Partners, Wu, and Marshall, while the VMG defendants assert that it was only pled against Wu and Marshall.  Reply 2 at 4, n.3.  Given the Court's finding that RGL Holdings lacks standing, the Court does not reach this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

not allege that it has suffered any independent injury unrelated to its ownership of Sharon Hoffman's interest in Better Nutritionals.

Dkt. 81 at 17-8 (internal citations omitted). Accordingly, the Court dismisses RGL Holdings' RICO claim against VMG Partners, Wu, and Marshall for lack of standing.

B.    **Claim for Violation of the DTSA**

The Court analyzes remaining arguments about plaintiffs' DTSA claim, having found that plaintiffs have standing to sue. Agarwal, Michael Bitensky, and Randy Bitensky do not challenge Vitamin Friends' DTSA claim, given the Court's previous orders. MTD 3 at 2, n.2. However, the VMG defendants move to dismiss it, arguing that plaintiffs fail to allege how any VMG defendant was connected to the alleged misappropriation and fail to plead a trade secret with particularity. MTD 2 at 19-21. Specifically, the VMG defendants argue that the SAC lacks allegations of the VMG defendants' direct involvement in misappropriation, and neither vicarious nor conspiratorial liability are cognizable under the DTSA. Id. at 19-20.

In opposition, plaintiffs assert that the VMG defendants' arguments about the DTSA claim are unavailing, given that the Court has ruled three times that the DTSA claim is adequately pled. Opp. 2 at 7. In reply, the VMG defendants argue that the Court's prior rulings are not dispositive, as an amended complaint supersedes the original complaint. Reply 2 at 18. The VMG defendants argue that plaintiffs have acknowledged that they consider Vitamin Friends and Better Nutritionals "to be [] the same," and Vitamin Friends is not the owner of any intellectual property at issue in this action. Id. at 19. The VMG defendants then reiterate their previous arguments. Id. at 19-20.

"To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." InteliClear, LLC v. ETC Glob. Holdings, Inc., 978 F.3d 653, 657-58 (9th Cir. 2020). At the motion to dismiss stage, "a plaintiff need not 'spell out the details of the trade secret.'" Autodesk, Inc. v. ZWCAD Software Co., 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015). "However, the plaintiff must describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al |

Alta Devices, Inc. v. LG Elecs., Inc., 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) (internal quotations omitted).

Here, Vitamin Friends asserts that it owns trade secrets regarding the names of its suppliers and manufacturers, its gummy manufacturing process, and the formulation for its various gummy flavors. SAC ¶¶ 141-144. Additionally, the SAC states that "the Goli Defendants, the VMG Defendants, Defendant MeriCal and Roger Tyre obtained and misappropriated" Vitamin Friends' trade secrets through improper means, resulting in actual loss damages of at least $25 million. Id. ¶¶ 146-147. Specifically, it alleges that after VMG closed its investment in Goli, "secur[ing] two of seven board seats along with significant, contractually specified rights of control over Goli and its principals," Goli, its principals, and VMG embarked on their alleged "scheme" to steal Vitamin Friends' trade secrets. Id. ¶ 108. It was only after Goli and the VMG defendants "had assured themselves" that defendant MeriCal was capable of producing an acceptable product with Vitamin Friends' trade secrets that Goli began shifting its production to MeriCal. Id. The Court finds these allegations are sufficient to allege that Vitamin Friends owns trade secrets and that the VMG defendants were involved in their misappropriation and resulting damages.

At oral argument, the VMG defendants reiterated that no case law authorizes the finding of a conspiracy claim under the DTSA. In support, the VMG defendants cited three district court cases: Fishbaugh v. Bulgadarian, 2021 WL 3598579, at *4 (C.D. Cal. July 8, 2021); Arthur J. Gallagher & Co. v. Tarantino, 2022 WL 4092673, at *18 (N.D. Cal. July 27, 2022); and Genentech, Inc. v. JHL Biotech, Inc., 2019 WL 1045911, at *12 (N.D. Cal. Mar. 5, 2019). However, it appears to the Court that no circuit court has opined on this issue. It is also clear that even if the VMG defendants cannot be liable as co-conspirators, plaintiffs allege that the VMG defendants exercised sufficient control over Goli to be primarily liable under the DTSA. Accordingly, at this stage, the Court is not prepared to dismiss plaintiffs' claim against VMG on either of these theories. The Court finds that this matter is better decided on a motion for summary judgment, when the Court has a more complete record before it.

**C.    Claims Against Randy Bitensky**

Agarwal, Michael Bitensky, and Randy Bitensky argue that all claims against Randy Bitensky should be dismissed, because she is not named properly as a defendant. MTD 3 at 3. Specifically, Agarwal, Michael Bitensky, and Randy Bitensky contend that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:23-cv-06597-CAS(MAAx) | | Date | December 2, 2024 |
|----------|-------------------------|---|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | | |

Randy Bitensky's name was omitted from the defined term "Goli Defendants" in the introductory paragraph of the SAC. Id. Plaintiffs did not address this argument in their opposition, but filed an Errata and corrected version of the SAC including Randy Bitensky's name in the introductory paragraph. Dkt. 174. In reply, Agarwal, Michael Bitensky, and Randy Bitensky argue that the Errata constitutes an authorized amendment to the SAC and should be stricken. Reply 3 at 12.

The Court finds that plaintiffs were not previously granted leave to add Randy Bitensky as a party defendant, but her name nevertheless appears in the caption of the SAC. SAC at 1. Even though leave to add Randy Bitensky was never granted, defendants and Randy Bitensky have sought to dismiss the allegations against her on the grounds that plaintiffs lack standing and fail to state a claim upon which relief may be granted. MTD 3 at 8. Because the parties have essentially litigated their claims as to Randy Bitensky on the motion to dismiss, it appears that no prejudice will result if the Court grants leave to add Randy Bitensky *nunc pro tunc*. Accordingly, the Court grants plaintiffs leave *nunc pro tunc* to add Randy Bitensky as a "Goli Defendant" in the SAC.

### D.    Other Arguments in Motions to Dismiss

In their motions, Agarwal, Michael Bitensky, Randy Bitensky, and the VMG defendants argue that plaintiffs' claims should be dismissed because they are inadequate pursuant to Rule 12(b)(6). MTD 3 at 17; MTD 2 at 14. As the Court has dismissed these claims for lack of standing pursuant to Rule l2(b)(1), as well as the IIED claim pursuant to Rule 12(b)(6) and the fraudulent misrepresentation claim pursuant to Rule 12(b)(6) and Rule 9(b), the Court does not reach defendants' remaining arguments.

### E.    Motions for Sanctions

DLA Piper moves to renew its previous motions for sanctions, and requests costs and fees associated with the instant motion. MTD 1 at 19. The VMG defendants also renew their request for sanctions and request that their motions be decided "now to give Rule 11 its intended effect." MTD 2 at 1; Reply 2 at 20.

The Court denies defendants' requests for sanctions at this time, but reserves judgment on sanctions for decision at the conclusion of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597-CAS(MAAx) | Date | December 2, 2024 |
|----------|-------------------------|------|------------------|
| Title | Sharon Hoffman et al v. Goli Nutrition, Inc. et al | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** DLA Piper's motion to dismiss the fifth and sixth claims for malpractice and breach of fiduciary duty.  The Court **GRANTS** Agarwal, Michael Bitensky, Randy Bitensky, and the VMG defendants' motions to dismiss the second, third, fourth, and seventh claims, but otherwise denies VMG's motion and Randy Bitensky's motion to dismiss the first claim, for violation of the DTSA.  The Court **GRANTS** plaintiffs leave *nunc pro tunc* to add Randy Bitensky to the definition of "Goli Defendants" in the introductory paragraph at pages 1-2 of the SAC.  Agarwal, Michael Bitensky, and Randy Bitensky's motion to strike plaintiffs' Errata is therefore **DENIED** as moot.

In light of the foregoing, the Court **VACATES** the hearing on Agarwal, Michael Bitensky, and Randy Bitensky's motion to strike plaintiffs' Errata, scheduled for December 16, 2024.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |