# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**
Managing Partner
hagey@braunhagey.com

December 20, 2024

**BY EMAIL & FEDEX**

David R. Haberbush
444 W. Ocean Blvd, Suite 1400
Long Beach, CA 90802
Email: dhaberbush@lbinsolvency.com

Re:   *Sharon Hoffman et al v. Goli Nutrition, Inc. et al*, Case No. 2:23-cv-06597-CAS-MAA (C.D. Cal.)

Dear Counsel:

We write on behalf of Defendants VMG Partners IV, L.P., VMG Partners Mentors Circle IV, L.P. and VMG Partners II, LLC (the "VMG Defendants") in the above-referenced action. You recently entered your appearance as counsel for Plaintiffs. Because you are new to the case, we wanted to make sure you are familiar with the legally and factually baseless nature of Plaintiffs' claims, which have already caused all but one of the defendants to file motions for Rule 11 sanctions, which remain pending. Furthermore, these frivolous actions have caused our client to incur significant and unnecessary defense costs and reputational harm, which when this matter is dismissed, they intend to seek to recover from the responsible parties, including counsel.

We understand that Max Folkenflik, Plaintiffs' lead counsel, may have misled you—just as he has misled the Court—and that these facts may come as a surprise to you. To that end, we wanted to provide you and your firm the opportunity to comply with your ethical obligations as lawyers by withdrawing Plaintiffs' baseless claim against the VMG Defendants or, if your client is unwilling to do so, withdrawing as counsel and refusing to advance Vitamin Friends' baseless trade secret claim (the only claim against the VMG Defendants that the Court has not already dismissed). Indeed, three sets of local counsel before you have already determined that they cannot in good conscience pursue Plaintiffs' claims and have withdrawn as local counsel. If, however, you opt to set aside your ethical obligations and continue to participate in the case as counsel notwithstanding the objective falsity of Plaintiffs' allegations, the VMG Defendants intend to hold you and your firm equally responsible by seeking sanctions and/or bringing a malicious prosecution action when this case is inevitably dismissed.

December 20, 2024
Page 2

### A.    Plaintiffs' and Their Counsel's History of Frivolous Claims

It may be helpful for you to understand how the parties got to this point. Mr. Folkenflik originally filed substantially the same complaint in December 2022 on behalf of Better Nutritionals, LLC, naming three VMG-affiliated entities among the defendants. (*Better Nutritionals v. Goli Nutrition, Inc., et al.* ("*Better Nutritionals*"), No. 5:22-cv-02219-SSS-SHK (C.D. Cal Dec. 19, 2022), Dkt. 1.) Better Nutritionals then immediately filed for Chapter 11 bankruptcy protection. Better Nutritionals asserted claims against the VMG Defendants for trade secret misappropriation, aiding and abetting fraud, conspiracy, and purported antitrust violations. Mr. Folkenflik worked initially with his first set of local counsel, Libenson Law, which later declined to sign Plaintiffs' January 2023 First Amended Complaint in that action and ultimately withdrew as local counsel in February 2023. Mr. Folkenflik then retained his second set of local counsel, BG Law LLP. The VMG-affiliated defendants served a motion for Rule 11 sanctions on Better Nutritionals and its counsel (Ex. 1), after which Better Nutritionals voluntarily dismissed its complaint as to the VMG defendants in March 2023. (*Better Nutritionals*, Dkt. 44.) Local counsel BG Law LLP was instrumental in dismissing the VMG Defendants from that action and subsequently withdrew as Better Nutritionals' counsel. Shortly thereafter—as you are aware based on your representation of Sharon and Odelya Hoffman in the bankruptcy proceedings—Better Nutritionals' bankruptcy was converted to a Chapter 7 liquidation, and the bankruptcy trustee dismissed the remainder of its claims against the remaining defendants.

In a transparent attempt to circumvent the bankruptcy trustee's authority and avoid their obligations under Federal Rule of Civil Procedure 13, the Hoffmans initiated a new action asserting the same allegations they had asserted in the dismissed Better Nutritionals case on behalf of themselves individually and other entities owned by Sharon Hoffman: Vitamin Friends, RGL Management, and RGL Holdings. (Dkt. 1.) Mr. Folkenflik retained a *third* firm as local counsel, Shulman, Bastian, Friedman & Bui, LLP (the "Shulman Firm"), for this action. The VMG-affiliated defendants served and filed a Rule 11 motion and simultaneously moved to dismiss Plaintiffs' claims. (Ex. 2; Dkt. 20.) The Court dismissed Plaintiffs' complaint on January 17, 2024, and reserved a ruling on the Rule 11 motion. (Dkt. 81.) Although the Court dismissed all of Plaintiffs' claims, it provided Plaintiffs with a chance to amend. (*Id.*)

On February 14, 2024, Plaintiffs filed a First Amended Complaint against the VMG Defendants and Wayne Wu and Jonathan Marshall, two VMG-affiliated investment professionals, in a flagrant attempt to pierce multiple corporate layers and damage their personal and professional reputations, which had a blatantly obvious and singular purpose of extorting a settlement for the benefit of Plaintiffs, and we can only assume, Plaintiffs' counsel through some contingency arrangement. (Dkt. 83.) The VMG Defendants once again moved for sanctions and for dismissal because the claims against them were once again factually and legally baseless. (Ex. 3; Dkt. 97.) On July 24, 2024, the Court dismissed all of Plaintiffs' claims against the VMG Defendants, except for Plaintiffs' trade secret misappropriation claim and once again reserved judgment on Defendants' Rule 11 motions. (Dkt. 128.) The Court gave Plaintiffs one more chance to plead cognizable versions of their remaining claims. (*Id.*)

Following the Court's order—as we are sure you are aware—the Shulman Firm filed a motion to withdraw, citing "irreconcilable differences" with Plaintiffs. (Dkt. 152.) Those

December 20, 2024
Page 3

differences almost certainly concern Plaintiffs' false statements in their pleadings and their insistence on maintaining claims against the VMG Defendants that are objectively false. Plaintiffs then filed their Second Amended Complaint—again without the signature of local counsel—on October 4, 2024. (Dkt. 155.) The VMG Defendants moved to dismiss and renewed the VMG Defendants' sanctions motions. (Exs. 4, 5.) On December 18, 2024, the Court once again *granted* the VMG Defendants' motion to dismiss all claims, except for Vitamin Friends' trade secret misappropriation claim. (Dkt. 200.)

**B.     The Remaining Trade Secret Misappropriation Claim Against the VMG Defendants is Legally and Factually Baseless**

We have attached the VMG Defendants' pending Rule 11 motions to this Letter, so that you can review them. (Exs. 2–5.) Please be advised that by continuing to advance Vitamin Friends' baseless trade secret claim in this litigation (the only remaining claim against the VMG Defendants), these requests for sanctions will also apply to you and your firm. As discussed in the sanctions motions, Vitamin Friends' allegations of trade secret misappropriation are demonstrably false and have no possibility of success based on documents within Plaintiffs' possession. We highlight just two of the serious deficiencies here.

*First*, Vitamin Friends does not own any applicable trade secrets. It is impossible for Vitamin Friends to claim that it owns a trade secret in the formula, suppliers, and process for producing Goli's gummy products when (1) Goli has three patents on the *formula and process* for producing its gummies (Dkt. 19 at 6-7); (2) Goli and Better Nutritionals executed contracts confirming that Goli—*not* any other party—owned the intellectual property in Goli's gummies (*id.* at 7); and (3) Plaintiffs previously alleged that *Better Nutritionals*, *not* Vitamin Friends, owned the alleged trade secret (*id.* at 11-12).

*Second*, Vitamin Friends cannot possibly demonstrate that any of the VMG Defendants misappropriated any trade secret, especially where (1) Vitamin Friends had no interactions with any of the VMG Defendants; (2) the VMG Defendants did not know that Vitamin Friends existed or that Vitamin Friends claimed it owned trade secrets prior to the filing of the Complaint; and (3) the VMG Defendants were expressly informed that the trade secrets at issue belonged to Goli. (*See* Dkt. 19-17 (Goli's representation that "all intellectual property in Goli's products is owned by Goli"); *see also* Dkt. 19–14, § 5.12(c).) In addition, the operative manufacturing contract between Goli and Better Nutritionals—*which Mr. Hoffman signed*—explicitly provided that "the rights to the formula are and shall remain the exclusive property of Goli." (Dkt. 19-9.) In light of these facts, there is simply no basis for Vitamin Friends to allege that VMG knew, or had reason to know, that the alleged trade secret was Vitamin Friends' property, even if it did exist. *See* 18 U.S. Code § 1839(5) (defining "misappropriation" under the DTSA).

These deficiencies are, of course, in addition to the legal deficiencies addressed in the VMG Defendants' recent motion to dismiss (Ex. 4)—including that claims asserting a "conspiracy" to violate the DTSA are legally barred and the Second Amended Complaint does not allege (and Vitamin Friends will never be able to show—because it is not true) that the VMG Defendants exercised control over Goli.

December 20, 2024
Page 4

We will not belabor these points here because we have explained them at length in the attached Rule 11 motions and motions to dismiss. As you already know, there is no factual or legal basis to tie any VMG Defendant to Vitamin Friends' trade secret misappropriation claim. Please confirm that you will withdraw the claim—or withdraw as local counsel.

**C.     Your Obligations as Local Counsel**

Federal courts regularly find that local counsel has an obligation to conduct a reasonable inquiry before pursuing claims. *See Long v. Quantex Res., Inc.*, 108 F.R.D. 416, 417 (S.D.N.Y. 1985), *aff'd*, 888 F.2d 1376 (2d Cir. 1989) (awarding sanctions against local counsel and finding that "at the very least, a local counsel that signs the papers of foreign counsel must read the papers, and from that have a basis for a good faith belief that the papers on their face appear to be warranted by the facts asserted and the legal arguments made, and are not interposed for any improper purpose."); *Val-Land Farms Inc. v. Third National Bank in Knoxville*, 937 F.2d 1110 (6th Cir. 1991) ("The lawyers who sign materials submitted to federal courts have the responsibility to determine that those materials comply with Rule 11. If [lawyers] acting as local counsel, signed [the] complaint relying entirely on the representations of [foreign attorney], so much the worse for them."); *Itel Containers Int'l Corp. v. Puerto Rico Marine Management Inc.*, 108 F.R.D. 96 (1985) (finding local counsel subject to Rule 11 sanctions to same extent as foreign counsel for joining in foreign lawyers' strategy of actively concealing court's lack of subject matter jurisdiction).

Under the circumstances of this case, any reasonable inquiry would reveal that Vitamin Friends *cannot* pursue a trade secret misappropriation claim and any pursuit of such a claim would continue to waste the Court and the VMG Defendants' resources and inflict additional reputational harm to the VMG Defendants. We are left to draw the inescapable conclusion that neither you nor your firm has conducted a reasonable inquiry concerning Vitamin Friends' claims.

To the extent you disagree—and believe that you did conduct a reasonable investigation before agreeing to serve as local counsel and pursue Vitamin Friends' claims—please answer the following questions concerning the scope of your inquiry:

1. Before you agreed to serve as Plaintiffs' local counsel in this action, did you review the VMG Defendants' previous motions for Rule 11 sanctions?

2. Have you reviewed and signed off on Plaintiffs' Second Amended Complaint?

3. How many hours did you spend in connection with this matter before you agreed to serve as Plaintiffs' local counsel in this action?

4. Have you reviewed Vitamin Friends' purported trade secrets?

5. Have you reviewed Goli's patents on the formula and process for manufacturing its gummy products?

December 20, 2024
Page 5

6. Have you reviewed the contracts between Goli and Better Nutritionals that assign all rights in the formula and supplier information to Goli?

7. Have you conducted an investigation to determine whether Vitamin Friends owns any intellectual property whatsoever in the Goli products that Better Nutritionals manufactured?

8. In your representation of the Hoffmans, have you pleaded ownership of the subject claimed IP for the benefit of a party other than Vitamin Friends?

As noted above, we understand that Plaintiffs and Mr. Folkenflik may not have disclosed the extent of the falsity of their allegations to you because no reasonable attorney could pursue the remaining trade secret misappropriation claim against the VMG Defendants in good faith. Now that we have disclosed these facts to you, we trust that you will ensure your client withdraws its remaining allegations against the VMG Defendants. Alternatively, we trust that your firm will withdraw from representing Plaintiffs in pursuing these false claims. If you do not do so, our clients intend to hold you and your firm responsible for maintaining these allegations via Rule 11 sanctions and/or a subsequent action for malicious prosecution, as appropriate.

In light of the gravity of these issues, we request a response from your Firm no later than January 3, 2025. We are available to discuss these matters if that would be helpful.

Very truly yours,

J. Noah Hagey

Encls.