UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                        Not Present

**Proceedings:**   (IN CHAMBERS) - THE VMG INDIVIDUALS' MOTION TO STRIKE (Dkt. 249, filed on July 7, 2025)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7–15. Therefore, the August 4, 2025, hearing at 10:00 a.m. is vacated. The history and background of this case are well-known to the parties and set forth in the Court's December 2, 2024 order. See dkt. 200. Accordingly, the Court only recites procedural events here that are relevant to the instant motion.

In their operative second amended complaint, plaintiffs Sharon and Odelya Hoffman, RGL Holdings LLC, RGL Management LLC, and Vitamin Friends LLC ("plaintiffs") assert claims against defendants Goli Nutrition, Inc. (Canada); Goli Nutrition, Inc. (Delaware); 12416913 Canada Inc.; Deepak Agarwal; Michael Bitensky; Randy Bitensky; VMG Partners, LLC; VMG Partners Mentors Circle IV L.P.; VMG Partners IV, LP; Wayne Wu ("Wu"); Jonathan Marshall ("Marshall"); MeriCal Inc. ("MeriCal"); DLA Piper LLP (US) ("DLA Piper"); and Roger Tyre (collectively, "defendants"). Dkt. 155 ("SAC").

Following the Court's December 2, 2024 ruling on motions to dismiss filed by several defendants, three claims remain in this action: (1) Vitamin Friends LLC's ("Vitamin Friends") claim pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, against MeriCal, Deepak Agarwal, Michael Bitensky, Randy Bitensky,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

and the "VMG Defendants";[1] (2) Sharon Hoffman's malpractice claim against DLA Piper; and (3) Sharon Hoffman's breach of fiduciary duty claim against DLA Piper.[2] Dkt. 200 at 28.

On June 23, 2025, plaintiffs filed an Errata, titled "Errata Regarding the Inclusion of Wayne Wu and Jonathan Marshall in the Defined Term the 'VMG Defendants.'" Dkt. 248. The Errata states that Wu and Marshall were not included in the definition of the "VMG Defendants" in plaintiffs' SAC due to "an inadvertent typographical/clerical error." Id. at 2.

On July 7, 2025, Wu and Marshall (collectively, the "VMG individual defendants" or "Wu and Marshall") filed the instant motion to strike plaintiffs' Errata. Dkt. 249 ("Mot."). On July 14, 2025, plaintiffs filed an opposition. Dkt. 253 ("Opp."). On July 21, 2025, the VMG individual defendants filed a reply. Dkt. 256 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal

---

[1] The Court uses the term the "VMG Defendants" here because it is the term used in the SAC to describe one of the parties against whom the DTSA claim is asserted. See SAC at 47. The definition of this term is the subject of the instant motion.

[2] The claims against Goli Nutrition, Inc. (Canada) and Goli Nutrition, Inc. (Delaware) have been stayed since April 29, 2024, due to pending bankruptcy proceedings. Dkt. 96.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

### III.   DISCUSSION

The VMG individual defendants first argue that the Errata must be stricken because Errata cannot be used to amend a complaint; rather, they can only be used to correct minor, inadvertent typographical errors. Mot. at 9. The VMG individual defendants contend that, in submitting an Errata to amend their complaint, plaintiffs violated Federal Rule of Civil Procedure 15 ("Rule 15"), which governs how a party may amend its pleading. Id. Further, the VMG individual defendants argue that plaintiffs' Errata does not seek to correct a mere typographical error. Id. The VMG individual defendants assert that, in the SAC, plaintiffs' DTSA claim is pled solely against the "VMG Defendants," which are defined earlier in the SAC as "VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., [and] VMG Partners IV, LP." Id. According to the VMG individual defendants, the purpose of plaintiffs' Errata is to expand their DTSA claim so that it is also brought against Wu and Marshall, even though the only claim against Wu and Marshall, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, was dismissed "long ago." Id. at 10.

Second, the VMG individual defendants argue that failing to strike the Errata would prejudice them, as it would deprive them of their rights under Rule 15 to oppose a motion for leave to amend and file a motion to dismiss. Id. at 10-11. Further, the VMG individual defendants contend that plaintiffs' delay in filing the Errata—seven months after Wu and Marshall were dismissed from the case—"improperly delays resolution of this matter." Id. at 11. The VMG individual defendants assert that plaintiffs knew the SAC did not allege a DTSA claim against them, based on 1) their decision to only assert the claim against the "VMG Defendants," as defined in the SAC; and 2) the multiple filings in which VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., and VMG Partners IV, LP noted that the DTSA claim was asserted solely against the corporate VMG defendants.[3] Id. at 12. The VMG individual defendants argue that they are also

---

[3] According to the VMG individual defendants, these filings include: an October 18, 2024 motion to dismiss, describing "Vitamin Friends' claim for misappropriation of trade secrets under the DTSA against the corporate VMG defendants"; a January 2, 2025 answer, noting that "on December 18, 2024, the Court dismissed the sole claim (RICO)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

prejudiced by the legal fees that they have incurred to respond to plaintiffs' "repeated amendments and corrections." Id. The VMG individual defendants contend that plaintiffs' Errata aims to "threaten the VMG [i]ndividuals personally in an improper attempt to extort a settlement." Id. at 13.

Third, the VMG individual defendants argue that any attempt by plaintiffs to amend their complaint to assert a DTSA claim against Wu and Marshall would be futile. Id. This is because, according to the VMG individual defendants, the SAC does not allege that Wu or Marshall acquired or disclosed a trade secret and any such allegation would be implausible. Id. at 14-16. Finally, they argue that sanctions should be imposed on plaintiffs to enforce the Court's rules. Id. at 17-20. Pursuant to 28 U.S.C. § 1927, the VMG individual defendants request that plaintiffs reimburse the approximately $30,000 in attorneys' fees and costs that they have incurred for this motion. Id.

In opposition, plaintiffs argue that, as "a matter of logic," the term "VMG Defendants" includes Wu and Marshall. Opp. at 1. Plaintiffs contend that, in their own memoranda of points and authorities throughout this case, VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., and VMG Partners IV, LP included Wu and Marshall in their definition of the "VMG Defendants." Id. Plaintiffs assert that the Errata does not deprive Wu and Marshall of their right to oppose leave to amend or move to dismiss, as both Wu and Marshall have, in fact, opposed leave to amend and moved to dismiss, "multiple times." Id. Next, plaintiffs argue that the SAC shows the VMG individual defendants' "personal involvement" in Goli's misappropriation of Vitamin Friends' trade secrets. Id. at 2. According to plaintiffs, it is "absurd to believe" that the corporate VMG defendants could be liable for misappropriation of Vitamin Friends' trade secrets without acting through Wu and Marshall, who sat on Goli's board and implemented the misappropriation. Id. at 3. Finally, plaintiffs argue that the VMG individual defendants are responsible for the delays in this case, as they have not propounded discovery. Id.

///

---

alleged against VMG investment professionals Wayne Wu and Jonathan Marshall"; and the June 14, 2025 Joint Rule 26(f) Report, stating that "[t]he claims previously alleged against named defendants Wayne Wu and Jonathan Marshall have been dismissed, and so Messrs. Wu and Marshall are not parties to this Rule 26(f) Report." Mot. at 12, 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

In reply, the VMG individual defendants assert that, while they did have an opportunity to move to dismiss the RICO claim against them, they never had an opportunity to move to dismiss the DTSA claim—because it was not alleged against them. Reply at 3. Next, the VMG individual defendants argue that plaintiffs' opposition brief does not cite any legal authority supporting the Errata or address the prejudice arising from delays. Id. at 4, 7. The VMG individual defendants contend that, since the Court dismissed them from the case on December 2, 2024, this litigation has moved forward and the parties have held their Rule 26(f) conference. Id. at 7. The VMG individual defendants assert that, as non-parties, they did not participate, and requiring them to re-enter now would be prejudicial. Id. at 8. Additionally, the VMG individual defendants state that plaintiffs misrepresented the status of discovery in their opposition brief, as VMG Partners IV, L.P. and VMG Partners Mentors Circle IV, L.P. served discovery on plaintiffs on June 20, 2025. Id. Finally, the VMG individual defendants contend that plaintiffs failed to respond to their arguments about sanctions. Id. at 11.

On this record, the Court finds that plaintiffs' Errata improperly seeks to amend the SAC to re-add the VMG individual defendants—previously dismissed from this case on December 2, 2024—as parties. Errata may only be filed to correct a clerical or typographical error, not to raise substantive issues before the Court. See Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007). Accordingly, the Court finds that plaintiffs' Errata must be stricken because amending the SAC to add previously dismissed parties constitutes a substantive action. See, e.g., Kamath v. Superior Ct. of California Cnty. of Los Angeles, Case No. 2:23-CV-08979-JFW-DTBx, Dkt. 50, at 2-3 (C.D. Cal. Feb. 21, 2024) (striking plaintiff's first Errata because "it was an attempt to amend the FAC" and striking plaintiff's second Errata because it aimed "to substitute the true names of two defendants which were previously alleged to be unknown.").

Plaintiffs argue that their failure to include Wu and Marshall in the definition of the "VMG Defendants" on page 2 of the SAC was inadvertent. Opp. at 1. Assuming *arguendo* that this omission was inadvertent, the Court still finds that an Errata is not the proper avenue to correct the error, as the SAC did not provide fair notice to Wu and Marshall that the DTSA claim was asserted against them. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Under Rule 8, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."). The DTSA claim is not asserted against Wu and Marshall, unlike the RICO claim, which refers to them explicitly by name. Compare SAC at 47 with id. at 53. Rather, the DTSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

claim is asserted against "the Goli Defendants, the VMG Defendants, and Meri[C]al," and the VMG Defendants are defined as only "VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., [and] VMG Parties IV, LP." See id. at 47, 2. Accordingly, adding Wu and Marshall to the definition of the "VMG Defendants" would be a substantive amendment to the complaint, which must be sought through the procedures outlined in Rule 15(a)(2), not an Errata. Under Rule 15(a)(2), plaintiffs must obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The Court will entertain a motion for leave to amend from plaintiffs to assert a DTSA claim against Wu and Marshall, if they so choose. Any such motion must be filed no later than August 6, 2025. While the VMG individual defendants argue that any amendment would be futile, see Mot. at 13-17, the Court will not consider the merits of a potential amendment on the instant motion to strike plaintiffs' Errata. These arguments are more appropriately made in a brief opposing plaintiffs' motion for leave to amend or in a motion to dismiss plaintiffs' amended complaint. See also Ernst v. ZogSports Holdings LLC, No. 2:18-CV-09043-RGK-MRW, 2019 WL 1423776, at *2 (C.D. Cal. Feb. 26, 2019) ("Denial of leave to amend for futility is rare, as courts typically defer consideration of challenges to the merits of a proposed amendment until after leave is granted and the pleading is filed.").

Turning to Wu and Marshall's request, pursuant to 28 U.S.C. § 1927, for sanctions and attorneys' fees, the Court continues to reserve judgment on sanctions for decision at the conclusion of this case. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002) ("[S]ection 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.") (emphasis omitted). The Court admonishes plaintiffs' counsel moving forward to only file Errata concerning clerical and typographical errors, not substantive issues.

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | July 30, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the VMG individual defendants' motion insofar as it seeks to strike plaintiffs' Errata. Plaintiffs are directed to file a motion for leave to amend to add Wu and Marshall as parties to the DTSA claim, if they so choose, no later than August 6, 2025. The Court **RESERVES JUDGMENT** on the VMG individual defendants' request for sanctions and attorneys' fees.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |