UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Max Folkenflik
David Kenner

Attorneys Present for Defendants:
Annie Barberian
Garrett Biedermann
Melissa Ginsberg
Sean Eskovitz
Daniel Nowicki
James Tsouvalas
Philip O'Beirne
Justin Goldstein
Kaylee Racs

**Proceedings:** ZOOM HEARING RE: VMG'S MOTION TO BIFURCATE (Dkt. 257, filed on July 28, 2025)

## I.   INTRODUCTION & BACKGROUND

The background of this case is well-known to the parties and set forth in the Court's December 2, 2024 order. See dkt. 200.

On October 4, 2024, plaintiffs Sharon and Odelya Hoffman (the "Hoffmans"), RGL Holdings LLC ("RGL Holdings"), RGL Management LLC ("RGL Management"), and Vitamin Friends LLC ("Vitamin Friends") (collectively, "plaintiffs") filed the operative second amended complaint against defendants Goli Nutrition, Inc. (Canada), Goli Nutrition, Inc. (Delaware), 12416913 Canada Inc., Deepak Agarwal, Michael Bitensky, Randy Bitensky (collectively, "the Goli defendants"), VMG Partners, LLC, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP (collectively, "the VMG defendants"), Wayne Wu ("Wu"), and Jonathan Marshall ("Marshall"), MeriCal Inc. ("MeriCal"), DLA Piper LLP ("DLA Piper"), and Roger Tyre. Dkt. 155 ("SAC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

The SAC asserted eight claims for relief: (1) Vitamin Friends asserted claims against the Goli defendants, the VMG defendants, and MeriCal pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*; (2) Vitamin Friends asserted claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends asserted claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) RGL Holdings asserted claims for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall; (5) Sharon Hoffman asserted a legal malpractice claim against DLA Piper; (6) Sharon Hoffman asserted a claim for breach of fiduciary duty against DLA Piper; (7) Odelya Hoffman asserted an intentional infliction of emotional distress claim against the Goli defendants and the VMG defendants; and (8) Vitamin Friends asserted a conversion claim against Goli. SAC ¶¶ 140-170.

On December 2, 2024, the Court granted in part and denied in part motions to dismiss filed by the Goli defendants, the VMG defendants, and DLA Piper. Dkt. 200 at 28. The remaining claims are as follows: the first claim, under the DTSA, against the Goli defendants, the VMG defendants, and MeriCal; the third claim against Goli; the fifth and sixth claims against DLA Piper; and the eighth claim against Goli. See id.; see also dkt. 96.

On July 28, 2025, the VMG defendants filed the instant motion to bifurcate discovery. Dkt. 257 ("Mot."). On July 31, 2025, defendants Deepak Agarwal, Michael Bitensky, and Randy Bitensky filed a notice of joinder in the VMG defendants' motion to bifurcate. Dkt. 260. On August 4, 2025, plaintiffs filed an opposition. Dkt. 262 ("Opp."). On August 11, 2025, the VMG defendants filed a reply. Dkt. 267 ("Reply"). On August 22, 2025, defendant MeriCal, LLC filed a notice of joinder in the VMG defendants' motion to bifurcate. Dkt. 274.

On August 25, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Federal Rule 42(b) of the Federal Rules of Civil Procedure ("Rule 42(b)"), this Court has discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 42(b) gives the Court "power to limit discovery to the segregated issues . . . One of the purposes of Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." McDermott v. Potter, No. C 07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010); accord Yomi v. Sec'y Dep't of Health & Hum. Servs., No. 2:23-CV-01740-MEMF-E, 2024 WL 5275065, at *2 (C.D. Cal. Nov. 18, 2024). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan v. Md. Cas. Co., 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). The party pursuing bifurcation bears the burden of establishing that "bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties." Karpenski v. Am. Gen. Life Cos., 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

### III. DISCUSSION

The VMG defendants argue that the Court should exercise its discretion to bifurcate discovery to first address plaintiff Vitamin Friends' ownership of trade secrets because establishing plaintiff's lack of ownership would be dispositive of plaintiff's DTSA claim. Specifically, VMG defendants argue that: (1) ownership is dispositive of Vitamin Friends' standing; (2) bifurcation would promote judicial economy, reduce costs, be more convenient for the parties and the Court, and not prejudice Vitamin Friends. Mot. at 12-18.

Deepak Agarwal, Michael Bitensky, and Randy Bitensky join the VMG defendants' motion on the basis that they share the same interest in discovering whether Vitamin Friends can prove that it owns the trade secrets and has standing to bring this claim. Dkt 260. at 4. MeriCal, LLC joins in defendants' motion. See dkt. 274 at 3-4.

In opposition, plaintiffs argue that the Court should deny bifurcation of discovery because doing so would be unnecessary and highly prejudicial. Opp. at 3.

In reply, the VMG defendants argue that (1) plaintiffs do not dispute that standing is a threshold and dispositive issue; (2) bifurcation is the most efficient approach to conducting discovery here; and (3) bifurcation would not prejudice plaintiffs because it would be limited to their DTSA claim and would not affect discovery for plaintiffs' separate malpractice claims. Reply at 4-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

The Court finds that it is appropriate to bifurcate discovery of Vitamin Friends' DTSA claim to first address Vitamin Friends' ownership of trade secrets, which is foundational to the claim. The Court has inherent discretion to order phased discovery. Rule 42(b) gives the Court discretion to "order a separate trial of one or more separate issues" in the interest of "convenience, to avoid prejudice, or to expedite and economize [litigation]." Fed. R. Civ. P. 42(b). Satisfying any single factor is sufficient grounds for bifurcation. Fitbit, Inc. v. Aliphcom, No. 5:15-CV-04073-EJD, 2016 WL 7888033, at *1 (N.D. Cal. May 27, 2016) ("Rule 42(b)'s standards are read 'in the disjunctive instead of in the conjunctive.'"). Moreover, "[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." Drennan, 366 F. Supp. 2d at 1007. The Court analyzes these relevant factors in turn.

    A.    **Disposition of a Threshold Issue**

First, the Court considers whether bifurcation of discovery could dispose of a key issue. "One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue." Wixen Music Publ'g, Inc. v. Triller, Inc., No. 2:20-CV-10515-JVS-AFMx, 2021 WL 4816627, at *2 (C.D. Cal. Aug. 11, 2021) (citing Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982)).

The Court agrees with the VMG defendants that Vitamin Friends' ownership of the alleged trade secrets could be dispositive of the DTSA claim because ownership is foundational to Vitamin Friends' standing. Mot. at 12; Agensys, Inc. v. Regents of Univ. of California, No. CV 24-3961-JFW-PDx, 2024 WL 5679162, at *4 (C.D. Cal. Oct. 22, 2024) ("[I]n the absence of ownership of the purported trade secret, a plaintiff lacks standing to assert a DTSA claim."). The Court notes that, in their opposition brief, plaintiffs do not dispute that standing is a dispositive issue. See generally Opp.

The Court also agrees with the VMG defendants that "[e]ven where courts have denied a defendant's motion to dismiss, courts [may] bifurcate discovery to resolve threshold standing issues first." Mot. at 13; Wixen, 2021 WL 4816627, at *1-3 (bifurcating discovery on the "dispositive" and "threshold issue" of standing even where the Court had not disposed of the issue of standing in a motion to dismiss). Previously, the Court found that, in the SAC, Vitamin Friends adequately alleged its standing to pursue its DTSA claim. Dkt. 200 at 23. Specifically, the Court determined that Vitamin Friends adequately alleged that it was the owner of the trade secret formulations of Vitamin Friends' products and that those trade secrets were misappropriated. Id.; SAC ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

¶ 141-144. These findings do not preclude the Court from bifurcating discovery at this juncture, if appropriate under Rule 42(b). See Wixen, 2021 WL 4816627, at *2-3.

Therefore, the Court finds that the dispositive nature of the standing issue favors bifurcation.

### B. Judicial Economy

Second, the Court considers whether bifurcation would make discovery more efficient.

The Court finds that bifurcation would be more convenient for the parties, promote judicial economy, and reduce costs. First, bifurcation would be more convenient for the parties and the Court because resolving the question of trade secrets ownership is a discrete issue with a more limited universe of evidence and witnesses. See Mot. at 17. Regarding judicial economy, bifurcation could more efficiently reveal that Vitamin Friends does not own the trade secrets at issue and thus lacks standing to pursue its DTSA claim, thereby minimizing judicial oversight over discovery. Third, bifurcation could also reduce costs, as resolving Vitamin Friends' standing for its DTSA claim first could allow the parties to avoid costly and protracted discovery on the merits. See Mot. at 15; Wixen, 2021 WL 4816627, at *1 (one ground for bifurcation is to defer "costly and possibly unnecessary discovery").

The Court is unpersuaded by plaintiffs' argument that bifurcation is "unnecessary because nothing stops VMG from pursuing its proposed discovery which it claims can be completed in a manner of weeks." Opp. at 3. Under Rule 42(b), just because bifurcation is not necessary to pursuing discovery on an issue does not prevent the Court from ordering bifurcated discovery on efficiency grounds. See Fed. R. Civ. P. 42(b). Rather, the relevant considerations include whether bifurcation would promote judicial economy and convenience for the parties. Id. As discussed, bifurcating discovery here would potentially conserve resources on a case-dispositive issue of standing.

Therefore, the Court finds that this factor also favors bifurcation.

### C. Prejudice

Third, the Court considers the potential impact of bifurcation on prejudice to the parties. A court should order bifurcation "only when doing so . . . will not unduly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-06597-CAS-MAAx | Date | August 25, 2025 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

prejudice any party." Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2018 WL 4027024, at *2 (E.D. Cal. Aug. 23, 2018).

The Court finds that bifurcation has the potential to only minimally prejudice plaintiff. Because limiting discovery to first address the standing issue would necessarily narrow the universe of discoverable evidence, bifurcated discovery could be completed more quickly. See Mot. at 18 (claiming that bifurcated discovery could be "completed within weeks" and noting that the VMG defendants have already served discovery requests to plaintiffs on the standing issue).

The Court is unpersuaded by plaintiffs' argument that bifurcation is "highly prejudicial" "because it blocks any discovery… against DLA Piper on claims entirely unrelated to the DTSA claim, as well [as]… discovery against VMG which is necessary to move this years old case forward." Opp. at 3. This argument is misplaced. As the VMG defendants note, they "ask[] that the Court bifurcate discovery *on the DTSA claim*" and take "no position" on discovery related to DLA Piper. Mot. at 5 (emphasis in original). Therefore, ordering phased discovery on the standing issue with respect to Vitamin Friends' DTSA claim would not preclude discovery for plaintiffs' other claims.

Therefore, the Court finds that this factor favors bifurcation.

### IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to bifurcate discovery with regard to the DTSA claim.

The Court **DIRECTS** the parties to present a joint proposed timetable for completing discovery on the standing issue, no later than September 2, 2025.

IT IS SO ORDERED.

|  | 00 : 18 |
|---|---|
| Initials of Preparer | CMJ |