1 [Counsel of record set forth on the following page.]

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **CENTRAL DISTRICT OF CALIFORNIA**

8

9

10 ODELYA HOFFMAN, RGL
MANAGEMENT LLC, RGL
11 HOLDINGS LLC, and VITAMIN
FRIENDS LLC,
12
            Plaintiffs,
13      v.

14 GOLI NUTRITION, INC. (A
CANADIAN CORPORATION) GOLI
15 NUTRITION INC. (A DELAWARE
CORPORATION), 12416913 CANADA
16 INC., DEEPAK AGARWAL, MICHAEL
BITENSKY, RANDY BITENSKY, VMG
17 PARTNERS, VMG PARTNERS IV, LP,
VMG PARTNERS MENTORS CIRCLE
18 IV L.P., WAYNE WU, JONATHAN
MARSHALL, MERICAL INC., AND
19 ROGER TYRE,

20 Defendants.

Case No. 2:23-cv-06597-CAS-MAA

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

21

22

23

24

25

26

27

28

Max Folkenflik
  mfolkenflik@fmlaw.net
**Folkenflik & McGerity LLP**
1500 Broadway, Suite 810
New York, NY 10036
Telephone: (212) 757-0400

*Counsel for Plaintiffs*

Latisha V. Thompson (*pro hac vice*)
  lthompson@morrisoncohen.com
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, NY 10022
Telephone: (212)-735-8886

Alison K. Beanum (SBN: 221968)
  alison.beanum@clydeco.us
Douglas J. Collodel (SBN: 112797)
  douglas.collodel@clydeco.us
**CLYDE & CO US LLP**
355 South Grand Avenue, Suite 1400
Los Angeles, CA 90071
Telephone: (213) 358-7600

*Counsel for Defendants Deepak
Agarwal, Randy Bitensky, and Michael
Bitensky*

Daniel Nowicki (SBN: 304716)
  dnowicki@gibsondunn.com
**GIBSON DUNN & CRUTCHER
LLP**
333 South Grand Avenue
Los Angeles, CA 9007
Telephone: (213) 229-7000

*Counsel for Defendant DLA Piper US*

Philip J. O'Beirne
  poberine@steinmitchell.com
**STEIN MITCHELL BEATO &
MISSNER LLP**
2000 K Street, NW, Suite 600
Washington, DC 20006
Telephone: (202) 737-7777

Justin M. Goldstein (SBN: 198858)
  justin@frostllp.com.com
**FROST LLP**
10960 Wilshire Blvd., Ste 2100
Los Angeles, LA 90024
Telephone: (424) 254-0441

*Counsel for Defendant Merical Inc.*

J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Melissa Ginsberg, Esq. (*pro hac vice*)
  ginsberg@braunhagey.com
Garrett Biedermann, Esq. (*pro hac vice*)
  biedermann@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

Sean Eskovitz, Esq.
  seane@eskovitz.com
**ESKOVITZ LAW LLP**
1217 Wilshire Blvd #3686
Santa Monica, CA 90403
Telephone: (323) 821-5836

*Attorneys for Defendants VMG
Partners IV, L.P, VMG Partners
Mentors Circle IV, L.P., and VMG
Partners II, LLC*

1                                    Case No. 2:23-cv-06597-CAS-MAA
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1  **1.**     **PURPOSES AND LIMITATIONS**

2          Discovery in this action is likely to involve production of confidential,

3  proprietary, or private information for which special protection from public

4  disclosure and from use for any purpose other than prosecuting this litigation may be

5  warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter

6  the following Stipulated Protective Order. The parties acknowledge that this

7  Stipulated Protective Order does not confer blanket protections on all disclosures or

8  responses to discovery and that the protection it affords from public disclosure and

9  use extends only to the limited information or items that are entitled to confidential

10 treatment under the applicable legal principles. The parties further acknowledge, as

11 set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle

12 them to file confidential information under seal; Local Rule 79-5 sets forth the

13 procedures that must be followed and the standards that will be applied when a party

14 seeks permission from the Court to file material under seal.

15 **2.**     **GOOD CAUSE STATEMENT**

16          This action is likely to involve asserted trade secrets, valuable research,

17 development, commercial, financial, technical and/or proprietary information for

18 which special protection from public disclosure and from use for any purpose other

19 than prosecution of this action is warranted. Such confidential and proprietary

20 materials and information consist of, among other things, confidential business or

21 financial information, information regarding confidential business practices, or other

22 confidential research, development, or commercial information (including

23 information implicating privacy rights of third parties), information otherwise

24 generally unavailable to the public, or which may be privileged or otherwise

25 protected from disclosure under state or federal statutes, court rules, case decisions,

26 or common law. Accordingly, to expedite the flow of information, to facilitate the

27 prompt resolution of disputes over confidentiality of discovery materials, to

28 adequately protect information the parties are entitled to keep confidential, to ensure

that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.    DEFINITIONS**

3.1.    <u>Action</u>: This pending federal lawsuit.

3.2.    <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.    <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.    In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9.    Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10.  Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11.  Party: Any party to this Action, including all of its officers, directors, and employees.

3.12.  Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13.  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.15.  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.15.  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items,"

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**4.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b) For testimony given in depositions, that the Designating Party within seven (7) days of receipt of transcript identify the Disclosure or Discovery Material that is Protected Material. Until seven (7) days after the Parties' receipt of the final deposition transcript, all Parties will treat the entire deposition transcript (including any rough versions of the transcript) as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

c) For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.    <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    <u>Timing of Challenges</u>.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").

7.3.    <u>Burden of Persuasion</u>.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Nothing in this Protective Order shall limit a Party's ability to use its own Protected Materials in connection with this Action or otherwise.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) An insurer of the Receiving Party, including counsel to such an insurer;

e) The Court and its personnel;

f) Court reporters and their staff;

g) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by all Designating Parties, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to:

a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action; such persons shall be bound by this Stipulated Protective Order and shall receive a copy of this Stipulated Protective Order;

b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c) An insurer of the Receiving Party, including counsel to such an insurer, who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

d) The Court and its personnel;

e) Court reporters and their staff;

f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A).

Unless otherwise ordered by the Court or permitted in writing by all Designating Parties, the underlying parties to this action shall not have access to any review database (such as Relativity) containing documents or data designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; such access shall be limited solely to Outside Counsel of Record (as well as employees of said Outside Counsel of Record), Experts, and Professional Vendors who are assisting with the set-up, management, or operation of a database containing such material.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

     a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

     b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

     c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1.  <u>Application</u>.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2.  <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c) Make the information requested available for inspection by the Nonparty, if requested.

10.3.  <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the

discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13.    MISCELLANEOUS**

    13.1.    Right to Further Relief.

          Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    13.2.    Right to Assert Other Objections.

          By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    13.3.    Filing Protected Material.

          A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.    <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. Sanctions shall be imposed for any use or disclosure of Protected Material in violation of this Stipulated Order, including, but not limited to, use or disclosure of Protected Material to any person who is not authorized by this Stipulated Order to receive such Protected Material, and use or disclosure that is for any purpose other than prosecuting, defending, or attempting to settle this Action.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

*/s/Max Folkenflik (with consent)*
Max Folkenflik (*pro hac vice*)
  mfolkenflik@fmlaw.net
**FOLKENFLIK & MCGERITY LLP**
1500 Broadway, Suite 810
New York, NY 10036
Telephone: (212) 757-0400

*Attorneys for Plaintiffs Sharon Hoffman and Vitamin Friends LLC*

*/s/Philip J. O'Beirne (with consent)*
Philip J. O'Beirne
  poberine@steinmitchell.com
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, NW, Suite 600
Washington, DC 20006
Telephone: (202) 737-7777

Justin M. Goldstein (SBN: 198858)
  justin@frostllp.com.com
**FROST LLP**

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1  */s/Latisha V. Thompson (with consent)*
2  Latisha V. Thompson (*pro hac vice*)
      lthompson@morrisoncohen.com
3  **MORRISON COHEN LLP**
   909 Third Avenue, 27th Floor
4  New York, NY 10022
   Telephone: (212) 735-8886
5
6  Alison K. Beanum (SBN: 221968)
      alison.beanum@clydeco.us
7  Douglas J. Collodel (SBN: 112797)
      douglas.collodel@clydeco.us
8  **CLYDE & CO US LLP**
9  355 South Grand Avenue, Suite 1400
   Los Angeles, CA 90071
10  Telephone: (213) 358-7600
11  *Counsel for Defendants Deepak*
12  *Agarwal, Randy Bitensky, and Michael*
   *Bitensky*
13
14  */s/Daniel Nowicki (with consent)*
   Daniel Nowicki (SBN: 304716)
15      dnowicki@gibsondunn.com
   **GIBSON DUNN & CRUTCHER LLP**
16  333 South Grand Avenue
   Los Angeles, CA 9007
17  Telephone: (213) 229-7000
18
   *Counsel for Defendant DLA Piper US*
19
20
21
22  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**
23  Dated: 08/26/2025
24
25
26
27
28

10960 Wilshire Blvd., Ste 2100
Los Angeles, LA 90024
Telephone: (424) 254-0441

*Counsel for Defendant Merical Inc.*

*/s/J. Noah Hagey*
J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Melissa Ginsberg, Esq. (*pro hac vice*)
   ginsberg@braunhagey.com
Garrett Biedermann, Esq. (*pro hac vice*)
   biedermann@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

Sean Eskovitz, Esq.
   seane@eskovitz.com
**ESKOVITZ LAW LLP**
1217 Wilshire Blvd #3686
Santa Monica, CA 90403
Telephone: (323) 821-5836

*Attorneys for Defendants VMG*
*Partners IV, L.P, VMG Partners*
*Mentors Circle IV, L.P., and VMG*
*Partners II, LLC*

_____
Maria A. Audero

United States Magistrate Judge

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Hoffman v. Goli Nutrition, Inc.*, No. 2:23-CV-06597-CAS-MAA (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____