UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                    Not Present

**Proceedings:**       (IN CHAMBERS) - VMG'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 326, filed on November 14, 2025)

VMG'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT (Dkt. 316, filed on November
14, 2025)

## I.    INTRODUCTION & BACKGROUND

On August 11, 2023, plaintiffs Sharon and Odelya Hoffman (the "Hoffmans"),
RGL Holdings LLC ("RGL Holdings"), RGL Management LLC ("RGL Management"),
and Vitamin Friends LLC ("Vitamin Friends") filed this action against defendants Goli
Nutrition, Inc. (Canada), Goli Nutrition, Inc. (Delaware),[1] 12416913 Canada Inc., Deepak
Agarwal ("Agarwal"), Michael Bitensky (collectively, "the Goli defendants"), VMG
Partners, LLC, VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP
(collectively, "the VMG defendants"), MeriCal Inc. ("MeriCal"), and DLA Piper LLP
(US) ("DLA Piper").  Dkt. 1 ("Compl.").

The complaint alleged nine claims for relief: (1) Vitamin Friends brought claims
pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, against the Goli
defendants, the VMG defendants, and MeriCal; (2) the Hoffmans brought claims for
fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3)
the Hoffmans and RGL Holdings brought claims for breaches of fiduciary duties against

---

[1] Goli Nutrition, Inc. (Canada) and Goli Nutrition, Inc. (Delaware) are referred to,
collectively, as "Goli."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Goli and the VMG defendants; (4) RGL Holdings, Vitamin Friends, and Sharon Hoffman brought claims for aiding and abetting against the VMG defendants; (5) the Hoffmans, Vitamin Friends, and RGL Management brought claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against Goli, Agarwal, and Michael Bitensky; (6) Sharon Hoffman brought claims for securities fraud against Goli, Agarwal, and Michael Bitensky; (7) plaintiffs brought claims for legal malpractice against DLA Piper; (8) plaintiffs brought claims for breach of fiduciary duty against DLA Piper; and (9) RGL Management brought a claim for conversion against Goli.  Id.

On February 14, 2024, following the Court's order on motions to dismiss plaintiffs' complaint, see dkt. 81, plaintiffs filed a first amended complaint against defendants Goli Nutrition, Inc. (Canada), Goli Nutrition, Inc. (Delaware) (collectively "Goli"), 12416913 Canada Inc., Agarwal, Michael Bitensky, Randy Bitensky,[2] VMG Partners, Wayne Wu ("Wu"), Jonathan Marshall ("Marshall"), VMG Partners Mentors Circle IV L.P., VMG Partners IV, LP, MeriCal, and Roger Tyre ("Tyre") (collectively, the "FAC defendants").  Dkt. 83 ("FAC").

On October 4, 2024, following the Court's order on motions to dismiss the FAC, see dkt. 128, plaintiffs filed their second amended complaint.  Dkt. 155 ("SAC").  The SAC alleged eight claims for relief: (1) Vitamin Friends alleges claims against the Goli defendants, the VMG defendants, and MeriCal pursuant to the DTSA; (2) Vitamin Friends alleges claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends alleges claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) RGL Holdings alleges claims for violations of Section 1962(d) of RICO against VMG Partners, Wu, and Marshall; (5) Sharon Hoffman alleges a legal malpractice claim against DLA Piper; (6) Sharon Hoffman alleges a claim for breach of fiduciary duty against DLA Piper; (7) Odelya Hoffman alleges an IIED claim against the Goli defendants and the VMG defendants; and (8) Vitamin Friends alleges a conversion claim against Goli.  Id.

On December 2, 2024, the Court granted in part and denied in part motions to dismiss filed by the Goli defendants, the VMG defendants, and DLA Piper.  Dkt. 200 at

---

[2] For purposes of the FAC and thereafter, the term "the Goli defendants" also includes Randy Bitensky.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

28.  Following the Court's December 2, 2024 Order, the remaining captioned claims remained as follows: the first claim, under the DTSA, against the Goli defendants, the VMG defendants, and MeriCal; the third claim against Goli; the fifth and sixth claims against DLA Piper; and the eighth claim against Goli.  See id.; see also dkt. 96.

On August 5, 2025, plaintiffs filed a motion and supporting documents for leave to file a third amended complaint ("TAC") to include Wayne Wu and Jonathan Marshall as defendants on the DTSA claim.  On September 8, 2025, the Court granted plaintiffs' motion for leave to file a TAC for the sole purpose of including Wayne Wu and Jonathan Marshall as defendants on plaintiffs' DTSA claim.  Dkt. 290.

On October 28, 2025, plaintiffs filed a request to file their TAC in a "supplementary" form that was that was attached as an exhibit in plaintiffs' August 5, 2025 motion for leave to amend.  Dkt. 309.  The same day, the Court declined to accept the supplement that plaintiffs proposed and ordered plaintiffs to file a TAC consistent with the Court's grant of leave to amend.  Dkt. 290.

On October 31, 2025, plaintiff filed their operative third amended complaint.  The complaint alleges eight claims for relief: (1) Vitamin Friends brought DTSA claims against the Goli defendants, the VMG defendants, and MeriCal; (2) Vitamin Friends brought claims for fraudulent misrepresentation against the Goli defendants and the VMG defendants; (3) Vitamin Friends brought claims for breaches of fiduciary duties against Goli and the VMG defendants; (4) RGL Holdings brought claims for violation of RICO against Wu and Marshall; (5) plaintiffs brought claims for legal malpractice against DLA Piper; (6) plaintiffs brought claims for breach of fiduciary duty against DLA Piper; (7) Odelya Hoffman brought a claim for intentional infliction of emotional distress against the Goli defendants and the VMG defendants; and (8) Vitamin Friends brought a claim for conversion against Goli.  Dkt. 312 ("TAC").

On November 14, 2025, the VMG defendants, Wu, and Marshall (collectively, "the VMG parties") filed the instant motion to dismiss plaintiffs' TAC.  Dkt. 316.  On November 17, 2025, defendant Roger Tyre moved to join portions of the VMG parties' motion to dismiss plaintiffs' TAC.  Dkt. 318.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

On November 24, 2025, the VMG parties filed the instant motion for summary judgment as to plaintiffs' DTSA claim against them. Dkt. 326 ("Motion" or "Mot.").[3] The VMG parties concurrently filed a statement of uncontroverted facts ("SUF"), dkt. 326-1[4], as well as a declaration from Melissa R Ginsberg and exhibits, dkts. 69-3 to 25.[5]

On November 26, 2025, MeriCal filed a notice of joinder in the VMG parties' motion for summary judgment. Dkt. 329 ("Joind.").[6] MeriCal concurrently filed a declaration from William Sinnott and one exhibit, dkt. 329-1 to 329-2.[7]

On December 8, 2025, the VMG parties submitted a supplement noting that plaintiffs failed to timely file any opposition to the VMG parties' pending motions. Dkt. 343.

On December 9, 2025, more than a week after plaintiffs' opposition was due, plaintiffs filed an *ex parte* application seeking to continue the hearing date for the VMG parties' instant motions. Dkt. 344. The same day, the Court denied plaintiffs' *ex parte* application and ordered that plaintiffs' opposition to the VMG parties' instant motions shall be due no later than December 12, 2025, and that any reply shall be due no later than December 16, 2025. Dkt. 345.

On December 14, 2025, plaintiffs filed an opposition to the VMG parties' instant motions. Dkt. 346 ("Opp.").[8] Plaintiffs concurrently filed a "Response to VMG's Rule 56.1 Statement," dkt. 346-1, and a declaration from Sharon Hoffman. Dkt. 348. Plaintiffs also requested the Court to provide the VMG parties with an additional two days to file their reply. Dkt. 347.

On December 16, 2025, MeriCal filed a reply. Dkt. 351 ("MeriCal Reply").

---

[3] The unredacted motion is dkt. 335.

[4] The unredacted SUF is dkt. 335-1.

[5] Some of these exhibits were filed under seal; they are dkts. 335-2 to 335-3.

[6] The unredacted joinder is dkt. 338.

[7] The sealed exhibit is dkt. 338-1.

[8] On December 15, 2025, plaintiffs filed a "corrected" opposition. Dkt. 349.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

On December 16, 2025, the VMG parties filed a reply, dkt. 353 ("VMG Reply"),[9] as well as a response to plaintiffs' "Response to VMG's Rule 56.1 Statement." Dkt. 355-2.

On December 22, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs did not file a "Statement of Genuine Disputes" responding to the VMG parties' "Statement of Uncontroverted Facts," as required by Local Rule 56. However, plaintiffs filed a "Response to VMG's Rule 56.1 Statement" disputing four of the 129 facts included in VMG's Statement of Uncontroverted Facts. Dkt. 346-1. Because plaintiffs did not address the remaining 125 facts proffered by the VMG parties, the Court *may* accept these remaining 125 facts as accepted. See Nafisi v. Mercedes-Benz USA, LLC, 2021 WL 2525583, at *2 (C.D. Cal. May 14, 2021); C.D. Cal. L.R. 56-4. Nonetheless, the Court considers the evidence in the record and the parties' arguments with respect to such evidence in determining whether a genuine dispute as to a material fact exists. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 632 n.3 (9th Cir. 1987) ("'[T]he inquiry … is whether the *evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'") (emphasis added) (citation omitted).

### A.    Plaintiffs Sharon Hoffman and Vitamin Friends

Sharon Hoffman ("Hoffman") founded Vitamin Friends in 2012. SUF ¶ 1. Since then, Hoffman has served as the Chief Executive Officer or president of Vitamin Friends and is its sole beneficial owner. Id. ¶¶ 2-3, 6. Since approximately 2021 or 2022, Hoffman has held his entire interest in Vitamin Friends through RGL Holdings. Id. ¶¶ 4-5.

Vitamin Friends has a single employee, Tatiana Estrada, who is the leader of shipping products. Id. ¶ 7. The VMG parties contend that Vitamin Friends never manufactured gummies commercially and that Vitamin Friends employees' responsibilities have focused exclusively on accounting, shipping, packaging, and

---

[9] The unredacted reply is dkt. 355-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

marketing. Id. ¶¶ 8-11. The VMG parties further contend that no Vitamin Friends employee has worked on developing product formulations, developing manufacturing processes, or identifying suppliers of raw ingredients. Id. ¶¶ 12-14. By contrast, plaintiffs contend that Vitamin Friends developed many of the trade secrets relating to the manufacturing of vitamins. See opp. at 5.

**B.    Better Nutritionals Conducts Manufacturing, Product Development, and R&D**

In approximately 2015, Hoffman founded Better Nutritionals. SUF ¶ 19. Better Nutritionals began manufacturing vitamins in approximately 2016 or 2017. Id. ¶ 21. At its largest, in 2021, Better Nutritionals had approximately 950 employees. Id. ¶ 22. Better Nutritionals did work related to manufacturing of vitamins. Id. ¶ 23.

Better Nutritionals had a research and development ("R&D") team that included 7-9 people. Id. ¶¶ 25-26. The salaries of the Better Nutritionals R&D team were paid exclusively by Better Nutritionals. Id. ¶¶ 27-28. The Better Nutritionals R&D team conducted research and development, created samples of products, contracted with and bough products from ingredient suppliers. Id. ¶¶ 29-32, 34. For example, Better Nutritionals purchased the apple cider vinegar ("ACV") flavor from the suppliers. Id. ¶ 35. By contrast, plaintiffs contend that Vitamin Friends developed many of the trade secrets relating to the manufacturing of vitamins and gave permission to Better Nutritionals to use them. See opp. at 5.

Vitamin Friends did not buy products from ingredient suppliers. SUF ¶ 33.

**C.    Goli Contracts with Better Nutritionals**

In 2017, Better Nutritionals began manufacturing for entities other than Vitamin Friends. Id. ¶ 37. On or about November 18, 2018, Goli Nutrition retained Better Nutritionals to supply and manufacture ACV gummies pursuant to the terms of a written agreement (the "2018 Agreement"). Id. ¶ 38. The 2018 Agreement, which Sharon Hoffman signed, provides, in part: "that the rights to the formula are and shall remain the exclusive property of Goli." Id. ¶¶ 40-41.

On November 13, 2019, Goli applied for a patent on the Apple Cider Vinegar nutritional supplement (the "Goli ACV Patent"). Id. ¶ 42. The Goli ACV Patent was granted on or about October 6, 2020 and addresses "compositions, formulations, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

combinations of ingredients in the ACV nutritional supplement, as well as processes for manufacturing these supplements." Id. ¶ 44-45.  Goli obtained a continuation of the patent on April 20, 2021. Id. ¶ 46.

On or about December 10, 2020, Sharon Hoffman and 12416913 Canada Inc. entered into the Unit Purchase Agreement ("UPA"). Id. ¶ 47.  12416913 Canada Inc. is an operating company affiliated with Goli Nutrition. Id. ¶ 50.  The VMG parties contend that in connection with the UPA, Hoffman sold 25% of the units in Better Nutritionals to 12416913 Canada Inc. in exchange for a promissory note valued at $2,891,400. Id. ¶ 51. "Plaintiffs deny the truth of statement of fact ¶ 51[] but admit that the note in question had the stated value referred to in the note [and that it] had no due date or other terms making that note enforc[e]able." Dkt. 346-1 at 1.

In or about December 2020, Hoffman became a shareholder of and acquired a 3% interest in Goli. Id. ¶¶ 52-53.  In the UPA, Hoffman agreed to representations and warranties concerning Better Nutritionals' assets and value. Id. ¶ 54.

Hoffman represented and warranted that: "No person not dealing at arm's length with [Better Nutritionals] . . . owns, directly or indirectly, any assets or properties that are held by [Better Nutritionals] or used in the conduct of the business." Id. ¶ 55.

**D.    Ownership of Pertinent IP**

On October 21, 2021, the VMG defendants invested approximately $100 million in Goli pursuant to the October 21, 2021 Share Purchase Agreement ("SPA"). Id. ¶ 56. Hoffman received a copy of the SPA. Id. ¶ 58.

In the SPA, Goli represented and warranted that Goli "is the sole legal and beneficial owner of, has good and marketable title to, and owns all right, title and interest in all Owned Intellectual Property," except as set forth in Schedule 5.12(c).  Schedule 5.12(c) to the SPA provides that "Better Nutritionals, LLC is involved in the finalization of Goli's products with the understanding that all intellectual property in Goli's products is owned by Goli." Id. ¶ 60.

In Schedule 5.12(d) of the SPA, Goli also represented and warranted that: "None of the Owned Intellectual Property is owned by or registered in the name of any Person other than a member of the Target Group, including, without limitation, any current or former owner, founder, shareholder, partner, director, executive, officer, employee or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

contractor of the Target Group, nor does any such Person have any interest therein or right thereto, including any license or the right to any royalty or other payments. No consent of any Person is necessary to make, use, reproduce, license, sell, modify, update, enhance or otherwise exploit the Target Group Intellectual Property." Id. ¶ 62.

"Plaintiffs deny that Sharon Hoffman or Better Nutritionals had any obligation to confirm the truth of representations made by Goli to VMG in the [SPA], denies that those representations were authorized or correct, and notes that in Schedule 5.12[,] Goli concedes there are no documents that support Goli's representations on intellectual property." Dkt. 346-1 at 2.

Hoffman never told anyone at Goli or at VMG that the representations in Sections 5.12(c) or 5.12(d) of the SPA were inaccurate. SUF ¶¶ 63-64.

On October 21, 2021, Goli's shareholders, which included Hoffman, executed a Unanimous Shareholders' Agreement of Goli Nutrition Inc. (the "Goli Shareholders Agreement"). Id. ¶¶ 65, 67.

In the Goli Shareholders Agreement, Hoffman agreed that: "Any actions taken, notices given, exercises of rights, power or authority, and any decision or determination made by a Management Representative shall be absolutely and irrevocably binding on each member of Shareholder Group whom he or it represents as if each such member personally had taken such action, exercised such rights, power or authority or made such decision or determination in such member's individual capacity." Id. ¶ 68.

Through the SPA, Hoffman understood that Goli was making representations and warranties in connection with the transaction in which VMG invested in Goli. Id. ¶ 69.

### E.    The Relationship Between Goli and Better Nutritionals Deteriorates

In summer 2021, Goli reduced the volume of its purchases from Better Nutritionals. Id. ¶ 70.

In a March 2022 agreement (the "2022 Agreement"), Goli "requested that Better Nutritionals develop and manufacture for Goli four (4) gummy nutritional supplements in the following categories: immune health, kids multivitamin, women's multivitamin, and sleep support (the "New Products")." Id. ¶ 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

As part of the 2022 Agreement, Goli "agree[d] to pay a total of $25,000 USD to Better Nutritionals for research and development services related to the New Products. In regard to (i) the New Products, the parties agree and (ii) Goli's Ashwagandha, Super Greens and Super Fruits products, the parties reaffirm, that Goli will own the formulation and Better Nutritionals will own the process." Id. ¶ 73.

The Better Nutritionals R&D team developed the New Products. Id. ¶ 74.

### F.   Better Nutritionals' Patent Application

On September 14, 2021, Better Nutritionals applied for a patent covering "Gummy Composition and Methods of Use Thereof." Id. ¶ 75.

The Better Nutritionals patent was filed on October 31, 2022 and published on October 19, 2023. Id. ¶ 77. The patent lists Yundi Liang and Roger Tyre as inventors. Id. ¶ 78. Roger Tyre and Yundi Liang were employees of Better Nutritionals and not Vitamin Friends. Id. ¶ 79-82. The patent application describes a process to make a pectin-based, low sugar gummy composition "comprising a vitamin, mineral, green blend, vegetable blend, fruit blend, probiotic culture, antioxidant, fiber blend, active ingredient, or a combination of two or more thereof." Id. ¶ 83.

The United States Patent and Trademark Office rejected Better Nutritionals' patent application on March 12, 2024, finding that the claimed method in the application was both "anticipated" and "obvious." Id. ¶¶ 85-86.

### G.   Better Nutritionals Sues, Asserting Ownership of Alleged Trade Secrets

On December 19, 2022, Better Nutritionals filed a complaint against VMG Partners, VMG Partners V, L.P., VMG Partners IV, LP, Goli Nutrition, Inc., Deepak Agarwal, Michael Bitensky, MeriCal Inc., and DLA Piper LLP asserting multiple claims, including a claim for breach of the DTSA. Id. ¶ 87 (citing Better Nutritionals, LLC v. Goli Nutrition, et al., No. 5:22-cv-02219-SSS-SHK (Dec. 19, 2022, C.D. Cal.)).

Hoffman reviewed and approved the Better Nutritionals Complaint before it was filed. Id. ¶ 89. In the Better Nutritionals action, Better Nutritionals alleged that: "Better Nutritionals was the owner of the above-mentioned trade secrets." Id. ¶ 91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title    | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

In plaintiffs' August 25, 2025 Responses to VMG's Requests for Admission ("RFA Responses"), plaintiffs stated that "there is no material difference between the ALLEGED TRADE SECRETS identified by VITAMIN FRIENDS in this case and the trade secrets purportedly owned by BETTER NUTRITIONALS in its prior federal complaint against VMG." Id. ¶ 93.

Vitamin Friends did not join the Better Nutritionals action as a plaintiff. Id. ¶ 94. Better Nutritionals voluntarily dismissed its claims against VMG on March 24, 2023. Id. ¶ 95. In April 2023, the Better Nutritionals bankruptcy trustee dismissed the remaining claims in the Better Nutritionals action. Id. ¶ 96.

**H.    Better Nutritionals Asserts Ownership of Trade Secrets in Bankruptcy Affidavit**

Better Nutritionals filed for bankruptcy on December 20, 2022. Id. ¶ 97.

On or about January 20, 2023, Hoffman signed an affidavit concerning Better Nutritionals' assets and liabilities in the Bankruptcy Action (the "Bankruptcy Affidavit") under penalty of perjury. Id. ¶¶ 99-100. Hoffman understood that he signed the Bankruptcy Affidavit under penalty of perjury. Hoffman's Bankruptcy Affidavit stated that Better Nutritionals owns "Patents, copyrights, trademarks, and trade secrets" in "Gummy Manufacturing Process and Certain Formulations." Id. ¶ 101.

The Bankruptcy Affidavit and its schedules do not identify any licenses held by Better Nutritionals relating to trade secrets nor licenses between Better Nutritionals and Vitamin Friends. Id. ¶¶ 102-03.

**I.    Vitamin Friends Initiates This Action; The Court Bifurcates Discovery**

In this action, Hoffman gave deposition testimony in his personal capacity and was the 30(b)(6) representative of Vitamin Friends. Id. ¶ 104.

Plaintiffs produced 57 documents in response to VMG's Requests for Production of Documents. Id. ¶ 106.

VMG's Interrogatory No. 3 required Plaintiffs to: "IDENTIFY each VITAMIN FRIENDS employee or representative who contributed to the development of each of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

ALLEGED TRADE SECRETS, and describe their role and contributions to the development of such ALLEGED TRADE SECRET." Id. ¶ 108.

Plaintiffs responded: "Roger Tyre, Brandon Dixon, Jordan Neff, [] Eugene Kroshnov, [and] Ariel Guizar." Id. ¶ 109.  Roger Tyre, Brandon Dixon, Jordan Neff, Eugene Kroshnov, and Ariel Guizar were Better Nutritionals employees.  Id. ¶ 110.

The formulas for Goli's ACV vitamin and vitamins at issue are published on the bottle for that vitamin.  Id. ¶¶ 111-12.  At his deposition, Hoffman stated that the published supplement facts for vitamins tells you "exactly what's in the product."  Id. 112.  Hoffman also stated that the formula for vitamins "is not a secret" and is "public knowledge."  Id. ¶¶ 113-14.

The "formulations, processes, and specific ingredients" for the products that Vitamin Friends is claiming as a trade secret use a common base formula and process, which forms the core of the trade secret that Vitamin Friends alleges in this action.  Id. ¶¶ 115-16.

The key ideas and processes included in the base formula are also included in the Better Nutritionals patent application.  Id. ¶ 117.  There is nothing in addition to the base process and the suppliers that Vitamin Friends is claiming as a trade secret.  Id. ¶ 118.

The ACV gummy uses the base process.  Id. ¶ 119.

Machines are used to manufacture gummy vitamins but there is no specific trade secret to the machine itself; it is the process that is used with the machine and ingredients that allegedly constitute trade secrets.  Id. ¶¶ 120-21.  There is no separate process relating to the machinery that Vitamin Friends claims is a trade secret.  Id. ¶ 122.

Plaintiffs' Supplemental Responses to VMG's Interrogatories identified various "suppliers of products to Vitamin Friends" as trade secrets.  Id. ¶ 123.  The alleged supplier trade secrets were developed in "approximately February 2017."  Id. ¶ 124.  The suppliers identified in Plaintiffs Supplemental Responses to VMG's Interrogatories are ones that Better Nutritionals used.  Id. ¶ 125.

There are no written agreements, written license agreements, or written confidentiality agreements between Vitamin Friends and Better Nutritionals.  Id. ¶¶ 126-28.  However, plaintiffs contend that Vitamin Friends granted Better Nutritionals an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL           'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

oral license to use Vitamin Friends' formulations and processes for manufacturing vitamins. See opp. at 4. Plaintiffs also contend that Better Nutritionals held an implied license to use Vitamin Friends' trade secrets given that the two entities were under Hoffman's common ownership. See opp. at 5.

## III.   LEGAL STANDARD

### A.   Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

    **B.**    **Motion to Dismiss**

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

    Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

<u>Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom</u> <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.     DISCUSSION**

    **A.     Motion for Summary Judgment**

The VMG parties argue that they are entitled to summary judgment on Vitamin Friends' DTSA claims because Vitamin Friends lacks standing as to these claims. Mot. at 14. The VMG parties argue that plaintiffs' alleged trade secrets fall "into two groups: [1] the 'formulations, processes, and specific ingredients' of various products; and [2] 'the suppliers of products.'" <u>Id.</u>

        1.     <u>Formulations, Processes, and Ingredients Alleged to be Vitamin Friends' Trade Secrets</u>

Regarding the first category of trade secrets, the VMG parties argue that "[t]he undisputed evidence shows that Vitamin Friends does not own any alleged trade secrets concerning 'formulations, processes, and specific ingredients' and therefore lacks standing to pursue these claims." <u>Id.</u> at 14. First, as a preliminary matter, the VMG parties argue that "in their interrogatory responses, Plaintiffs purport to assert as trade secrets the "formulations, processes, and specific ingredients" for 29 purported products. (<u>See</u> Ex. 13.) But in the operative complaint, Plaintiffs alleged only five product-related trade secrets: ACV, Ashwagandha, Children's Multi- Vitamins, Super Greens, and Women's Multi-Vitamins. (<u>See</u> dkt. 312 ¶ 22, 122.). Plaintiffs cannot expand their claim through an interrogatory response, and the Court should not consider purported trade secrets beyond those alleged in the complaint." <u>Id.</u> at 15 (footnote and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|---------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

The VMG parties further argue that the undisputed facts show that "Vitamin Friends claims only one trade secret related to 'formulations, processes, and specific ingredients': the so-called 'base process.'" Id. at 16 (citing dkt. 335-2, Ex. 1, Sharon Hoffman Deposition ("Tr."), 340:13-20).

Second, the VMG parties argue that "Vitamin Friends' purported trade secret was indisputably disclosed in the Better Nutritionals patent application" and thus cannot be a trade secret. Id. at 16 (citing Attia v. Google LLC, 983 F.3d 420, 426 (9th Cir. 2020); Tr. 349:13-23). They further argue that "it is beyond dispute that the formulation and process for the ACV vitamin are publicly disclosed in Goli's ACV patent (see Ex. 3 at 1), and [that] the process for the ACV gummy is the same as the process for the other products. … Because these processes and formulations are publicly disclosed, Vitamin Friends cannot claim them as a trade secret." Id. The VMG parties also argue that Vitamin Friends' supposed "'formulations' are also public knowledge" because "Hoffman admitted [as such] when asked about [the] formulations." Id. at 16 (citing Tr. 78:6-81:15.).

Third, the VMG parties argue that even if the formulations were protected trade secrets, the trade secrets belong to Goli and/or Better Nutritionals—not Vitamin Friends. Id. at 17. They argue that "[t]he undisputed evidence demonstrates that '**all intellectual property in Goli's products is owned by Goli**' for all IP that existed in October 2021. (Ex. 6 at 1 (Goli representation and warranty binding on Hoffman as Goli shareholder) [emphasis in original]; see also Ex. 5 § 5.12(d) (confirming Goli has all rights to 'exploit' the IP).)." Id. at 17. Thus, they argue that "[b]ecause Vitamin Friends accuses VMG solely of misappropriating 'the Goli products' (Tr. 337:7-21)," Vitamin Friends lacks standing to bring a claim of trade secret misappropriation of Goli products. Id. at 17.

The VMG parties further argue that "[t]o the extent any trade secrets exist beyond those owned by Goli, Plaintiffs' admissions demonstrate that Better Nutritionals (not Vitamin Friends) owns any remaining trade secrets." Id. at 18. The VMG parties argue that this fact is demonstrated by: (1) Hoffman's sworn statements in the Better Nutritionals action and its subsequent bankruptcy action, (2) Hoffman's representations to third parties when he sold his interest in Better Nutritionals to a Goli-affiliated entity, (3) the fact that Better Nutritionals—not Vitamin Friends—applied for a patent on the "base process," (4) the 2022 Agreement between Goli and Better Nutritionals which states that "Goli will own the formulation and Better Nutritionals will own the process"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

for certain products, and (5) the fact that only Better Nutritionals or Goli, not Vitamin Friends, could have developed any trade secrets in the first place because Better Nutritionals was "the manufacturing arm" and conducted "research and development for the various gummy products." Id. at 18-20 (citations omitted). The VMG parties argue that "Hoffman repeatedly confirmed that Better Nutritionals owned the alleged trade secrets [but] … only after Better Nutritionals' bankruptcy, after Hoffman lost control of Better Nutritionals, and after the prior Better Nutritionals action was dismissed [did] Hoffman change[] his story." Id. at 20 (citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)).

Fourth, the VMG parties argue that plaintiffs' "license" does not resurrect their DTSA claims because such "license" is a "post-hoc fabrication" that contradicts "overwhelming evidence that Better Nutritionals was actually the owner and titleholder" of the trade secrets. Id. at 20-21. They argue that "Plaintiffs definitively admitted in RFA responses that there is no 'written contract to license' between Vitamin Friends and Better Nutritionals[, and that at] deposition, Sharon Hoffman further admitted that there are no written agreements between Vitamin Friends and Better Nutritionals and that purported agreements between the companies were 'between me, myself, and Sharon.' (Tr. 44:25-45:9; see id. at 48:13- 49:4 (describing purported agreement between Vitamin Friends and Better Nutritionals as based on 'a voice in my head').)." Id. at 21. The VMG parties argue that such self-serving testimony by Hoffman cannot raise a genuine dispute of fact regarding Goli and/or Better Nutritionals' ownership of the alleged trade secrets. Id.

Finally, the VMG parties argue that plaintiffs may not assert a "machinery" trade secret because plaintiffs have "admitted that the trade secret is 'nothing specific to the machine itself' and is instead the *process* used with the machine." Id. at 22 (citing Tr. 305:13-22) (emphasis in original).

In its joinder, MeriCal similarly argues that "Vitamin Friends has failed to produce or even reference a shred of documentary evidence regarding either Vitamin Friends' ownership or the supposed license" by which Vitamin Friends licensed its trade secrets to Better Nutritionals. Joind. at 5. MeriCal argues that the only evidence Vitamin Friends has of its ownership in its alleged trade secrets is Hoffman's "self-serving" testimony which is contradicted by, among other things, Hoffman's sworn affidavit to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

bankruptcy court overseeing Better Nutritionals' bankruptcy and violates the "sham affidavit rule." <u>Id.</u> at 6-8.

MeriCal further argues that "Hoffman's [magistrate court-]ordered interrogatory responses fail to disclose a trade secret with any specificity" because plaintiffs provided only "a vanilla list of product names, publicly available on the Vitamin Friends website … [that] included less detail than in the original … Complaint [that was dismissed by this Court]." <u>Id.</u> at 10. MeriCal argues that Hoffman has himself admitted that "his [magistrate] court-ordered, amended interrogatory responses did nothing to remove the confusion of what supposed trade secrets survived the patent disclosure." <u>Id.</u> at 10-11 (citing Tr. 261:12-262:10). MeriCal argues that plaintiffs' "continued refusal to [disclose alleged trade secrets with specificity and] comply with the Court's orders warrants summary judgment on the trade secret claim." <u>Id.</u> at 11.

In opposition,[10] plaintiffs argue that there is a genuine dispute as to whether Vitamin Friends owned "the trade secrets at issue." Opp. at 2. Plaintiffs contend that Vitamin Friends is an owner of relevant trade secrets under the DTSA, which defines the term owner broadly to include any "person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." <u>Id.</u> at 3 (quoting 18 U.S.C. § 1839(4)). Plaintiffs argue that there need not only be "one 'owner' of the trade secrets at issue," and that both Vitamin Friends and Better Nutritionals owned the relevant trade secrets. <u>See id.</u> at 2, 5. Plaintiffs further argue that Vitamin Friends "developed many of the trade secrets itself," "g[a]ve an oral license to Better Nutritionals" to use the trade secrets, <u>id.</u> at 4 (citing dkt. 348, Declaration of Sharon Hoffman ("Hoffman Decl.") ¶ 5), and that "Better Nutritionals compensated Vitamin Friends for the use of its trade secrets." <u>Id.</u> at 5 (citing Hoffman Decl. ¶ 7). Plaintiffs further argue that Better Nutritionals possessed an "implied" license to use Vitamin Friends' trade secrets because "Better Nutritionals and Vitamin Friends were under common ownership:

---

[10] Plaintiffs did not file a timely opposition to the VMG parties' motion. Nor did plaintiffs file an opposition within the extended deadline of December 12, 2025 ordered by the Court. Dkt. 345. "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12. Nonetheless, the Court in its discretion accepts and considers plaintiffs' opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Better Nutritionals was engaged to manufacture product for Vitamin Friends using Vitamin Friends['] trade secrets." Id. at 4-5.

In reply, MeriCal argues that "Plaintiffs did not even attempt to dispute (a) that no credible evidence supports Vitamin Friends' ownership-by-license theory and (b) Mr. Hoffman's self-serving and non-credible testimony is insufficient as a matter of law to avoid summary judgment." MeriCal Reply at 1.

In reply, the VMG parties argue that the Court should strike plaintiffs' belated opposition papers. VMG Reply at 4-6. Second, the VMG parties argue that "Vitamin Friends failed to carry its burden to submit *any* evidence demonstrating that it owns any of the alleged trade secrets at issue." Id. at 6 (emphasis in original). They argue that "Plaintiffs do not submit a single piece of documentary evidence in their Opposition, further demonstrating that there are no documents that actually demonstrate Vitamin Friends' purported ownership of the alleged trade secrets." Id. at 7. They argue that plaintiffs' purported evidence of ownership—Sharon Hoffman's Declaration and plaintiffs' interrogatory responses—are insufficient to create a genuine dispute as to Vitamin Friends' ownership in the applicable trade secrets. Id. at 7-9.

The VMG parties further argue that plaintiffs do not dispute that trade secret formulations and processes were publicly disclosed and do not dispute Hoffman's prior representations that Better Nutritionals holds title to the alleged trade secrets. Id. at 10-16. They further argue that "the clear record evidence establish[es] that Vitamin Friends could not have developed and thus (absent an assignment that does not exist) could not have owned any of the alleged trade secrets in the first place." Id. at 17 (citing SUF ¶¶ 7-17, 33 that plaintiffs did not directly respond to). Moreover, they argue that plaintiffs fail to escape the contractual representations and warranties made by Hoffman in the Share Purchase Agreement between Goli and VMG that "all intellectual property in Goli's products is owned by Goli" for all IP that existed in October 2021. Id. at 20 (citing dkt. 326-8, Ex. 6).

"To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." InteliClear, LLC v. ETC Glob. Holdings, Inc., 978 F.3d 653, 657-58 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Under the DTSA, a "trade secret" is defined as: "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing." 18 U.S.C. § 1839(3). The information must "derive[ ] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure of use of the information." Id. Therefore, the definition of trade secret consists of three elements: (1) information, (2) that is valuable because it is unknown to others, and (3) that the owner has attempted to keep secret. See id., (5); InteliClear, LLC, 978 F.3d at 658.

The DTSA defines the "owner" of a trade secret as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." 18 U.S.C. § 1839(4). "Further, 'trade secrets can be jointly owned and, in fact, a joint owner can bring a claim for trade secret misappropriation against the other owner.'" Genesis 1 Oil Servs. LLC v. Wismann Grp., LLC, No. 820CV02114JLSADS, 2021 WL 1110594, at *5 (C.D. Cal. Mar. 23, 2021), order dissolved on other grounds, No. 820CV02114SSSADSX, 2023 WL 3040584 (C.D. Cal. Mar. 20, 2023), aff'd, No. 23-55060, 2024 WL 385655 (9th Cir. Feb. 1, 2024) (quoting StrikePoint Trading, LLC v. Sabolyk, No. SACV 07-1073-DOC-MLGx, 2008 WL 11334084, at *6 (C.D. Cal. Dec. 22, 2008).

To prove ownership of a trade secret, plaintiffs "must identify the trade secrets and carry the burden of showing they exist." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 522 (9th Cir. 1993). "The plaintiff 'should describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade.'" Imax Corp. v. Cinema Techs., Inc., 152 F.3d 1161, 1164 (9th Cir. 1998) (emphasis in original). Plaintiffs must "clearly refer to tangible trade secret material" instead of referring to a "system which *potentially* qualifies for trade secret protection." Id. at 1167 (emphasis in original). Plaintiffs may not simply rely upon "catchall" phrases or identify categories of trade secrets they intend to pursue at trial. See id.; X6D Ltd. v. Li-Tek Corps. Co., No. 10-cv-2327-GHK-PJWx, 2012 WL 12952726, at *6 (C.D. Cal. Aug. 27, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|------------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

As an initial matter, the VMG parties are correct that plaintiffs cannot expand claims claim through an interrogatory response and that the Court should not consider purported trade secrets beyond those alleged in the complaint. See, e.g., Tradeshift, Inc. v. BuyerQuest, Inc., 2021 WL 2109382, at *2 (N.D. Cal. May 25, 2021) ("while it is true that [plaintiff] has disclosed this new theory of liability in its interrogatory response, the theory is not in any operative pleading and can't be added to one now"). Thus, for purposes of this motion, the Court construes plaintiffs' claims under the DTSA to be limited to the allegations stated in plaintiffs' third amended complaint. However, while plaintiffs' TAC appears to explicitly mention only five product-related trade secrets by name (ACV, Ashwagandha, Children's Multi- Vitamins, Super Greens, and Women's Multi-Vitamins), the TAC does not allege that plaintiffs' product-related trade secrets are limited to these five products. See TAC ¶ 22, 122. In fact, the TAC explicitly states that "Vitamin Friends … developed trade secret formulations that formed the basis of several Goli gummy products, *including specifically, without limitation*, [the names of certain gummy products]." Id. ¶ 22 (emphases added).

The Court finds that the VMG parties are entitled to summary judgment on plaintiffs' DTSA claim against them with respect to plaintiffs' alleged trade secret formulations, processes, and specific ingredients. With respect to the Apple Cider Vinegar vitamin, the record establishes that there is no genuine dispute that the so-called trade secret formulations, processes, and specific ingredients of the Apple Cider Vinegar vitamin are not secrets. This is because Vitamin Friends' purported trade secrets regarding the formulations of the Apple Cider Vinegar vitamin were publicly disclosed in the Better Nutritionals patent application and thus cannot be a trade secret. Dkt. 326-5, Ex. 3 at 1; Attia v. Google LLC, 983 F.3d 420, 426 (9th Cir. 2020) ("[D]isclosure of a trade secret in a patent application extinguishes the information's trade secret status"). Thus, the VMG parties are entitled to summary judgment on plaintiffs' DTSA claims against them with respect to the Apple Cider Vinegar vitamin.

As to the alleged trade secret formulations and processes for non-Apple Cider Vinegar vitamins, the VMG parties are entitled to summary judgment because they have met their initial burden of demonstrating that no evidence establishes that Vitamin Friends owns formulations and ingredients that are trade secrets and because plaintiffs have failed to proffer specific evidence showing a genuine dispute as to that fact. Celotex Corp. v. Catrett, 477 U.S. at 323; Anderson, 477 U.S. at 250. The evidence suggests that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

all non-Apple Cider Vinegar vitamins rely on the same "base process" formulation that is not secret by virtue of its being publicly disclosed in the Apple Cider Vinegar patent application, see mot. at 16 (Hoffman agreeing that "the core of the trade secret is the base process" and "there's nothing in addition to the base process and the suppliers that Vitamin Friends … is also claiming as a trade secret." Tr. 340:13-20; Hoffman agreeing with the statement that the "Apple Cider Vinegar gummy … use[s] the base process." Tr. 344:19-21). Plaintiffs have failed to present any evidence to the contrary. Hoffman's statement that, in order to manufacture different vitamin products, the base process "need[s] to be tweaked, based on the active ingredient," tr. 343:2-5, does not constitute evidence of trade secrets. Nor does Hoffman's statement that the publicly disclosed "[base] process is very similar [to plaintiffs' alleged trade secrets, which require] … modifications to the formula." Tr. 350:21-25.[11] Because there is no evidence supporting Vitamin Friends' assertion that it owns vitamin formulations and processes that could constitute trade secrets, Vitamin Friends lacks standing to assert its DTSA claim based on such trade secrets.

Plaintiffs have failed to offer any competent evidence supporting their contention that trade secret formulations and processes exist. The only evidence plaintiffs offer is Sharon Hoffman's declaration that Vitamin Friends developed and owned some of the trade secret formulations and processes. Hoffman Decl. ¶ 2. Hoffman declares that

---

[11] To prove ownership of a trade secret, plaintiffs "must identify the trade secrets and carry the burden of showing they exist." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 522 (9th Cir. 1993). "'[A] plaintiff must prove that the claimed trade secret has '*sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons … skilled in the trade.'" Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., 149 F.4th 1081, 1087 (9th Cir. 2025) (citation omitted) (emphasis in original). While the question of "[w]hether a trade secret is identified with 'sufficient particularity' is a question of fact," id. at 1087, plaintiffs have not identified the existence of protectable trade secrets to begin with. Hoffman's deposition testimony and declaration at most establish a theoretical possibility that trade secrets exist; however, such testimony is inadequate because it requires the factfinder to speculate as to the trade secrets' existence. See Imax Corp., 152 F.3d at 1167 (Plaintiffs must "clearly refer to tangible trade secret material" instead of referring to a "system which *potentially* qualifies for trade secret protection.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

"[w]hile certain ingredients in the formulations may have been publicly known, the precise details of the amounts of each ingredient were not publicly disclosed. Those precise details are trade secrets." Id. ¶ 2. Such statements do not create a genuine dispute as to the existence of trade secrets because they are bare legal conclusions as to their existence.[12] See Villiarimo, 281 F.3d at 1061 (Ninth Circuit "refus[ing] to find a

---

[12] At oral argument, counsel for plaintiffs argued that the Ninth Circuit's holding in S.E.C. v. Phan, 500 F.3d 895 (2007) requires this Court to find that Hoffman's declaration creates a genuine dispute as to both the existence and ownership of the trade secret formulations and processes. The Court disagrees. The Ninth Circuit in S.E.C. v. Phan held that the district court erred in granted summary judgment in favor of the S.E.C. after disregarding "uncorroborated and self-serving" declarations by defendants that a conversation had occurred between them in which they restructured a certain transaction. Id. at 909. The Ninth Circuit held that because the defendants' declarations involved their "own actions" and was central to the material issue of whether the restructuring occurred and gave rise to certain legal obligations, the declarations precluded the district court from granting summary judgment. Id. at 910. Nonetheless, the Ninth Circuit affirmed that a court may disregard a self-serving declaration for purposes of summary judgment when it "states only conclusions, and not such facts as would be admissible in evidence." Id. at 909 (citing United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999) (cleaned up)). Here, Hoffman's declaration regarding the existence of trade secret formulations and processes above and beyond what was disclosed in the Better Nutritionals patent application is a legal conclusion that does not create a genuine dispute of fact as to the existence of such trade secrets. Plaintiffs' citation to U.S. v. $223,178.00 in Bank Account Funds, 333 Fed.Appx. 337 (2009) is likewise unpersuasive. In that case, the Ninth Circuit, in a nonbinding memorandum opinion, held that the district court had in error disregarded two declarations by the defendant's relatives supporting the defendant's contention that a portion of the defendant's funds seized by the government came from innocent sources. Id. at **1. The Ninth Circuit found that the relatives' declarations—that they had gifted the defendant certain funds—were not legal conclusions nor speculative because they were "material facts based on the affiant[s'] personal recollection[s] of the events." Id. (citation and internal quotations omitted). Here, however, Hoffman's declaration that certain trade secret formulations and processes exist are bare legal conclusions. Accordingly, Hoffman's declaration does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."); see also Castro v. San Fernando Police Dep't, 2017 WL 3271705, at *4 (C.D. Cal. July 31, 2017) (granting summary judgment where "plaintiff has not offered *any* admissible evidence, apart from her self-serving testimony, that supports the facts alleged in her complaint") (emphasis in original); Green Crush, LLC v. Paradise Splash I, Inc., No. SACV 17-01856-CJC(JDEX), 2019 WL 8640654, at *9 (C.D. Cal. Nov. 25, 2019) ("speculative, conclusory, and self-serving testimony is insufficient to survive a motion for summary judgment.").

Moreover, plaintiffs' interrogatory responses listing the trade secrets that Vitamin Friends allegedly owns cannot create a genuine dispute as to Vitamin Friends' lack of ownership in such trade secrets. See Escandon v. Los Angeles Cnty., 2012 WL 12888832, at *4 (C.D. Cal. Aug. 14, 2012), aff'd, 584 F. App'x 517 (9th Cir. 2014) (granting summary judgment and holding that "Plaintiff's answers to Defendants' interrogatories and requests for admission are conclusory, self-serving, and little more than a restatement of Plaintiff's allegations in the First Amended Complaint").

Even assuming that there were evidence tending to establish the existence of trade secret formulations and processes, the Court notes that the evidence overwhelmingly suggests that Goli and/or Better Nutritionals own such trade secrets. Some evidence indicates that Goli owns such trade secrets because plaintiffs made binding representations that "all intellectual property in Goli's products is owned by Goli" for all of its intellectual property that existed in October 2021. Dkt. 326-8, Ex. 6 at 1 (Schedule 5.12(c) to the Share Purchase Agreement between Better Nutritionals and Goli, which was signed by Hoffman as a shareholder of Goli and in which he agreed to be personally bound); dkt. 326-7, Ex. 5, § 5.12(d). However, other evidence suggests that certain trade secret formulations and processes were owned by Better Nutritionals. See mot. at 18-19 (e.g., Hoffman stating in a sworn affidavit in the Better Nutritionals Bankruptcy Action that Better Nutritionals owns the "Patents, copyrights, trademarks, and trade secrets" in "Gummy Manufacturing Process and Certain Formulations," dkt. 326-17, Ex. 15, at 9; 2022 Agreement between Goli and Better Nutritionals stating that "Goli will own the formulation and Better Nutritionals will own the process" for certain "New Products."

create a genuine dispute that Vitamin Friends owns any trade secret formulations or processes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|----------|--------------------------|------|-----------------|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

Dkt. 326-10, Ex. 8, at 1). The *only* evidence tending to suggest Vitamin Friends' ownership in such trade secrets is Sharon Hoffman's declaration and deposition testimony suggesting that Hoffman, acting on behalf of Vitamin Friends, granted Better Nutritionals an oral non-exclusive license to use Vitamin Friends' alleged trade secret formulations and processes. See Hoffman Decl. ¶ 6; Tr. 44:25-45:9; 48:13-49:4; 384:20-24 (Hoffman agreeing that Vitamin Friends' trade secret license to Better Nutritionals "was not written down" and is "in [Hoffman's] head"). Because such evidence could be construed to set forth facts "involv[ing] the declarant's own [personal] actions," see S.E.C. v. Phan, 500 F.3d at 910, the Court declines to find that such evidence of the purported oral license is inadequate to create a genuine dispute as to the *ownership* of the trade secrets.

Nonetheless, because plaintiffs have failed to identify any competent evidence as to the *existence* of trade secret formulations and processes to begin with, Vitamin Friends lacks standing to assert a DTSA claim. Accordingly, the VMG parties are entitled to summary judgment on plaintiffs' DTSA claim against them based on these trade secrets.

2.    Supplier Information Alleged to be Vitamin Friends' Trade Secrets

Regarding plaintiffs' second category of alleged trade secrets—supplier information—the VMG parties argue that Vitamin Friends also lacks standing to pursue a DTSA claim. Again, as a preliminary matter, the VMG parties argue that "Plaintiffs' interrogatory response [that] purports to list the identity of 12 suppliers as trade secrets. (See Ex. 13.) … [is] an improper attempt to expand the scope of Plaintiffs' allegations[, which mentions] only two suppliers … Herbstreith & Fox and Custom Flavors. (See Dkt. 312 (TAC ¶¶ 117-118).)." Id. at 22.

The VMG parties argue that Vitamin Friends cannot demonstrate ownership of supplier information trade secrets because "[t]he undisputed evidence demonstrates … that Vitamin Friends did not have any suppliers in February 2017—or any other time. Vitamin Friends '[n]ever did its own manufacturing" and "never made gummies commercially, so they didn't have a reason to [] order quantities for commercial use.' (Tr. 359:25-360:11.) Instead, by 2017, Better Nutritionals was the manufacturer, and the suppliers identified in Plaintiffs' interrogatory responses are "ones that Better Nutritionals used." (Id. 359: 1-2.)." Id. Moreover, the VMG parties argue that "Plaintiffs further admitted that because 'Vitamin Friends did not buy the products from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

suppliers [and instead] Better Nutritionals did' … Vitamin Friends cannot claim the identit[ies] of Better Nutritionals' suppliers as trade secrets." Id. at 23 (citations omitted).

Instead, the VMG parties argue that "the 'supplier' trade secrets—to the extent they exist—are owned by Goli or Better Nutritionals." Id. This is because, the VMG parties argue, "Plaintiffs are bound by representations that 'all intellectual property in Goli's products is owned by Goli' (Ex. 6)—which necessarily includes the suppliers, to the extent the suppliers are trade secrets … [and because] Plaintiffs [have admitted [that] the suppliers were identified in "approximately February 2017"—before Hoffman agreed to this binding representation." Id. Moreover, they argue that "if Goli did not own the supplier identities, the only other entity that could have owned them is Better Nutritionals[, which is] … the party that actually contracted with and purchased the ingredients from suppliers. (Tr. 88:25-89:9; 90:9-25.)." Id. Finally, they argue that "up until this litigation[,] Hoffman and Better Nutritionals themselves repeatedly represented and admitted that Better Nutritionals owns the alleged trade secrets. See, e.g., Ex. 4 § 3.2(q) (Hoffman representation that "No person not dealing at arm's length" (such as Vitamin Friends) "owns, directly or indirectly" any assets "used in the conduct" of Better Nutritionals' business) …." Id. at 23-24. Thus, the VMG parties argue that any self-serving testimony by Hoffman to the contrary should be rejected. Id. at 24.

In opposition, plaintiffs do not specifically address Vitamin Friends' ownership in trade secret supplier information. See opp. at 4-5.

In reply, the VMG parties argue that Hoffman's declaration does not establish Vitamin Friends' ownership of any "supplier" trade secrets because Hoffman's declaration asserts facts without corroboration. VMG Reply at 20.

As discussed above, plaintiffs cannot amend their complaint through their interrogatory response. Thus, the Court will not consider purported trade secrets beyond those alleged in plaintiffs' TAC. See, e.g., Tradeshift, Inc. v. BuyerQuest, Inc., 2021 WL 2109382, at *2 (N.D. Cal. May 25, 2021) ("while it is true that [plaintiff] has disclosed this new theory of liability in its interrogatory response, the theory is not in any operative pleading and can't be added to one now"). However, while plaintiffs' TAC appears to mention only two suppliers explicitly by name (Herbstreith & Fox and Custom Flavors), the TAC does not allege that plaintiffs' supplier trade secrets are limited to these two suppliers. See TAC ¶¶ 117-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

The Court finds that the VMG parties are entitled to summary judgment on plaintiffs' DTSA claims based on trade secret supplier information. This is because the VMG parties have met their initial burden of demonstrating that no evidence establishes that Vitamin Friends owns such trade secrets and because plaintiffs have not provided any competent evidence to the contrary. Some evidence suggests that Better Nutritionals owned trade secret supplier information: Plaintiff Sharon Hoffman testified at deposition that Vitamin Friends "never made gummies commercially, so they didn't have a reason to [] order quantities for commercial use." Tr. 359:25-360:11. Instead, by 2017, because Better Nutritionals was the manufacturer of vitamins, the suppliers identified in plaintiffs' interrogatory responses are "ones that Better Nutritionals used." Id. 359:1-2. Hoffman further attested that "Vitamin Friends did not buy the products from the suppliers. Better Nutritionals did." Id. 419:25-420:2; see also id. 88:25-89:9 (confirming that "Better Nutritionals paid the suppliers" and "Better Nutritionals is the one who purchased the apple cider vinegar and flavor – from the suppliers"). However, other evidence suggests that Goli owned trade secret supplier information: Plaintiffs appear to have represented in legally binding documents that "all intellectual property in Goli's products is owned by Goli" for all IP that existed in October 2021, which could include all supplier information trade secrets. Dkt. 326-8, Ex. 6. Because plaintiffs in their interrogatory responses assert that Vitamin Friends' alleged trade secret supplier information was identified in "approximately February 2017," dkt. 335-3, Ex. 13 at 6, before Hoffman agreed to the above representation, this evidence suggests that Goli—rather than Better Nutritionals— owned trade secret supplier information.

Regardless of whether Better Nutritionals and/or Goli owned trade secret supplier information, because plaintiffs have not provided any evidence that Vitamin Friends owned such trade secrets,[13] the VMG parties are entitled to summary judgment on Vitamin Friends' DTSA claim based on alleged trade secret supplier information.

---

[13] Sharon Hoffman's declaration that "[he] located manufacturers of the products needed to manufacture the formulation such as pectin, various flavors and flavor blockers, and other necessary inputs [and that] [t]hose suppliers were also trade secrets," Hoffman Decl. ¶ 4, does not raise a genuine dispute of fact as to Vitamin Friends' lack of ownership in such trade secrets. See Villiarimo, 281 F.3d at 1061.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:23-cv-06597 CAS (MAAx) | Date | January 2, 2026 |
|---|---|---|---|
| Title | Sharon Hoffman et al. v. Goli Nutrition, Inc. et al. | | |

### B.    Motion to Dismiss

Because the Court grants the VMG parties' motion for summary judgment on Vitamin Friends' DTSA claim, dkt. 326, the Court need not decide the VMG parties' motion to dismiss plaintiffs' TAC, dkt. 316, with respect to Vitamin Friends' DTSA claim.

With respect to the VMG parties' motion to dismiss the second (fraud), third (breach of fiduciary duty), fourth (RICO), and seventh (intentional infliction of emotional distress) claims asserted in plaintiffs' TAC, the Court finds that these claims contain allegations identical to those underlying the claims in plaintiffs' SAC which the Court had already dismissed. See Dkt. 200 at 28 (dismissing the "second, third, fourth, and seventh claims" in plaintiffs' SAC). Accordingly, the Court dismisses the second, third, fourth, and seventh claims in plaintiffs' TAC with prejudice "because plaintiff[s] ha[ve] already been provided an opportunity to amend but [they] ha[ve] simply repeated the same [deficient] allegations." Tamrat v. Marlowe, No. 20-CV-07623-PJH, 2021 WL 1927445, at *2 (N.D. Cal. May 13, 2021). See also Schreiber Distrib. Co., 806 F.2d at 1401 (A court may dismiss a complaint with prejudice if "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the VMG parties' motion for summary judgment on Vitamin Friends' DTSA claim.

The Court **GRANTS** MeriCal's joinder in the VMG parties' motion for summary judgment on Vitamin Friends' DTSA claim.

The Court **DENIES** the VMG parties' motion to dismiss Vitamin Friends' DTSA claim as moot.

The Court otherwise **GRANTS** the VMG parties' motion to dismiss, with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |